

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JONATHAN C DAILEY
Vs.
SUNGAH PARK

C.A. No.   2005 CA 007586 B

**INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NATALIA COMBS GREENE
Date:   September 16, 2005
Initial Conference: 9:00 am, Friday, December 23, 2005
Location:   Courtroom 312
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio-60.doc

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| Jonathan C. Dailey | 05-0007580 |
|---|---|
| *Plaintiff* | |
| vs. | Civil Action No. |
| Sungah Park | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Name of Plaintiff's Attorney

3 Bethesda Metro Center, Suite 530
Address
Bethesda, MD  20814

301-718-1900
Telephone

By _____
Deputy Clerk

Date September 16, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,
5236 Nebraska Avenue, NW
Washington, DC 20015

   Plaintiff,

v.               Civil Action No. _____

SUNGAH PARK,
5055 Collins Avenue, Apt. 6C
Miami, Florida 33140

AYAL FACTOR,
5055 Collins Avenue, Apt. 6C
Miami, Florida 33140

   Defendants.

05-0007580



## COMPLAINT

COMES NOW the Plaintiff, Jonathan C. Dailey, pro se, and moves this Honorable Court for an Order of Judgment and other relief against the Defendants on the grounds and in the amount as hereinafter set forth.

## PARTIES

1. Plaintiff Jonathan C. Dailey is a resident of the District of Columbia and resides at 5236 Nebraska Avenue, NW, Washington, D.C. 20015.

2. Defendant Sungah Park is a resident of Miami, Florida and resides at 5055 Collins Avenue, Apt. 6C, Miami, Florida 33140.

3. Defendant Ayal Factor is a resident of Miami, Florida and resides at 5055 Collins Avenue, Apt. 6C, Miami, Florida 33140. Defendant Ayal Factor is engaged in the practice of *inter*

*alia*, real estate speculation and making loans secured by real property. Defendant Factor is married to Defendant Sungah Park.

## STATEMENT OF MATERIAL FACTS

4. In or about the spring of 2003, Plaintiff conferred with his friend, Craig Tinsky, about options available to borrow equity from his property located at 1080 Wisconsin Avenue, NW, Apt. 2006, Washington, D.C. 20007 ("condominium").

5. Craig Tinsky introduced Plaintiff to Defendant Ayal Factor who had agreed to enter into a repurchase option contract which would allow Plaintiff to borrow equity in his condominium. Upon information and belief, Defendant Ayal Factor was unable to qualify for the mortgage required for the transaction.

6. In or about August, 2003, Plaintiff and Defendant Sungah Park entered into a Repurchase Option Contract ("Contract") for the condominium. Under the terms of the contract, Plaintiff sold the condominium to Defendant Sungah Park for $270,000.

7. All parties understood and agreed that the purpose of the Contract was to allow Plaintiff to borrow part of the equity in the condominium to pay for outstanding debts. The fair market value of the condominium at the time of the transaction was in excess of $400,000 and is currently valued at approximately $500,000.

8. Defendant Sungah Park purchased the condominium for $217,000 and Plaintiff paid $60,250 to Defendant Sungah Park for an option to repurchase the condominium within a three year period. During the course of the next two years, Defendant Ayal Factor received rental payments

from Plaintiff. Defendant Ayal Factor repeatedly assured Plaintiff over the two year period that he had no intention of denying Plaintiff's right of repurchase.

9. In or about February, 2005, an electrical fire broke out in the condominium. The fire originated in an outlet and the exact cause remains unknown. Defendant Sungah Park, as the owner of the condominium, was responsible for the structural maintenance of the condominium and for its restoration after the fire. The condominium was rendered uninhabitable.

10. Defendant Sungah Park was informed that the fire had rendered the condominium uninhabitable and that Plaintiff would have to secure alternative housing. Despite the constructive eviction, Plaintiff continued to pay rent.

11. Four months after the eviction, the condominium was not restored and thereafter Plaintiff did not pay rent while the condominium remained uninhabitable.

12. In or about March, 2005, Plaintiff notified Defendant Sungah Park, by and through Defendant Ayal Factor, of his desire to exercise his repurchase option. Defendant Factor refused to participate in the repurchase.

13. Thereafter, Defendant Sungah Park and Defendant Ayal Factor conspired to defraud Plaintiff and attempted to declare the Contract void and thereby deny Plaintiff his right to repurchase the condominium. By letter dated September 6, 2005, Defendant Sungah Park's attorney advised Plaintiff that his client contended that the repurchase option was void.

