# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

## MARYLAND

|  |  |
|---|---|
| RAMIN BASSAM, et al., | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) Civil No.: 260909-V |
| DESIGN MATRIX, LLC et al., | ) |
| Defendants | ) |

## DEFENDANTS' DESIGN MATRIX, LLC, TEZZERA, LLC, ALEJANDRO DIAZ, TERRY R. DOWNS, DR. BRIAN T. SHEPARD AND COY E. BURNEY ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, the Defendants herein, **Design Matrix, LLC, Tezzera, LLC, Alejandro Diaz, Terry R. Downs, Dr. Brian T. Shepard and Coy E. Burney,** by and through Counsel, and pursuant to the Rules of Court, herein files the following Answer to the Complaint and states as follows:

Defendants generally deny the allegations contained in Plaintiff's Complaint and demands strict proof of such allegations.

Specifically, Defendants address each of the allegations contained in the Complaint as follows:

1. Defendants are without sufficient knowledge to either admit or deny the allegations in

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

1108 Chain Bridge Road
Suite 101
Fairfax, Virginia 22030

(703) 591-2985
Fax (703) 591-2965

1

paragraph 1 and as such, is denied.

2. Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 2 and as such, is denied.

3. Denied as phrased.

4. Defendants lack sufficient information to either admit or deny the statements contained in item 4 and as such, is deemed denied.

5. Denied as phrased.

6. Denied as phrased.

7. Denied as phrased.

8. Denied as phrased.

9. Denied as phrased.

10. Denied as phrased

11. Denied as phrased.

12. Denied as phrased.

13. Denied as phrased.

14. Denied as phrased.

15. Denied as phrased.

16. Denied as phrased.

17. Denied as phrased.

18. Denied as phrased.

19. Denied as phrased and Defendant demands strict proof thereof.

20. Denied in part and admitted in part. Defendant admits that Tezzara, LLC was

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

2

dissolved.   The remaining allegations are denied as phrased and Defendant demands strict proof thereof.

21. Defendant lacks sufficient knowledge of the allegation and/statement herein and as such, this allegation/statement is Denied  and Defendant demands strict proof thereof.

22. The statement contains a legal conclusion and is Denied as phrased and Defendant demands strict proof thereof.

23. Denied as phrased and Defendant demands strict proof thereof.

### Count 1.  Breach of Contract

24. Answers 1-23 are hereby incorporated as though fully repeated.

25. Denied as phrased.

26. Denied as phrased and Defendant demands strict proof thereof.

27. Denied as phrased and Defendant demands strict proof thereof.

**WHEREFORE,** Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

### Count II Derivative Shareholder  Action

29. Answers 1-27 are hereby incorporated as though fully repeated.

It is further noted that there is no numeral/paragraph 28.

30. Denied as phrased and Defendant demands strict proof thereof.

31. Denied as phrased and Defendant demands strict proof thereof.

32. Admitted to demands made only, any other allegation contained herein are denied

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

3

Defendant demands strict proof thereof.

33. Defendant lacks sufficient knowledge to either admit or deny this allegation and such, the same is Denied as phrased.

34. Denied, as phrased and Defendant demands strict proof thereof.

35. Denied and Defendants demand strict proof thereof.

**WHEREFORE**, Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

### Count III: Accounting

36. Defendant incorporates the responses to paragraphs 1-35 as though fully repeated.

37. Denied as phrased and Defendants demand strict proof thereof.

38. Denied as phrased and Defendants demand strict proof thereof.

39. Denied as phrased and Defendants demand strict proof thereof.

40. Denied as phrased and Defendants demand strict proof thereof.

41. Denied as phrased and Defendants demand strict proof thereof.

**WHEREFORE**, Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

### Count IV: Receivership

42. Paragraphs 1-41 are hereby incorporated as though fully repeated.

43. Denied as phrased and Defendants demand strict proof thereof.

44. Denied and Defendants demand strict proof thereof.

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
FAX (703) 591-2965

4

45. Denied and Defendants demand strict proof thereof.

46. Denied and Defendants demand strict proof thereof.

47. This paragraph contains a request for appoint of Plaintiff and/or a member of the Bar to act as receiver. As for an answer Defendant denies that a receiver need be appointed.

