IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,              :

         Plaintiff,            :

                                 :

v.                                  :

                                   :

SUNGAH PARK,               :         Case No.: 1:05-CV-02012

                                   :         Judge Ricardo M. Urbina

and                                 :

                                   :

AYAL FACTOR,            :

         Defendants.       :

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

COMES NOW THE DEFENDANTS, Sungah Park ("Park") and Ayal Factor ("Factor") (collectively the "Defendants"), by counsel, and hereby file their Answer to the Complaint. In addition, pursuant to Fed. R. Civ. Proc. 13, Park asserts a Counterclaim against the Plaintiff, Jonathan C. Dailey ("Dailey"). In support of their Answer, the Defendants state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff has waived, released or is otherwise estopped from asserting the claims alleged in the Complaint.

### THIRD DEFENSE

To the extent that the Complaint seeks equitable relief, the Plaintiff's claims are barred in whole or in part by the doctrine of "unclean hands."

## FOURTH  DEFENSE

The Plaintiff's claims are barred by the Statute of Frauds.

## FIFTH  DEFENSE

To the extent that a contract exists, the Plaintiff's claims are barred by the Plaintiff's

breach of, and failure to perform under, that contract.

## SIXTH  DEFENSE

To the extent that a contract exists, the Plaintiff's claims are barred by the occurrence of a

condition that barred any right Plaintiff had to re-purchase the condominium.

## SEVENTH  DEFENSE

Reliance by the Plaintiff, if any, was not reasonable.

## EIGHTH  DEFENSE

To the extent that a contract exists and Plaintiff seeks equitable relief from a contract that

he drafted, the Plaintiff's claims are barred as Plaintiff stands in pari delicto with Ms. Park.

## NINTH  DEFENSE

To the extent that a contract exists, that contract was not a "Covered Loan" within the

meaning of the D.C. Home Loan Protection Act.

## TENTH  DEFENSE

To the extent that a contract exists and Plaintiff argues that the contract was modified,

there was a failure of consideration for the modification.

## ELEVENTH  DEFENSE

The Defendants deny any and all allegations set forth in the Complaint to the extent that

the Defendants do not specifically respond to those allegations elsewhere in this Answer.

## TWELFTH DEFENSE

In response to the specifically-enumerated allegations set forth in the Complaint, the Defendants state as follows:

1.      The Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 1 of the Complaint.  By way of further Answer, the Defendants state that they believe that the Plaintiff resides somewhere in the District of Columbia.

2.      The Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3.      The Defendants admit the allegations set forth in the first sentence of Paragraph 3 of the Complaint.  The Defendants deny the allegations set forth in the second sentence of Paragraph 3 of the Complaint.  The Defendants admit the allegations set forth in the third sentence of Paragraph 3 of the Complaint

4.      The Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 4 of the Complaint.

5.      In response to the allegations set forth in the first sentence of Paragraph 4 of the Complaint, the Defendants admit only that Mr. Craig Tinsky introduced Plaintiff to Mr. Factor. All other allegations of the first sentence of paragraph 4 are denied.  The Defendants deny the allegations set forth in the second sentence of Paragraph 5 of the Complaint.

6.      The Defendants deny the allegations set forth in the first sentence of Paragraph 6 of the Complaint as stated.  By way of further Answer, the Defendants state that the terms of any written contract speak for themselves and not as characterized by Plaintiff, and Plaintiff has failed to attach to the Complaint the alleged "Repurchase Option Contract" and the contract of sale.  The Defendants deny the allegations set forth in the second sentence of Paragraph 6 as stated.

7.      The allegations contained in Paragraph 7 require Defendants to accept as true the allegations of Paragraph 6, which are denied, in part due to vague pleading by the Plaintiff. Accordingly, the Defendants deny the allegations set forth in the first sentence of paragraph 7. The Defendants deny the allegations set forth in the second sentence of paragraph 7.

