IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,

    *Plaintiff,*

v.

SUNGAH PARK, et al.,

    *Defendants.*

Case No.:  1:05-CV-02012
Judge Ricardo M. Urbina

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO INCREASE PROTECTIVE ORDER PAYMENTS

COME NOW THE DEFENDANTS, Sungah Park and Ayal Factor, by counsel, and hereby file their Reply to the Plaintiff's Opposition to the Defendants' Motion to Increase Protective Order Payments.  In support of their Reply, and in response to the Plaintiff's request for an evidentiary hearing on the protective order issue, the Defendants state as follows:

### BRIEF PROCEDURAL BACKGROUND

The Defendants have filed a Motion to Increase Protective Order Payments ("Motion").  In their Motion, the Defendants have requested that the monthly protective order payments be increased and that additional payments be made into the Court Registry by the Plaintiff, Jonathan Dailey ("Dailey").  Dailey has filed an Opposition to the Motion.  Dailey has also requested that the Defendants appear for an evidentiary hearing at the Scheduling Conference, which is currently set for February 23, 2006.  For the reasons that are discussed more thoroughly infra, Dailey's Opposition misstates the facts and fails to set forth any legally sufficient basis to overcome the arguments that the Defendants' have made to support an increase in the protective order payments.

LAW OFFICES
GREENSTEIN DELORME & LUCHS, P.C.
1620 L STREET, N. W.
SUITE 900
WASHINGTON, D.C. 20036-5605
AREA CODE 202-452-1400

ARGUMENT

> "When the facts are not on your side, argue the law.  When the law
> is not on you side, argue the facts.  When neither the facts nor the
> law are on your side, pound the table and scream for justice."

Law school adage (original source unknown).  In their Motion, the Defendants set forth the

appropriate legal standard that the Court must apply when deciding the amount of the protective

order as set forth in Bell v. Tsintolas Realty Co., 430 F.2d 474, 482 (D.C. Cir. 1970).[1]  Because

both the facts and the law are not on his side, in the Opposition Dailey has invented facts,

disregarded the legal standard, and in effect just pounded the table screaming for justice.  Dailey

pounds the table by sprinkling his Opposition with words and terms such as "fraud," "scheme,"

"fraud in the inducement," "unconscionable," and "shocks the conscience."[2]  While the

Opposition is filled with tough talk, is does not address the appropriate legal standard and in fact

offers further support for the Defendants' position.

1.    Dailey's Opposition Is Factually Inaccurate.

    The thrust of Dailey's factual assault on the Defendants' Motion is that the Defendants

want the protective order increased to cover a second mortgage.  Dailey is wrong.  Attached as

Exhibit A are loan statements from World Savings evidencing the amount of the September 2005

through January 2006 monthly interest and tax payments on the first mortgage for the Property.

Attached as Exhibit B are the statements from the condominium association evidencing the

amount of the monthly maintenance assessments.  The figures on those two Exhibits directly

correlate to the increase in the amount of the monthly protective order payments that the

---

[1]    Factors that the Court should consider when entering a protective order are:  (1) the amount of rent alleged to be due; (2) the number of months the landlord has not received even a partial rental payment; (3) the reasonableness of rent for the premises; (4) the amount of the landlord's monthly obligations for the premises; and (5) whether the landlord faces a substantial threat of foreclosure.  Dameron v. Capitol House Assocs. Ltd. P'ship, 431 A.2d 580, 583 n5 (D.C. 1981) (citing Bell, 430 F.2d at 484).

[2]    The term "fraud" and its derivative forms are used six times by Dailey on page 2 of the Opposition.

Defendants have sought. The Defendants have not asked Dailey to pay for a second mortgage on the house.[3] The Defendants have only sought to make Dailey pay the charges that he agreed to pay in the Repurchase Option Contract ("Contract"). This is the standard practice for protective orders.

2.    Dailey's Opposition is Legally Insufficient and It Concedes That All of the Protective Order Factors Have Been Met.

Dailey's Opposition concedes that each of the five factors that the Court should consider when fashioning a protective order are present.

a.    The First Protective Order Factor Has Been Conceded by Dailey.

The first protective order factor is the amount of rent alleged to be due. Dameron, 431 A.2d at 583, n5. There is no dispute that the Defendants have alleged that there are past amounts due for rent ($23,937.61 as of January 31, 2006). Dailey does not dispute that fact nor does he dispute that the Contract provides that he is obligated to pay mortgage interest, monthly maintenance fees, an add on fee, and late fees.

b.    The Second Protective Order Factor Has Been Conceded by Dailey.

