IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,

    *Plaintiff,*

v.

SUNGAH PARK, et al.,

    *Defendants.*

Case No.: 1:05-CV-02012
Judge Ricardo M. Urbina
Next Event:  Sched. Conf. 2/23/06

**DEFENDANTS' MOTION FOR JUDGMENT
BASED UPON PLAINTIFF'S WILLFUL FAILURE
TO COMPLY WITH THE CONSENT PROTECTIVE ORDER**

COME NOW THE DEFENDANTS, Sungah Park and Ayal Factor, by counsel, and move the Court to enter a judgment for possession based upon the Plaintiff's willful failure to make any protective order payments as required by the Consent Protective Order issued in this case. In support of their Motion, the Defendants state as follows:

BRIEF PROCEDURAL BACKGROUND

On January 11, 2006, the Court issued a Consent Protective Order ("Protective Order"). The Protective Order required that the Plaintiff, Jonathan C. Dailey ("DAILEY"), make payments into the Court Registry as follows:

    (a)    DAILEY was required to pay the January 2006 protective order payment of $1,500 by wire transfer on or before January 5, 2006;[1]

    (b)    DAILEY was required to pay the December 2005 protective order payment of $1,500 into the Court Registry by wire transfer within seven days from the date the Protective Order was entered (by January 18, 2006); and

---

[1] Defendants' counsel submitted the Consent Motion for Issuance of a Protective Order on December 22, 2005. The expectation was that the Order would be entered prior to January 5, 2006, with the understanding that DAILEY would make the January 2006 payment prior to January 5, 2006.

    (c)    DAILEY was required to pay the February 2006 protective order payment of $1,500 on or before February 6, 2006 (February 5th was a Sunday).

DAILEY has not made any of the required payments into the Court Registry. To make matters worse, DAILEY has repeatedly misled Defendants' counsel and this Court's staff as to when he would make the Protective Order payments.[2]

### DAILEY'S BROKEN PROMISES TO COUNSEL AND TO COURT STAFF

Prior to filing this Motion, the undersigned made repeated inquiries with DAILEY as to why he had not complied with the Protective Order. On January 31, 2006, DAILEY first indicated that he had not made the protective order payments because he was "waiting for Court personnel to return [his] call." See Exhibit A. On February 1, 2006, after the undersigned told DAILEY that he would be filing this Motion, DAILEY wrote: "Per your most recent e-mail, <u>I will be wiring the $3,000 within the next 48 hours and the additional $1,500 on the 5th</u>, so your motion for judgment on possession will be frivolous; of course, I oppose it and will seek sanctions if it is filed." See Exhibit B (emphasis added).

In an effort to avoid bringing this Motion, the undersigned waited to see if DAILEY would live up to his promises. On February 3, 2006, the undersigned (and his assistant) contacted Ms. Alfreda Ludd, Financial Administrator of the Court, to verify DAILEY's latest promise to make payment. Ms. Ludd informed the undersigned in a telephone call (at 4:33 p.m.) that she had previously sent DAILEY all of the information that he needed in order to make a wire transfer. Ms. Ludd also indicated that DAILEY had promised her too, earlier in the week, that he would be wiring the funds. See Exhibit C. DAILEY did not wire the funds, as promised.

---

[2] As the Court may have gathered from a review of the pleadings, the reason that this litigation exists is because of DAILEY's repeated failure to pay rent. DAILEY'S track record of promising, and then failing, to make payments is now not just limited to his rental obligations.

DAILEY has thus misled the undersigned and the Court's staff about when he would be making the Protective Order payments.

On February 16, 2006, when the undersigned again inquired with DAILEY as to why had not made the Protective Order payments, DAILEY stated in a telephone call that he would "make the payment in person" by "walking it in" on February 23, 2006, the date of the Scheduling Conference. In that same call, the undersigned informed DAILEY that he would be filing this Motion. DAILEY refused to consent to this Motion, did not provide any explanation, and said that he would explain his reasons for not making the payments to the Court at the Scheduling Conference on February 23, 2006.

## LEGAL ARGUMENT

A protective order is used to protect a landlord from "the severe disadvantages of foregoing rent during a period of prolonged litigation." Dameron v. Capitol House Assocs. Ltd. P'ship, 431 A.2d 580, 583 (D.C. 1981); Bell v. Tsintolas Realty Co., 430 F.2d 474, 482 (D.C. Cir. 1970). When a tenant fails to comply with the terms of a protective order, "the precarious balance achieved [in a protective order] is seriously imperiled" and the Court may strike the tenant's pleadings and award a judgment for possession to the landlord. Mahdi v. Poretsky Management, Inc., 433 A.2d 1085, 1090 (D.C. 1981). In this case, DAILEY has willfully failed to comply with the terms of a Protective Order. Accordingly, the Court should enter an order striking DAILEY'S defenses to nonpayment of rent and entering a judgment for possession against him. DAILEY has, by his willful failure to comply with the Protective Order, forfeited his right to possession of the Property.[3]

---

[3] DAILEY did not timely file his Reply to Park's Counterclaim, and to date DAILEY has not sought leave to file the Counterclaim out of time, thus providing the Court with an additional grounds upon which to strike his defenses to possession.

3

DAILEY's willful to comply with the Protective Order has also undermined the authority of this Court. DAILEY is an attorney admitted to practice law before this Court and elsewhere in the District of Columbia. As an attorney, Dailey has a heightened professional obligation – independent to his status as Plaintiff -- to comply with a valid court order. It is regrettable that DAILEY apparently thinks that he is above the law and can ignore this Court's orders without consequence.

## CONCLUSION

WHEREFORE, for these reasons, and for any reasons that may be advanced at a hearing on their Motion, Defendants respectfully request that the Court strike DAILEY'S pleadings as they relate to his defense to possession and enter a judgment for possession in favor of Defendant Park.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

James D. Sadowski, No. 446635
1620 L Street, N.W. - Suite 900
Washington, D.C. 20036-5605
202-452-1400
*Counsel for Defendants*

282740v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendants' Motion for Judgment Based Upon Plaintiff's Willful Failure to Comply With the Consent Protective Order was filed electronically with the Court this 16th day of February, 2006, and that the following person should receive notice electronically via the Court's ECF system:

>Jonathan C. Dailey
>Caplan, Buckner, Kostecka & Korteling, Chtd.
>3 Bethesda Metro Center, Suite 530
>Bethesda, MD 20814
>*Pro Se Plaintiff*

James D. Sadowski