UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JONATHAN C. DAILEY, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 05-2012 (RMU) |
| | : | | |
| SUNGAH PARK, | : | Document No.: | 13 |
| AYAL FACTOR, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM ORDER**

DENYING THE DEFENDANTS' MOTION FOR AN
INCREASE IN PROTECTIVE ORDER PAYMENTS

The plaintiff alleges that the defendants breached a repurchase agreement regarding a condominium property. On January 11, 2006, this court issued a protective order directing the plaintiff to pay $1,500.00 monthly into the court's registry until this case reaches a conclusion. Order (Jan. 11, 2006). The defendants now move this court to increase the plaintiff's monthly protective order payments from $1,500.00 to $2,867.01. The defendants argue that the funds are necessary to cover the current carrying costs associated with the condominium. Defs.' Mot. ¶ 9.

In deciding on an appropriate payment amount into the court's registry, "the guiding principle . . . is, of course, to arrive at a reasonable monthly payment which will, at one and the same time, impose a fair obligation on the defendant, permit the case to be heard on the merits, and assure the plaintiff that if he wins he will, having been denied interim possession, at least receive reasonable intervening rent." *Thompson v. Mazo*, 421 F.2d 1156, 1161 (D.C. Cir. 1970). In the present case, the defendants argue that the following carrying costs are associated with the condominium at issue: mortgage interest of $1,268.70, property taxes of $395.93, a monthly condo fee of $602.88, and a special assessment of $450.50. Defs.' Mot. at 4. For two reasons,

the court denies the defendants' request. First, the defendants' calculations do not consider the potential tax benefits reaped by them for the payment of mortgage interest or property taxes. Thus, the fact that the current protective order amount does not cover the expenses is not conclusive.

Second, the plaintiff's financial wherewithal is in question. The defendants themselves contend that "Dailey is, and has been for some time, in severe financial distress, and that he has multiple creditors chasing after him for various unpaid debts," Defs.' Mot. at 2-3. While the plaintiff is in this state of financial fragility, an order that he pay additional funds does not "impose a fair obligation" on the plaintiff. *Mazo*, 421 F.2d 1161. In fact, an order that the plaintiff pay additional funds would only serve as a Sword of Damocles, perhaps enticing this *pro se* plaintiff to accept an unfavorable settlement or abandon this litigation. The protective order currently in place requires that the plaintiff pay $1,500.00 into the court's registry every month. If the defendants prevail in this lawsuit, this amount assures that they will "at least receive reasonable intervening rent." *Mazo*, 421 F.2d 1161. Under these circumstances, the defendants fail to demonstrate that an increase in the protective order payments is warranted.

For this reasons, it is this 21st day of February, 2006, hereby

**ORDERED** that the defendants' motion to increase the protective order payments is **DENIED**.

**SO ORDERED**.

                                                                          RICARDO M. URBINA
                                                                      United States District Judge