IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,

    *Plaintiff,*

v.

SUNGAH PARK, et al.,

    *Defendants.*

Case No.: 1:05-CV-02012
Judge Ricardo M. Urbina

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND PROTECTIVE ORDER

COME NOW THE DEFENDANTS, Sungah Park and Ayal Factor, by counsel, and file their Opposition to the Motion to Extend Protective Order filed by the Plaintiff. In support of their Opposition, the Defendants state as follows:

On January 11, 2006, the Court issued a Consent Protective Order ("Protective Order"). The Protective Order required that the Plaintiff, Jonathan C. DAILEY ("DAILEY"), make various payments into the Court Registry. DAILEY did not make any of the initial protective order payments on time and instead misled Defendants' counsel and this Court's staff as to when he would make those payments. At the Scheduling Conference held on February 23, 2006, DAILEY apologized for his prior failure to comply with the protective order and promised that, moving forward, he would take the obligation to comply with the protective "more seriously."

While DAILEY promised the Court that he was going to take his obligations under the protective order "more seriously," the first chance that DAILEY had to show the Court his change of heart was on March 6, 2006, when the next protective order payment was due. Dailey

LAW OFFICES
GREENSTEIN DELORME & LUCHS, P.C.
1620 L STREET, N. W.
SUITE 900
WASHINGTON, D.C. 20036-5605
AREA CODE 202-452-1400

failed to make the March 6, 2006 payment – instead choosing to file an eleventh hour request for an extension.

On February 23, 2006, DAILEY disclosed in his interrogatory answers that he was subleasing the property and that he was "receiving" $2,125.00 pre month in rent as of November 15, 2005. As Defendants' counsel pointed out at the Scheduling Conference, those facts were not previously disclosed by DAILEY to the Court when at issue before the Court was the amount of the protective order. At that time, DAILEY made unsubstantiated claims of hardship. Subsequent to learning that DAILEY had rented the Property to a subtenant, Defendants counsel, through independent investigation,[1] called DAILEY's subtenant, Mr. Antoine de Carbonnel, who was surprised to learn: that DAILEY did not own the Property; that the amount of rent being charged in the protective order was just $1,500 per month; and that DAILEY's real estate agent did not disclose to him that there was litigation involving the Property.[2] It was also learned from Mr. de Carbonnel that he is paying $2,250 per month in rent and that he has paid the last five months' rent on time to DAILEY's real estate agent.

DAILEY has not offered any sufficient justification for why he cannot comply with the Protective Order because he has no valid reason. DAILEY has been receiving at least $625 extra each month in rental income from his subtenant for the past five months. It is also obvious to Defendants that DAILEY failed to disclose the name of his subtenant and the rental amount ($2,250.00) to prevent the Defendants (and the Court) from having the benefit of that

---

[1]    DAILEY did not disclose the name of the subtenant in either his Rule 26(a)(1) Initial Disclosures or in his interrogatory answers, even though Defendant Park asked in a specific interrogatory for that precise information. If DAILEY is receiving rental income, that issue is clearly relevant to DAILEY's claim for damages. DAILEY's concealment tactics will likely soon be the subject of a motion to compel discovery.

[2]    In Defendant Park's First Request for Production of Documents, DAILEY was asked to produce a copy of any sublease for the Property. DAILEY has not produced Mr. de Carbonnel's sublease of any other document relating to Mr. de Carbonnel's tenancy.

2

information when the Court was considering the Defendants' Motion to Increase the Protective

Order.[3] To make matters worse, DAILEY has sent threatening correspondence to Defendants'

counsel in an effort to discourage Defendants' counsel from obtaining discoverable information

from Mr. de Carbonnel, a potential defense witness.  See Exhibit A.


        WHEREFORE, for these reasons, the Court should deny the Plaintiff's request for an

extension of time to make the March 6, 2006 protective order payment and instead strike

Dailey's defenses to possession and enter a judgment for possession in favor of Defendants.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.


James D. Sadowski, No. 446635
1620 L Street, N.W. - Suite 900
Washington, D.C.  20036-5605
202-452-1400
*Counsel for Defendants*

284293v1

---

[3]    Defendants will soon be filing a Renewed Motion to Increase the Protective Order based upon this new
information.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendants' Opposition to Plaintiff's Motion to Extend Protective Order was filed electronically with the Court this 8th day of March, 2006, and that the following person should receive notice electronically via the Court's ECF system:

Jonathan C. DAILEY
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center, Suite 530
Bethesda, MD 20814
*Pro Se Plaintiff*

_____
James D. Sadowski