UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JONATHAN C. DAILEY, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 05-2012 (RMU) |
| | : | | |
| SUNGAH PARK, | : | Document No.: | 20 |
| AYAL FACTOR, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

### DENYING THE PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

Currently before the court is the plaintiff's motion for an extension of time within which to submit a court ordered protective order payment. The defendants opposes this motion. For the reasons that follow, the court denies the plaintiff's motion, orders the plaintiff to pay his March protective order payment by the close of business on March 13, 2006, orders the plaintiff to show cause why he should not be held in contempt of court, and orders the plaintiff to show cause why this case should not be dismissed with prejudice and why other sanctions are not appropriate under Federal Rule of Civil Procedure 11.[1]

This case is quickly getting out of hand. On January 11, 2006, this court issued a protective order directing the plaintiff to pay $1,500.00 monthly into the court's registry until this case reaches a conclusion. Order (Jan. 11, 2006). Because of the plaintiff's failures to timely pay the court ordered protective order payments, the defendants filed a motion for judgment of possession. Upon representations by the *pro se* lawyer plaintiff at a February 22, 2006 hearing

---

[1] The court declines *at this time* to address the plaintiff's March 7, 2006 e-mail to defense counsel, Defs.' Opp'n, Att. 1, except to say that it seriously undermines the plaintiff's ethical propriety and professionalism.

that he was, then, in compliance with the protective order, the court denied without prejudice the defendants' motion. At the hearing, the court admonished the plaintiff to take this litigation seriously and to meet all court ordered deadlines.[2]

On March 6, 2006, the plaintiff filed a motion for the court to extend the time for him to make his March 5 protective order payment to March 10. Two problems inhere in the plaintiff's request. First, as a justification for his need for an extension, the plaintiff indicates that March 5, 2006 fell on a weekend. Pl.'s Mot. at 1. Nevertheless, the plaintiff fails to provide the court with any reason why he would be unable to pay the protective order payment on March 3, 2006 or March 6, 2006. Second, pursuant to this court's Standing Order, the parties are required to submit motions for extensions of time "at least 4 business days prior to the deadline the motion is seeking to extend." Standing Order (Oct. 17, 2005) ¶ 5. Under the court's Standing Order, the plaintiff's motion for an extension of time is itself untimely, and the plaintiff has not filed a motion for leave to late file his motion for an extension of time.

In essence, the plaintiff is currently in violation of two clear orders of this court. First, he has yet again failed to make his timely protective order payment, in violation of this court's January 11, 2006 Protective Order. Second, the plaintiff has violated this court's Standing Order by filing a motion for an extension of time one day after the deadline and without first seeking leave of the court to file his out of time motion for more time. *See* Standing Order ¶ 5.

For these reasons, it is 10th day of March, 2006, hereby

**ORDERED** that the plaintiff's motion for an extension of time is **DENIED**, and it is

---

[2] The plaintiff's conduct reminds the court of Douglas Adams, who stated, "I love deadlines. I like the whooshing sound they make as they fly by." Though cheeky, the court strongly advises the plaintiff to not emulate Mr. Adams further. The plaintiff's conduct thus far places him on a fast track to an unpleasant rendezvous with Rule 11.

**FURTHER ORDERED** that the plaintiff shall pay his March protective order payment by the close of business on March 13, 2006, and it is

**ORDERED** that the plaintiff show cause why he should not be held in contempt of court, and it is

**FURTHER ORDERED**, pursuant to Rule 11(c), that the plaintiff show cause why this case should not be dismissed and why other sanctions are not appropriate,[3] and it is

**ORDERED** that the plaintiff shall indicate to the court the total amount of income earned by him through his sublease of the property in question (with calculations if necessary) and indicate his position regarding the appropriateness of this sum vis-a-vis reasonable protective order payments,[4] and it is

**FURTHER ORDERED** that the plaintiff shall comply fully with the Standing Order and the Local Civil Rules of this Court, and include full case citations (with pincites, if necessary), in responding to this order and through the remainder of this litigation, and it is

**ORDERED** that the plaintiff's memorandum shall be due by Tuesday March 14, 2005.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

---

[3] The plaintiff's show cause memorandum shall include the plaintiff's recommendation, as a member of the bar, as to the appropriate sanction for the court to impose in an instance, such as this, in which a litigant (and attorney) has violated two unambiguous orders of a United States District Court.

[4] The plaintiff is directed to specifically indicate the relevant case law in this circuit regarding protective order payments and the relevance of that case law to the facts at hand.