## COUNT ONE
### § 28-3904 - Unlawful trade practices

14. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

15. Defendant Sungah Park, by and through Defendant Ayal Factor, violated the District of Columbia Consumer Protection Statute, §§ 28-3904, et seq.

16. Defendant Sungah Park attempted to enforce an unconscionable provision of the Contract regarding Plaintiff's forfeiture of his right of repurchase; to wit: if a rent payment was late by thirty days, Plaintiff must exercise the repurchase option or else the Contract was void - with no notice to Plaintiff.

17. Defendant's attempt to enforce this unconscionable provision would lead to Defendant's unjust enrichment of approximately $300,000 to the detriment of Plaintiff.

18. The gross disparity between the purchase price of the condominium at the time of the transaction, *de facto* $219,000, and the actual value of the property, $500,000, is unconscionable.

## COUNT TWO
### § 26-1151.01 - Home Loan Protection

19. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

20. Defendant Sungah Park, by and through Defendant Ayal Factor, violated the District of Columbia Home Loan Protection Statute, §§ 26-1151.01, et seq.

21. The Contract by and between Defendant Sungah Park and Plaintiff is a covered loan under the Home Loan Protection Statute because it was a mortgage loan secured by the condominium.

22. As such, Defendant Sungah Park was required to comply with § 26-1152.10-12 and § 26-1152.2.

23. Defendant Sungah Parkl did not comply with the Home Loan Protection Statute and Plaintiff has suffered damages pursuant to § 26-1153.01, including actual damages and attorney fees and costs.

24. Pursuant to § 26-1153.01(c)(1), Plaintiff seeks reformation of the loan to remove the unfair term of forfeiture of the repurchase option and seeks injunctive relief.

## COUNT THREE
### Breach of Contract

25. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

26. Defendant Sungah Park, by and through the actions of Defendant Ayal, breached the Contract in the following manner:

> (a) Defendant Sungah Park and Defendant Ayal Factor conspired to deny Plaintiff his contractual right of repurchase after constructively evicting Plaintiff;
>
> (b) Defendant Ayal Factor repeatedly promised Plaintiff that neither he nor Defendant Sungah Park, would attempt to deny Plaintiff his right of repurchase and then acted to deny him the same; and

(c) Defendant Sungah Park and Defendant Ayal Factor breached a duty of good faith and fair dealing.

27. By the commission of one or more of the acts or omissions set forth in paragraph ¶ 26, Defendant Sungah Park and Defendant Ayal Factor breached the Contract with Plaintiff.

28. As a direct and proximate result of the commission of one or more of the acts or omissions set forth in ¶ 26 by Defendant Sungah Park and Defendant Ayal Factor, Plaintiff has suffered damages which include, but are not limited to loss of approximately $300,000 in equity in the condominium, $15,000 in improvements, $15,000 in rent that was not owed, and other similar damages.

## COUNT FOUR
### Declaratory Judgment

29. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

30. An actual and justiciable controversy exists between Plaintiff and Defendant Sungah Park and Defendant Ayal Factor as to the alleged forfeiture of the repurchase option.

31. Defendant Sungah Park and Defendant Ayal Factor conspired to deny Plaintiff his contractual right of repurchase after constructively evicting Plaintiff.

32. Plaintiff seeks a declaratory judgment that the unconscionable provision of the Contract is unenforceable, that the repurchase option was not forfeited, and that Defendant Sungah Park be ordered to sell the condominium to Plaintiff for $270,000.

## COUNT FIVE
### Promissory Estoppel

33. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

34. Defendant Sungah Park, by and through the actions of Defendant Ayal Factor, repeatedly promised Plaintiff that the repurchase nullification provision in the contract would not be enforced.

35. Plaintiff relied upon those representations after he was constructively evicted and did not exercise the repurchase option at that time. When Plaintiff did attempt to exercise the repurchase option in March, 2005, Defendant Sungah Park, by and through Defendant Ayal Factor, refused to participate in the repurchase process.

36. Defendant Sungah Park and Defendant Ayal Factor conspired to deny Plaintiff his contractual right of repurchase after constructively evicting Plaintiff.

37. Defendant Sungah Park is promissorily estopped from enforcing the unconscionable provision of the contract denying Plaintiff his right of repurchase.

## COUNT SIX
### *Quantum Meruit*

38. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

39. Plaintiff provided $60,250 to Defendant Sungah Park for an option to repurchase the condominium and sold the condominium nearly $300,000 below market value.