**WHEREFORE,** Defendants move that the Complaint filed against them herein be dismissed, that the request of Plaintiff to be appointed Receiver of Tezzera LLC and Design Matrix, LLC be denied, and that Defendant be awarded all costs and attorney's fees incurred on their behalf.

## Count V. Fraudulent Conveyances

48. Paragraphs 1-48 are incorporated herein by reference as though fully repeated.

49. Denied as phrased and Defendants demand strict proof thereof.

50. Denied as phrased and Defendants demand strict proof thereof.

51. Denied as phrased and Defendants demand strict proof thereof.

52. Denied as phrased and Defendants demand strict proof thereof.

53. Denied as phrased and Defendants demand strict proof thereof.

**WHEREFORE,** Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

## Count VI Breach of Fiduciary Duty

54. Defendant incorporates the responses to paragraphs 1-53 as though fully repeated.

55. Denied as phrased and Defendants demand strict proof thereof.

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

1103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
FAX (703) 591-2965

5

56. Denied as phrased and Defendants demand strict proof thereof.

57. Denied as phrased and Defendant demands strict proof thereof.

58. Denied as phrased and Defendants demand strict proof thereof.

59. Denied as phrased and Defendants demand strict proof thereof.

**WHEREFORE,** Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

## Count VII Constructive Trust

60. Defendants incorporate herein by reference paragraphs 1-59 as though fully repeated.

61. Denied as phrased and Defendants demand strict proof thereof.

**WHEREFORE,** Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

## Count VIII Civil Conspiracy

62. Paragraphs 1-61 are incorporated herein by reference as though fully repeated.

63. Denied and Defendants demand strict proof thereof.

64. Denied as phrased and Defendants demand strict proof thereof.

65. Denied and Defendants demands strict proof thereof.

66. Denied and Defendants demand strict proof thereof.

67. Denied and Defendants demand strict proof thereof.

**WHEREFORE,** Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

103 Chain Bridge Road
Suite 101
Fairfax, Virginia 22030

(703) 591-2985
Fax (703) 591-2965

### Count XI Fraud

68. Defendants incorporate the responses to paragraphs 1-67 as though fully repeated

69. Denied and Defendants demand strict proof thereof.

70. Denied as phrased Defendants demands strict proof thereof.

71. Denied as phrased and Defendants demand strict proof thereof.

72. Denied as phrased and Defendants demand strict proof thereof.

73. Denied as phrased and Defendants demand strict proof thereof.

74. Denied as phrased and Defendants demands strict proof thereof.

**WHEREFORE**, Defendants move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

### GROUNDS OF DEFENSE AS TO ALL ALLEGATIONS

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiffs' lack standing to pursue some of or all of the claims alleged.

3. Plaintiffs' claims are barred by the statute of limitations.

4. Plaintiffs' claims are barred, in whole or in part, by their failure to provide timely notice.

5. Plaintiffs' claims are barred, in whole, or in part, by fraud.

6. Plaintiffs' claims are barred, in whole, or in part, by waiver.

7. The Plaintiffs' claims are barred, in whole or in part, by estoppel.

8. The Plaintiffs' claims are barred, as a result of Plaintiffs' failure to mitigate damages.

CARTER & OBREGÓN, P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22080

(703) 591-2985
Fax (703) 591-2965

7

9. The Plaintiffs claims are barred, in whole or in part, by release.

10. The Plaintiffs' claims are barred, in whole or in part, by the Statue of Frauds.

11. The Plaintiffs' claims are barred, in whole or in part, by collateral estoppel.

12. Defendants further state that there was a novation and/or an oral modification with respect to any alleged contract/claim.