8.      In response to the allegations set forth in the first sentence of Paragraph 8 of the Complaint, the Defendants admit only that Park purchased the condominium from Plaintiff. All other allegations set forth in the first sentence of Paragraph 8 are denied.   In response to the allegations set forth in the second sentence of Paragraph 8 of the Complaint, the Defendants admit only that Park received rental payments from Plaintiff. All other allegations set forth in the second sentence of Paragraph 8 are denied. The allegations set forth in the third sentence of Paragraph 8 are denied as stated.

9.      The Defendants are without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 9 of the Complaint. The allegations set forth in the second sentence of Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required. The Defendants are without sufficient information to admit or deny the allegations set forth in the third sentence of Paragraph 9 of the Complaint.

10.     The Defendants deny the allegations set forth in the first sentence of Paragraph 10 of the Complaint. The allegations set forth in the second sentence of Paragraph 10 state call for a legal conclusion to which no response is required.

11.     The allegations set forth in Paragraph 11 of the Complaint state legal conclusions for which no responses are required.

12.     The Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.    The allegations contained in the first sentence of Paragraph 13 of the Complaint call for legal conclusions to which no responses are required.  In response to the allegations set forth in the second sentence of Paragraph 13 of the Complaint, the Defendants admit only that their counsel sent a letter to Plaintiff on September 6, 2005.  The terms of that letter speak for themselves and not as characterized by Plaintiff.

COUNT ONE<br>Unlawful Trade Practice

14.    The Defendants incorporate their responses to the allegations of Paragraphs 1 through 13 of the Complaint.

15.    The Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.    The allegations set forth in Paragraph 16 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.    The allegations set forth in Paragraph 17 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.    The allegations set forth in Paragraph 18 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

COUNT TWO<br>Home Loan Protection

19.    The Defendants incorporate their responses to the allegations of Paragraphs 1 through 18 of the Complaint.

20.    The Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     The allegations set forth in Paragraph 21 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     The allegations set forth in Paragraph 22 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     The allegations set forth in Paragraph 23 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     The allegations set forth in Paragraph 24 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

COUNT THREE
Breach of Contract

25.     The Defendants incorporate their responses to the allegations of Paragraphs 1 through 24 of the Complaint.

26.     The allegations set forth in Paragraph 26 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     The allegations set forth in Paragraph 27 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     The allegations set forth in Paragraph 28 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

COUNT FOUR
Declaratory Judgment

29.     The Defendants incorporate their responses to the allegations of Paragraphs 1 through 28 of the Complaint.

30.     The allegations set forth in Paragraph 30 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     The allegations set forth in Paragraph 31 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     The allegations set forth in Paragraph 32 contain a request for relief.  The Defendants deny that  Plaintiff is entitled to the relief requested.

COUNT FIVE
Promissory Estoppel

33.     The Defendants incorporate their responses to the allegations of Paragraphs 1 through 32 of the Complaint.

34.     The Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     The allegations set forth in Paragraph 35 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     The allegations set forth in Paragraph 36 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     The allegations set forth in Paragraph 37 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

COUNT SIX
Quantum Meruit

38.     The Defendants incorporate their responses to the allegations of Paragraphs 1 through 37 of the Complaint.

39.     In response to the allegations of Paragraph 39, the Defendants admit only that Plaintiff paid an amount to Ms. Park.  The Defendants deny all other allegations set forth in Paragraph 39 of the Complaint.

40.     The allegations set forth in Paragraph 40 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     The allegations set forth in Paragraph 41 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

COUNT SEVEN
Interference with Contractual Relations – As to Factor Only

42.     Factor incorporates his responses to the allegations of Paragraphs 1 through 41 of the Complaint.

43.    The allegations set forth in Paragraph 43 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, Factor denies the allegations set forth in Paragraph 43 of the Complaint.

44.    The allegations set forth in Paragraph 44 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, Factor denies the allegations set forth in Paragraph 44 of the Complaint.