The second protective order factor is the number of months the landlord has not received even a partial rental payment. Dameron, 431 A.2d at 583, n5. Dailey does not dispute that he has not paid rent for the past ten months, nor has he challenged the calculations that were itemized in Exhibit C to the Motion.

---

[3]    Prior to filing the Motion, the undersigned encouraged Dailey to discuss the Motion before it was filed. Dailey responded to that invitation with an e-mail message that said "file away." Had Dailey taken advantage of the invitation to discuss the Motion, the undersigned would have provided him with the documents that are not now attached as Exhibits A & B.

c.    The Third Protective Order Factor Has Been Conceded by Dailey.

The third protective order factor is the reasonableness of rent for the premises. Dameron, 431 A.2d at 583, n5. Dailey has not provided any evidence, other than his incorrect allegations concerning the second mortgage, that the monthly protective order amount sought by the Defendants is not reasonable.

d.    The Fourth Protective Order Factor Is Not in Controversy.

The fourth protective order factor is the amount of the landlord's monthly obligations for the premises. Dameron, 431 A.2d at 583, n5. Exhibits A and B, along with the Contract itself, clearly establish the accuracy of the Defendants' position on the current monthly obligations for the Property.

e.    The Fifth Protective Order Factor Has Been Conceded by Dailey.

The fifth protective order factor is whether the landlord faces a substantial threat of foreclosure. Dameron, 431 A.2d at 583, n5. In his Opposition, Dailey admits that he intentionally failed to pay the Minkoff Company for restoration work at the Property that he alone arranged to be performed. Dailey further concedes that he will not pay another $5,000 for clean-up work that he arranged to be performed. Accordingly, Dailey has conceded that the threat of foreclosure is real, that he will not take any steps to obtain a release of the mechanic's lien filed by the Minkoff Company, and that he will take no action to prevent further mechanic's liens from being filed against the Property.

3.    Dailey's Request for an Evidentiary Hearing at the Status Conference Is Inappropriate and Unnecessary.

In his Opposition, Dailey argues that Defendants must deposit with the Court an amount equal to what he claims he is owed for rent that he paid during the time frame that he claims that the Property was not habitable as a result of a fire. Dailey further claims that Defendant Park

4

was responsible for restoration costs and that she did nothing to restore the property to its

original condition. Dailey's assertions regarding restoration costs related to the fire are wrong

and are belied by the terms of the Contract, which provides that "Seller [Dailey] will be

responsible for all costs associated with maintenance of the condo, including repairs to the

interior of the unit or its components." More importantly, Dailey's allegations regarding the fire,

restoration costs, and back rent paid, even if they were true, are irrelevant to the decision that is

now before the Court, which is the establishment of a protective order based upon the existing

condition of the Property.[4] Dailey's Opposition also misconstrues the purpose of the protective

order device. The protective order device is not designed to allow a tenant to receive an advance

decision on whether the tenant is entitled to an offset against back rent that was paid. As the

Court may recall from having presided over the Landlord & Tenant docket in D.C. Superior

Court for a number of years, the only consideration that is ordinarily involved in the Court's

decision to consider a reduction in the amount of the protective order below the amounts set forth

in the written agreement is whether housing code violations currently exist, and if they do exist,

whether those housing code violations are substantial enough to warrant a reduction in rent. See,

Bell v. Tsintolas Realty Co., 430 F.2d 474, 483-85 (D.C. Cir. 1970). The appropriate way for

Dailey to address a reduction in the protective order based upon substantial housing code

violations, if there were any, would be to request what is known in landlord-tenant parlance as a

---

[4]    Dailey did not object to paying rent – and in fact paid rent -- during the time period that he claims the Property
was not habitable as a result of the fire. Dailey did not assert his "fire" defense to non-payment until after a demand
for payment was made upon him by Defendants' counsel in September of 2005. Dailey also took it upon himself to
arrange for all of the restoration work to be performed, which was not unusual given that Dailey intended to buy the
Property back later. Because he intended to repurchase the Property, Dailey wanted to oversee the restoration
efforts and make all decisions related to that effort. Dailey never asked or made demand upon the Defendants to
participate in that process.

<u>Bell</u> hearing. No <u>Bell</u> hearing is necessary in this case, however, because Dailey has conceded that the Property is habitable and he has <u>not</u> alleged that there are any housing code violations.[5]

Dailey simply has no valid factual or legal argument to counter the Defendants' position that the protective order should be set at an amount equal to the carrying costs for the Property. Likewise, the undersigned is not aware of any support in the vast case law discussing protective orders that would lend credence to Dailey's position that the Court can order the Defendants (the landlord) to pay money into the Court Registry because Dailey has alleged an offset claim. The protective order device is designed to protect <u>the landlord</u> during a period of prolonged litigation against a tenant's non-payment of rent. It is not designed to allow the tenant to use it as a sword. If Dailey's position were correct and tenants were allowed to use the protective order in the manner that he suggests, then no court could issue a protective order when the tenant claimed a large offset for back rent paid.[6]

4.    <u>The Mechanic's Lien Amount and the Amount for Other Unpaid Work Dailey Concedes is Owed Should Also Be Paid Into the Court Registry</u>.