40. Plaintiff conferred a benefit upon Defendant under circumstances in which it would be inequitable for Defendant Sungah Park not to compensate Plaintiff therefore.

41. Defendant Sungah Park would be unjustly enriched if allowed to deny Plaintiff his right to repurchase the condominium under the unconscionable and unenforceable provision of the contract.

## COUNT SEVEN
### Interference with Contractual Relations - As to Defendant Ayal Factor Only

42. The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

43. Defendant Ayal Factor interfered with the contractual relations by and between Plaintiff and Defendant Sungah Park in the following manner:

> (a) Defendant Ayal Factor conspired with Defendant Sungah Park to deny Plaintiff his contractual right of repurchase after constructively evicting Plaintiff; and
>
> (b) Defendant Ayal Factor attempted through counsel to declare the Contract void and thereby deny Plaintiff his right to repurchase the condominium.

44. As a direct and proximate result of the commission of one or more of the acts or omissions set forth in ¶ 43 by Defendant Factor, Plaintiff has suffered damages which include, but are not limited to loss of approximately $300,000 in equity in the condominium, $15,000 in improvements, $15,000 in rent that was not owed, and other similar damages.

## COUNT EIGHT
### Specific Performance

45.     The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

46.     Under the terms of the Contract, Defendant Sungah Park was required to participate in Plaintiff's contractual right of repurchase.

47.     Defendant Sungah Park, by and through Defendant Ayal Factor, refused to participate in the repurchase transaction and conspired to deny Plaintiff his right of repurchase.

48.     Defendant Sungah Park must be ordered to specifically perform under the terms of the Contract and participate in the repurchase transaction and sell the condominium to Plaintiff for $270,000.

## COUNT NINE
### Constructive Trust

49.     The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

50.     Pursuant to the terms of the Contract, Defendant Sungah Park agreed to hold the condominium in trust for the benefit of the Plaintiff.

51.     Plaintiff seeks a declaration or order from the Court that the property was held in a constructive trust for the benefit of the Plaintiff.

52.     Defendant Sungah Park held the condominium in a constructive trust and breached a duty of good faith and fair dealing when Defendant attempted to declare the Contract void and thereby deny Plaintiff his right to repurchase the condominium.

## COUNT TEN
### Unjust Enrichment

53.     The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

54.     Plaintiff provided $60,250 to Defendant Sungah Park for an option to repurchase the condominium and sold the condominium nearly $300,000 below market value.

55.     Defendant Sungah Park received the full benefit of the contract but conspired to deny Plaintiff his contractual right of repurchase after constructively evicting Plaintiff;

56.     Defendant Sungah Park attempted to declare the Contract void and thereby deny Plaintiff his right to repurchase the condominium.

57.     Defendant Sungah Park would be unjustly enriched if allowed to deny Plaintiff his right to repurchase the condominium under the terms of the contract.

## COUNT ELEVEN
### Breach of Fiduciary Duty

58.     The allegations of the foregoing paragraphs are incorporated as if fully set forth herein.

59.     Pursuant to the terms of the Contract, Defendant Sungah Park had a fiduciary duty to hold the condominium in good faith.

60.     Defendant Sungah Park, by and though Defendant Factor, refused to participate in the repurchase transaction and conspired to deny Plaintiff his contractual right of repurchase.

Page - 10

61.     Defendant Sungah Park breached a duty of good faith and fair dealing when Defendant attempted to declare the Contract void and thereby deny Plaintiff his right to repurchase the condominium.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendants, jointly and severally, on the above Counts and in the following manner:

(a) Award Plaintiff compensatory damages of $400,000 on the above-stated Counts One, Two, Three, Six, Seven, and Ten.

(b) On the above-stated Counts Four, Five, Eight, Nine, and Eleven, declare the provision of the Contract that denies Plaintiff his right of repurchase unconscionable and unenforceable and order specific performance of repurchase.

(c) Award Plaintiff punitive damages of $500,000 based upon the conspiracy to defraud Plaintiff after his constructive eviction;

(d) Award Plaintiff appropriate pre-judgment interest;

(e) Award Plaintiff his attorney fees, costs and expenses incurred; and

(f) Award Plaintiff such other and further relief as may be appropriate in these circumstances.

## PRAYER FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury of all matters raised in this Complaint.

Respectfully Submitted,

_____
Jonathan C. Dailey, pro se
3 Bethesda Metro Center, Suite 530
Bethesda, Maryland 20814
(301) 718-1900
(301) 718-8359 (fax)