13. Plaintiffs' claims are barred by unclean hands.

14. Plaintiffs' claims are barred by mis-representation.

15. Plaintiffs' claims are barred by lack of consideration.

16. Plaintiffs' claims are barred by breach of contract.

17. Plaintiffs' claims are barred by laches.

18. Defendants would state that the actions taken by Defendants were in compliance with the applicable corporate law governing Limited Liability Company's in the State of Maryland.

19. Defendant's would state that the parties oral agreement was different than the agreement as represented by Plaintiff, and that the Defendant performed under the oral agreement and that the Defendant breached the oral agreement.

20. That the Defendant Ramin Bassam, was the third party beneficiary of an agreement between the defendant's and his father William Aly Bassam, and that there was a failure of consideration and breach of that agreement by William Aly Bassam, so that Ramin Bassam's interest in Tezzera was invalid and/ or forfeited.

21. Defendants shall further rely on the following defenses:

All grounds of defense applicable in law and equity including, but not limited to, statute

CARTER & OBREGÓN,
Pl.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

8

of limitations, accord and satisfaction, assumption of risk, fraud, duress, lack of consideration, mistake, novation, breach of oral contract, breach of oral agreement, wavier, laches, modification of the agreement of the parties, accident, failure to mitigate damages, unclean hands, that Defendants' did not/have not committed the wrongs as alleged in the Complaint, did not make misrepresentations as alleged, and these Defendants reserve the right to supplement and add to these defenses that may apply to the case up to and including the time for trial.

**WHEREFORE** Defendants, move that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf.

**Defendants**

**Design Matrix, LLC**
**Tezzera, LLC**
**Alejandro Diaz**
**Terry R. Downs**
**Dr. Brian T. Shepard**
**Coy E. Burney**

·**Respectfully Submitted By Counsel,**

**CARTER & OBREGON, PLLC**

**JOHN E. CARTER, ESQ.**
**4103 Chain Bridge Rd., Suite 101**
**Fairfax, Va. 22030**
**Tel: (703) 591-2985**
**Fax: (703) 591-2965**
**Counsel for Defendants**

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

9

## Jury Demand

The Defendant demands a jury trial as to all issues herein susceptible thereto.

JOHN E. CARTER, ESQ.

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

## MARYLAND

| | |
|---|---|
| RAMIN BASSAM, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) |
| **vs.** | ) |
| | ) Civil No.: 260909-V |
| DESIGN MATRIX, LLC et al., | ) |
| | ) |
| **Defendants** | ) |
| | ) |
| | ) |

## COUNTERCLAIM

**COMES NOW** the Defendants/Counter Plaintiffs, Design Matrix, LLC, Terry Downs, Alejandro Diaz, Dr. Brian Shepherd, and Coy Burney, and Tezzara, LLC, by and through counsel, for its Counterclaim against the Plaintiffs, Ramin Bassam, individually and for the use and benefit of Tezzera, LLC, and states as follows:

1. Defendant/Counter Plaintiff, Alejandro Diaz is a resident citizen of Silver Spring, Maryland.

2. Defendant/Counter Plaintiff Terry Downs is a resident citizen of the Commonwealth of Virginia.

3. Defendant/Counter Plaintiff Coy E. Burney is a resident citizen of Silver Spring, Maryland.

4. Defendant/Counter Plaintiff Dr. Brian Shepard is a resident citizen of Silver Spring,

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

Maryland.

5. Defendant/Counter Plaintiff Tezzera LLC, is a Maryland limited liability company that owns or owned real property in Montgomery County, Maryland.

6. That the Defendant/Counter Plaintiff Design Matrix, LLC, is a Maryland limited liability company that is engaged in business in Montgomery County, Maryland.

7. Plaintiff/Counter Defendant Ramin Bassam is a resident citizen of the Commonwealth of Virginia.

8. Use/Benefit Plaintiff/Counter Defendant Tezzera LLC, is a Maryland limited liability company that owns or owned real property in Montgomery County, Maryland.

9. That William Aly Bassam and Sheila Bassam are residents of the Commonwealth of Virginia and are the parents of Ramin Bassam.