COUNT EIGHT<br>Specific Performance

45.    The Defendants incorporate their responses to the allegations of Paragraphs 1 through 44 of the Complaint.

46.    The allegations contained in Paragraph 46 require Defendants to accept as true the allegations of Paragraph 6, which are denied, in part due to vague pleading by the Plaintiff.  By way of further Answer, the Defendants state that the terms of any written contract speak for themselves and not as characterized by Plaintiff, and Plaintiff has failed to attach to the Complaint the alleged "Repurchase Option Contract" or any sales contract.  Accordingly, the Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.    The allegations set forth in Paragraph 47of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.    The allegations set forth in Paragraph 48 contain a request for relief.  The Defendants deny that  Plaintiff is entitled to the relief requested.

COUNT NINE<br>Constructive Trust

49.    The Defendants incorporate their responses to the allegations of Paragraphs 1 through 48 of the Complaint.

9

50.     The allegations contained in Paragraph 50 require Defendants to accept as true the allegations of Paragraph 6, which are denied, in part due to vague pleading by the Plaintiff.  By way of further Answer, the Defendants state that the terms of any written contract speak for themselves and not as characterized by Plaintiff, and Plaintiff has failed to attach to the Complaint the alleged "Repurchase Option Contract" or any sales contract.  Accordingly, the Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     The allegations set forth in Paragraph 51 contain a request for relief.  The Defendants deny that  Plaintiff is entitled to the relief requested.

52.     The allegations contained in Paragraph 52 of the Complaint call for legal conclusions to which no response is required.  To the extent response are required, the Defendants deny the allegations contained in Paragraph 52 of the Complaint.

COUNT TEN
Unjust Enrichment

53.     The Defendants incorporate their responses to the allegations of Paragraphs 1 through 52 of the Complaint.

54.     The Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     The allegations set forth in Paragraph 55 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     The Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     The allegations set forth in Paragraph 57 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, the Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## COUNT ELEVEN
### Breach of Fiduciary Duty

58.    The Defendants incorporate their responses to the allegations of Paragraphs 1 through 57 of the Complaint.

59.    The allegations set forth in Paragraph 59 require Defendants to accept as true the allegations of Paragraph 6, which are denied, in part due to vague pleading by the Plaintiff.  By way of further Answer, the Defendants state that the terms of any written contract speak for themselves and not as characterized by Plaintiff, and Plaintiff has failed to attach to the Complaint the alleged "Repurchase Option Contract" or any sales contract.  Accordingly, the Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.    The allegations set forth in Paragraph 60 of the Complaint call for legal conclusions to which no responses are required.  To the extent responses are required, the Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.    The Defendants deny the allegations set forth in Paragraph 61 of the Complaint.


WHEREFORE, having fully answered, the Defendants, Sungah Park and Ayal Factor, respectfully request that this Honorable Court dismiss the Complaint with prejudice, enter judgment against Plaintiff and in their favor as to all claims, and award the Defendants their attorney's fees and costs incurred herein (to the extent allowed by law), and grant such other relief as the Court deems just and proper.

## PARK'S COUNTERCLAIM AGAINST DAILEY

COMES NOW THE DEFENDANT/COUNTER-PLAINTIFF, Sungah Park ("Park"), by counsel, and files her Counterclaim against the Plaintiff/Counter-Defendant, Jonathan C. Dailey ("Dailey") pursuant to Federal Rule of Civil Procedure 13. In support of her Counterclaim against Dailey, Park states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Counterclaim pursuant to FRCP 13 and the doctrine of supplemental jurisdiction.

### THE PARTIES

2.      Park is a citizen of Florida residing at 5055 Collins Avenue, Apt. 6C, Miami, FL 33140.

3.      On information and belief, Dailey is a citizen of the District of Columbia who is believed to be residing at 1080 Wisconsin Avenue, N.W., Unit 2006, Washington, D.C. ("Premises").

### STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

4.      Park and Dailey entered into a Repurchase Option Contract ("RPO Contract") with Dailey.

5.      Dailey drafted the RPO Contract.

6.      It is not known whether the RPO Contract was signed by Dailey or Park. On information and belief, Dailey signed the RPO Contract but Park did not.

7.      Pursuant to the terms of the RPO Contract, Dailey was obligated to pay monthly charges to Park for rent of the Premises.

12

8.     The amounts of the monthly rental charges to be paid by Dailey were not clearly spelled out in the RPO, due in part to poor draftsmanship by Dailey. Nevertheless, the practice of the parties was for Park to inform Dailey about what the upcoming monthly charges would be.

9.     Dailey was obligated to pay, in advance, the monthly rental charges to Park on or before the first of each month.

10.    Dailey was repeatedly late in making his payments to Park by the first of the month as agreed.

11.    The RPO Contract provides that "[i]f the rent is more than thirty (30) days late, Seller [Mr. Jonathan C. Dailey] must exercise the repurchase option with [sic "within"] thirty (30) days thereafter or the Agreement is null and void."

12.    On multiple occasions, Dailey was more than thirty days late.

13.    On multiple occasions, Dailey failed to exercise the repurchase option within "thirty days thereafter."

14.    Dailey was advised repeatedly about the amounts past due, but he either ignored them or made up a laundry list of excuses as to why payment was delayed.

15.    On September 6, 2005, Park, by counsel, sent a letter to Dailey requesting that Dailey pay the amounts past due and notifying Dailey that the RPO Contract was terminated by its express terms.

16.    Dailey responded to the September 6, 2005 letter by letter dated September 8, 2005. In the September 8, 2005 letter, Dailey for the first time claimed that no rent was due as a result of a fire. In the same letter Dailey threatened to file a lawsuit against Park and further threatened to pursue aggressive discovery from Park into matters unrelated to his failure to pay rent.

17.     To date, Dailey has failed to pay not less than $15,168.04 in rent due to Park.

<u>COUNT I – BREACH OF CONTRACT</u>

18.     Paragraphs 1-17 of the Counterclaim are incorporated by reference as if fully set forth herein.

19.     The RPO Contract is a written contract between Park and Dailey.

20.     Dailey repeatedly breached the RPO Contract by failing to pay the amounts due to Park.

21.     Park has been damaged by, and continues to be damaged by, Dailey's breaches of, and default under, the RPO Contract.

22.     Dailey is liable to Park for all amounts past due under RPO Contract, for all amounts due as a result of his use and occupation of the Premises, and for all amounts due to Park through the date of judgment.

WHEREFORE, the Defendant/Counter-Plaintiff, Sungah Park, respectfully requests that this Honorable Court enter judgment on her Counterclaim against the Plaintiff/Counter-Defendant, Jonathan C. Dailey, for the following damages:

a.     unpaid rent totaling $15,168.04;

b.     prejudgment interest at the statutory rate;

c.     reasonable attorney's fees and costs (as allowed by law);

d.     all amounts due under the RPO Contract and/or for Dailey's use and occupation of the Premises through the date of judgment;

e.     any other damages that may be proven at trial;

14

f.      such further relief as is necessary to ensure justice herein.[1]

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: October 17, 2005

Richard W. Luchs, 243931
James D. Sadowski, 446635
Joshua M. Greenberg, 489323
1620 L Street, N.W.
Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

*Counsel for Defendants*
*Sungah Park and Ayal Factor*

---

[1]   It is likely that, when it has matured, Park will seek leave to file a supplemental pleading to assert a Counterclaim for possession of the Premises against Dailey with either this Court or with the Landlord & Tenant Branch of the District of Columbia Superior Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Answer to Complaint and Counterclaim was filed electronically with the Court and was sent via first class mail, postage prepaid, this _17th_ day of October, 2005 to the following person:

> Jonathan C. Dailey, Esq.
> 3 Bethesda Metro Center
> Suite 530
> Bethesda, MD  20814
> *Pro Se Plaintiff*

James D. Sadowski

272416v2

16