For the reasons stated in the Motion, the Court should also order Dailey to pay into the Court Registry the amounts past due for all unpaid work that Dailey contracted to be performed in the Property. The flaws in Dailey's argument on those issues are easily exposed. Dailey concedes in his Opposition that the Defendants did not participate at all in Dailey's decision to hire contractors to perform the restoration and clean-up work. If the restoration work was the sole responsibility of the Defendants, as claimed by Dailey, then Dailey had absolutely no authority to engage the contractors to perform that work on his own. One person cannot obligate

---

[5]    The Property is brand new as it was reconstructed with new furnishings and appliances after the fire, so it is highly unlikely that any housing code violations exist.

[6]    Although Defendants believe that an evidentiary hearing is not needed as to the amounts owed under the Contract, Defendants will make themselves available by telephone if the Court has any questions for them.

another on a contract without the other person's permission or authority. Dailey has likewise offered no legally sufficient justification for why he has not paid the contractors for work that he unilaterally arranged to be performed. Dailey cannot have it both ways. If the restoration work was the Defendants' sole responsibility, then Dailey had no authority upon which to arrange for the work to be performed. The Defendants did not enter into any contracts for restoration or cleanup work -- Dailey did. Dailey must now live up to his contractual obligations to those contractors.

The Defendants firmly believe that Dailey should also be ordered to pay the back rent owed into the Court Registry (from May to August 2005) because that was either an express or an implied condition to Dailey's exercise of the repurchase option. However, Defendants are mindful of the fact that while requests for payment of back rent are frequently made by landlords' attorneys as part of a protective order, that type of request is usually only granted when exceptional circumstance are present. In order to narrow the scope of issues before the Court related to the dispute over the amount of the protective order, the Defendants will withdraw, without prejudice, their request that Dailey tender the back rent (from May to August 2005) as part of a protective order.

5.    <u>Dailey Has Willfully Failed to Comply With the Consent Protective Order Entered by the Court</u>.

On January 11, 2006, the Court entered a Consent Protective Order, signed by Dailey, ordering that Dailey pay the December 2005 and January 2006 protective order amounts of $1,500 each into the Court registry. Dailey, to date, has willfully failed to comply with the Consent Order as he has not paid anything into the Court Registry. When a tenant fails to comply with the terms of a protective order, "the precarious balance achieved [in a protective order] is seriously imperiled" and the Court may strike the tenant's pleadings and award a

7

judgment for possession to the landlord.  Mahdi v. Poretsky Management, Inc., 433 A.2d 1085, 1090 (D.C. 1981).  Accordingly, if the Court declines to grant the Motion, the Defendants respectfully request that the Court issue an order striking Dailey's defenses to nonpayment of rent and entering a judgment for possession against Dailey.  Dailey has, by his willful failure to comply with the Consent Order, forfeited his right to possession of the Property and seriously undermined the authority of this Court.  Id.[7]

### CONCLUSION

WHEREFORE, for these reasons, and for any reasons that may be advanced at a hearing on their Motion, Defendants respectfully request that the Court: (a) increase the protective order payment to $2,867.01 per month (retroactive to December 1, 2005); (b) Order Dailey to pay an additional $7,165.48 into the Court Registry to cover the mechanic's lien that has been placed on the Property; and (c) order Dailey to pay an additional $5,000 into the Court Registry for additional unpaid cleanup work that Dailey has conceded he owes to another contractor. Defendants alternatively request that the Court strike Dailey's pleadings as they relate to his defense to possession and enter a judgment for possession in favor of Defendant Park.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

James D. Sadowski, No. 446635
1620 L Street, N.W. - Suite 900
Washington, D.C.  20036-5605
202-452-1400
*Counsel for Defendants*

281565v1

---

[7]    Dailey is an attorney admitted to practice law before this Court and elsewhere in the District of Columbia.  As an attorney, Dailey has a heightened professional obligation – independent to his status as Plaintiff -- to comply with a valid court order.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Increase Protective Order Payments was filed electronically with the Court this 3rd day of February, 2006, and that the following person should receive notice electronically via the Court's ECF system:

> Jonathan C. Dailey
> 3 Bethesda Metro Center
> Suite 530
> Bethesda, MD 20814
> *Pro Se Plaintiff*

James D. Sadowski

281565v1

9