## FACTS:

10. Tezzera, LLC was originally formed on April, 2001, for the purposes of purchasing and, renovation and resale of real estate.

11. Defendants, Downs, Diaz, Burney and Shephard (hereinafter also known as the "partners") are the original owners of Tezzera, LLC, hereinafter referred to as "Tezzera".

12. In April, 2001, an oral operating agreement was made amongst the parties herein, such agreement stating that each member would own a 25% share of the company and each member would further contribute equally to the funding of Tezzera, LLC. Further, it was agreed

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

3108 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

that each member would put up and/or otherwise, use their own real and personal property, as collateral to secure a loan for the purpose of purchasing real estate.

13. That on or about March 4, 2002, Tezzera contracted to purchase land in Silver Spring, Maryland, known as 8360 Fenton St., 900 Bonifant St., and 902 Bonifant St., Silver Spring, Maryland for $1,800,000.00. The four partners of Tezzera planned on obtaining a loan from Columbia Bank to finance the purchase and also planed on obtaining other commercial financing by using their homes as collateral to use as down payment money and working capital. Tezzera planned on acquiring the subject property and developing, constructing and eventually selling 24 condominium units on the site. Tezzara members included architects and a general contractor.

14. Tezzera and the partners needed additional capital and an additional partner with a strong financial statement to help obtain the bank financing necessary to complete the project. In May, 2002, the Tezzera LLC Financial Plan was presented to William Bassam and William Bassam was otherwise approached to invest in the project.

15. In May, 2002, William Bassam agreed to put up capital for this venture and otherwise represented to the Defendant/Counter Plaintiffs' that he had the means to and/or would do whatever was necessary to secure the financing for this venture. Mr. Bassam agreed to be a 20% equity partner in Tezzara with the existing members. He agreed to invest an equal amount of capital as the other members and agreed to pledge his real and personal property for collateral on the loan need ed to purchase the property and otherwise agreed to by a guarantor on the loans

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4108 Chain Bridge Road
Suite 101
Fairfax, Virginia 22030

(703) 591-2985
Fax (703) 591-2965

necessary to obtain and construct the subject property in Silver Spring.  Mr. Bassam's wife also agreed to consign any loan documents as required by any financial institutions and to also sign to pledge jointly owned property as security for and as the collateral for the acquisition and construction loan for the project.  The parties had an oral operating agreement shareholder or unit holder agreement that contained the above provisions

16.  That in June, 2002, all members of "Tezzera", including William Bassam and Sheila **Bassam**, submitted financial information to Columbia Bank and to G & G, LLC, a private equity lender in Virginia, for a Loan, and/or otherwise submitted a loan application to obtain necessary funding for the purchase and development of the real estate.  Loan commitments were drawn up by both lending entities that include William and Sheila Bassam as signatories and guarantors for the loans including pledges of their primary residence in Virginia as collateral for the G&G loan. All the members agreed to use their primary residences as collateral for this commercial loan from G & G, LLC.  William Bassam invested $12,500.00 as part of a loan to Tezzera on or about this time.

17.  That on  June 17, 2002, Columbia Bank set for the terms of the loan for $5,800,000.00, to include the signature of the members spouses.  Also, on June 14, 2002, G & G LLC drafted a loan commitment and fee agreement that stated the terms of the $700,000 commercial loan that included a signature line for William Bassam and a condition that William Bassam's wife would need to sign as guarantor and on a  deed of trust securing the loan with the Bassam's primary residence at 6253 Alforth Ave, Alexandria, Virginia

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

1103 Chain Bridge Road
Suite 101
Fairfax, Virginia 22080

(703) 591-2985
Fax (703) 591-2965

18. That on July 22, 2002, The Columbia Bank tendered a loan commitment to "Tezzera" setting forth the terms of the loan which included a signature line for every member, including William Bassam and for every members spouse, including Sheila Bassam.

19. That during June and July of 2002 William Bassam discussed with the partners that he wanted a written agreement that set out his ownership interest in the business endeavor. William Bassam requested that this document indicate that he is a partner in Tezzera before he and his wife would sign on the Columbia Bank Loan and the G&G LLC Loan.

20. During July, 2002 Mr. Bassam then requested that his son, Ramin Bassam, be named as his representative in Tezzera LLC, and that he, William Bassam, would provide the financial backing for Ramin Bassam's. In fact a one page document was prepared stating that Ramin Bassam was a member and 20% owner of Tezzera. At the same time, the parties oral agreement was that as long as Mr. William Bassam and his wife Sheila Bassam, signed as guarantors on the Colombia bank Loan and signed as guarantor and on a deed of trust securing the G & G loan with the Bassam's primary residence at 6253 Alforth Ave, Alexandria, Virginia, that they could substitute Ramin Bassam for William Bassam as a member of Tezzera

21. That immediately after the execution of the one page agreement on July 22, 2002 stating that Ramin Bassam was a 20% owner of Tezzera, William Bassam and Sheila Bassam refused to execute the Columbia Bank commitment letter dated July 22, 2002.

22. Because of the failure of William Bassam and Sheila Bassam to guarantee The

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
FAX (703) 591-2965

Columbia bank loan, the loan was turned down. The partners attempted to obtain another co-guarantor but were unsuccessful.

23. Because the loan was then turned down by Columbia Tezzera then sought other financing and submitted another application to G&G, LLC. to obtain an additional $1,500,000.00

24. That on 8/6/02 William Bassam again refused to sign as a guarantor on Financing in financing from G&G LLC so Tezzara and the partners would not default on the purchase contract for the Silver Spring Property. Additionally, G&G, LLC insisted that they be a 20% partner in the business deal as well. On 9/24/02, in order to prevent a default on the sales contract for purchase of land in silver Spring, MD., the partners agree and sign the loan papers with G&G LLC as the lender and 20% partner to acquire property on behalf of Tezzera LLC. William Bassam also refused to sign as a Guarantor on this agreement.

25. That on 11/9/02, a meeting was held with the partners and William and Ramin Bassam. The meeting outlined options for how the Bassam's might continue to participate in Tezzera LLC. The Bassams stated that they would send the documents on to their attorney to discuss the options.

26. That on 11/9/02, Ramin Bassam at the same meeting threatened the life of Coy Burney.

27. That neither William, Sheila nor Ramin Bassam ever put any more money into the

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

transaction other than the original $12,500.00 and that none of the Bassam signed as guarantors on any of the loans taken out by the partners to acquire and develop the property as they had previously agreed to do.

28.  That William Bassam and Sheila Bassam did willfully and purposely breach the oral agreement made with the Defendant/Counter Plaintiffs herein by their failure to sign the Loan Commitment Guaranty with Columbia Bank and the loan documents with G&G, LLC.

29.  That the Counter Plaintiffs suffered damages by the Bassams above detailed conduct, including but not limited to the difference between the interest rate of 5.5% and 12% on $1,500,000.00 as well as additional points and loans costs.  Additionally, the partners had to admit G&G, LLC as a 20% partner, subsequently had to buy G&G out of the transaction for additional monies that the partners had to borrow and had to admit another individual as a 20% partner.  The damages that the Counter Plaintiff's have incurred are continuing and on-going even up to the filing of this Counterclaim.

## COUNT 1

### BREACH OF CONTRACT

CARTER & OBREGÓN, P.L.L.C.
ATTORNEYS AT LAW
4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

30.  Paragraphs 1-29 are incorporated herein as though fully repeated.

31.  The Defendants/Counter Plaintiffs' herein, relying upon the agreement and representations of William and Sheila Bassam and Plaintiffs/Counter Defendant, performed all

obligations as agreed upon.

32.  That the action William and Sheila Bassam and of the Defendants/Counter Plaintiffs, in failing to sign the Loan Commitment with Columbia Bank and with G&G, LLC as well as their failure to contribute the equal amount of operating capital, constituted a breach of contract for which each of these Defendants/Counter Plaintiffs' have suffered damages.

33.  That William and Sheila Bassam and the Plaintiff/Counter Defendant fraudulently induced the partners to add Ramin Bassam as a member by making representations that were false and that neither he nor his parents ever intended to follow through on.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

a.      Enter a judgment against Plaintiffs/Counter Defendant and Ramin Bassam in the amount of $2,000,000.00;

b.      Award to the Defendants/Counter Plaintiffs herein allowed costs, prejudgment interest and attorney's fees;

c.      And for such other and further relief as this court deems just.

## COUNT II

### CIVIL CONSPIRACY

Paragraphs 1-33 are incorporated herein as though fully repeated

34.  That William and Sheila Bassam did promise to guarantee and put up their real property as collateral for the commercial loan, guarantee the Columbia Bank acquisition loan, and contribute equally to all operating capital in exchange for a 20% ownership in the LLC.

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

35. That the Plaintiffs/Counter Defendant did then conspire together with William Bassam and/or William and/or Sheila Bassam by demanding that Defendants/Counter Plaintiffs sign a document providing for 20% ownership of Tezzera and then failing to perform as agreed.

35. That the Plaintiffs/Counter Defendant and William and Sheila Bassam did not put up their real estate as promised but rather performed a bait and switch by their actions, which was an unlawful act intended to deprived the Defendant/Counter Plaintiffs of some of their property and profits.

37. That as a result of the civil conspiracy by the Plaintiffs/Counter Defendants, your Defendants/Counter plaintiffs' have suffered damages.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

A.     Enter a judgment against Ramin Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.     Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.     And for such other and further relief as this court deems just.

CARTER & OBREGÓN, P.L.L.C.
ATTORNEYS AT LAW

4103 Chain Bridge Road
Suite 101
Fairfax, Virginia 22030

(703) 591-2985
Fax (703) 591-2965

## COUNT III

### INTERFERENCE WITH ECONOMIC RELATIONSHIP

38. Paragraphs 1-37 are incorporated herein as though fully repeated

39. That William and Sheila Bassam and the Plaintiffs/Counter Defendants did willfully breach the oral contract with the Defendants Counter Plaintiff, such breach calculated to cause the damages and losses complained of herein.

40. That William and Sheila Bassam and the Plaintiffs/Counter Defendants willful acts were without justification and otherwise has caused damages and injuries to the Defendants/Counter Plaintiffs herein.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

A.  Enter a judgment against Ramin Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.  Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.  And for such other and further relief as this court deems just.

## COUNT IV

### INTERFERENCE WITH CONTRACT

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW
4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

41. Paragraphs 1-40 are incorporated herein as though fully repeated

42. That the Plaintiffs/Cross Defendants did intentionally and willfully persuade William

and Sheila Bassam to breach their contract with the Defendants/Cross Plaintiffs by their refusal to sign certain loan documents despite their promises to do so.

43. That the Plaintiffs/Cross Defendants knew that their refusal to honor their promises to sign the loan documents would cause the Defendants/Cross Plaintiffs to default on their contract and/or otherwise cause the loan to be withdrawn and/or terminated.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

A.   Enter a judgment against Plaintiffs/Counter Defendants, Ramin Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.   Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.   And for such other and further relief as this court deems just.

## COUNT V

### NON-DISCLOSURE OR CONCEALMENT

44. Paragraphs 1-43 are incorporated herein as though fully repeated.

45. That the Plaintiffs/Counter Defendant did intentionally, willfully, and knowingly, induce the Defendants/Counter Plaintiff to sign a document adding the Plaintiff/Counter Defendant to the Tezzara LLC when he knew that William and Sheila Bassam were not going to

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

follow through on their agreement with the Defendants/Counter Plaintiffs to sign the necessary documents, loan applications, loan documents and the like, to secure financing for the project.

46. Plaintiff/Cross Defendants further knew that the Defendants/Cross Plaintiffs were relying on the statements made by William and Sheila Bassam.

47. Plaintiffs/Cross Defendants had a duty of care to the Defendants/Cross Plaintiff based upon their fiduciary and contractual relationship. This duty required the transmittal of accurate and truthful information from the Plaintiffs/Counter Defendants. Because of their false information and/or concealment Defendants/Counter Plaintiffs were not able to obtain the original loan with Columbia Bank and were otherwise damaged as stated herein.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

A.     Enter a judgment against Plaintiffs/Counter Defendants, Ramin Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.     Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.     And for such other and further relief as this court deems just.

## COUNT VI

## FRAUD/DECEIT

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

48. Paragraphs 1-47 are incorporated herein as though fully repeated

49. Upon information and belief, at all times herein, the statements made by William and Sheila Bassam and the Plaintiffs/Counter Defendants were false representations of a material fact, which the Bassam's knew were false and which were made with the intentions of having the Defendants/Cross Plaintiffs act and rely upon the Plaintiffs/Cross Defendants statements and actions.

50. That the Defendants/Cross Plaintiffs proceeded to attempt to obtain a loan with for the purpose of purchasing real estate based on those false representations and were damaged by their reliance on those representations.

51. That William and Sheila Bassam's and the Plaintiffs/Cross Defendants refusal to sign any loan documents securing the loan for the purchase of real estate caused the Defendant Cross plaintiff's damage.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

A.   Enter a judgment against Plaintiffs/Counter Defendants, Ramin Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.   Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.   And for such other and further relief as this court deems just.

## COUNT VII

## FALSE REPRESENTATION

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
FAX (703) 591-2965

52. Paragraphs 1-51 are incorporated herein as though fully repeated

53. That William and Sheila Bassam's and the Plaintiffs/Cross Defendants did deliberately, willfully, and spitefully represent to the Defendants/Cross Plaintiffs that they would sign loan documents and put up their personal real estate to secure a loan to purchase real estate, if he, the Plaintiffs/Cross Defendants were given an equal percentage of the LLC.

54. That the Plaintiffs/Cross Defendants made such representations while knowing that they did not intend to fulfill their part of the agreement.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

A.    Enter a judgment against Plaintiffs/Counter Defendants, Ramin Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.    Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.    And for such other and further relief as this court deems just.

## ASSAULT

55. Paragraphs 1-54 are incorporated herein as though fully repeated

56. That on or about 11/9/02 William Bassam did threaten to kill Coy Burney.

57. That the threat caused Coy Burney to be in fear for his life and was placed in a position of fear of imminent harm.

WHEREFORE, Defendants/Counter Plaintiffs prays that this Court:

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

A.      Enter a judgment against Plaintiffs/Counter Defendants, William Bassam in the amount of $2,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages;

B.      Award to the Defendants/Counter Plaintiffs herein all costs, prejudgment interest and attorney's fees;

C.      And for such other and further relief as this court deems just.

**WHEREFORE** Defendants/Cross-Plaintiff, moves that the Complaint filed against them herein be dismissed, with an award of costs and attorney's fees incurred on their behalf and that they be awarded judgment as prayed so above, as well as their costs, pre-judgment interest and attorney's fees and such other relief as may be just.

 

**Defendants**
**Design Matrix, LLC**
**Tezzera, LLC**
**Alejandro Diaz**
**Terry R. Downs**
**Dr. Brian T. Shepard**
**Coy E. Burney**

**Respectfully Submitted By Counsel,**

**CARTER & OBREGON, PLLC**

_John E. Carle_

**JOHN E. CARTER, ESQ.**
**4103 Chain Bridge Rd., Suite 101**

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965

Fairfax, Va. 22030
Tel: (703) 591-2985
Fax: (703) 591-2965
Counsel for Defendants

## Jury Demand

The Defendant demands a jury trial as to all issues herein susceptible thereto.

_____
JOHN E. CARTER, ESQ.

CARTER & OBREGÓN,
P.L.L.C.
ATTORNEYS AT LAW

4103 CHAIN BRIDGE ROAD
SUITE 101
FAIRFAX, VIRGINIA 22030

(703) 591-2985
Fax (703) 591-2965