IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,  :

     Plaintiff,  :

v.  :

SUNGAH PARK,  :    Case No.: 1:05-CV-02012
               Judge Ricardo M. Urbina
and  :

AYAL FACTOR,  :

     Defendants.  :
                  :

## DECLARATION OF TABITHA D. FITZGERALD

    I, Tabitha D. Fitzgerald, state and declare under penalty of perjury based upon my own personal knowledge under the laws of the District of Columbia and those of the United States including but not limited to 28 United States Code § 1624 (d) that each of the following facts is true and correct:

1.     I am the Vice President of a Mortgage Broker and have been a Mortgage Broker in Maryland for ten years and work for L-Squared, LLC d.b.a. iwantalowrate.com.

2.     It is my responsibility to place loan files with investors, process loan files to closing and oversee operations of a mortgage brokerage.

3.     On March 14, 2006, I was asked by Mr. Jonathan C. Dailey to obtain financing for his purchase of real property located at 1080 Wisconsin Avenue, Unit 2006, Washington, DC

4.     On March 23, 2006, I obtained a Loan Pre-Approval for Mr. Dailey to purchase the property located at 1080 Wisconsin Avenue, Unit 2006, Washington, DC





PLAINTIFF'S
EXHIBIT
1

5.  In order for me to secure financing for Mr. Dailey, I must have the ratified contract and payoff information for the loan(s) that are attached to the property in question, in addition to documentation from the purchaser.

6.  On April 12, 2006, via Federal Express I forwarded a preliminary HUD-1 Settlement Statement and Deed for review and a Sales Contract for review and signature to Mr. James Sadowski, Esquire and Mrs. Sungah Park and Mr. Dailey.

7.  On April 14, 2006, I telephoned Mr. Sadowski to request information regarding the payoffs and the seller's social security number for the title company insuring the title and providing the settlement services. Mr. Sadowski was unavailable and I left a voice mail message for him to return my call.

8.  Mr. Sadowski returned my call on April 17, 2006, leaving a voice mail message for me indicating that I should email him any questions or requests, as it would be a more efficient way of contacting him rather than by telephone. I emailed him a request for the payoffs for the mortgages on the property, as well as, Mrs. Park's social security number; which the title company requested from me earlier that day to run a judgement report on the seller, Mrs. Park.

9.  On April 17, 2006, Mr. Dailey contacted me to make revisions to the Sales Contract. I forwarded the revised Sales Contract to Mrs. Park and Mr. Sadowski via Federal Express for review and signature.



2

10.   On April 18, 2006, I received Mr. Sadowski's email responding to my request.
He responded saying that I should contact the mortgae holder, World Savings, for
the payoffs and provided me with the loan numbers for Mrs. Park's first and
second mortgages with World Savings Bank and the phone number for their
Customer Service department. He did not forward me Mrs. Park's social security
number as requested, stating that it was not ordinary practice to provide this
information. That afernoon, I forwarded the payoff information sent by Mr.
Sadowski to the title company to order the payoffs.

11.   On Thursday, April 20, 2006  I contacted the title company to inquire about the
status of the payoffs from World Savings Bank. Cassie said that two days prior
she emailed Mr. Sadowski requesting information needed to obtain the payoffs
from World Savings and she had not yet received a response from him. I then
contacted Mr. Dailey to inform him that the title company had not received a
response to their request and he made a conference call to Mr. Sadowski with
Cassie and I to expedite getting the information needed to obtain the payoffs. Mr.
Sadowski acknowledged receipt of an email from "someone" requesting
information for Mrs. Park's payoffs and he said that he had not responded to the
email. Cassie told Mr. Sadowski that she needed Mrs. Parks social security
number to order the payoffs from World Savings. Mr. Sadowski did not provide
us with Mrs. Park's social security number during the conference call.

12.   On April 21, 2006, Mr. Dailey forwarded me an email that Mr. Sadowski sent to
him regarding ordering the payoffs from World Savings, indicating that only a fax

3

request to World Savings was needed to obtain the payoff information. I

contacted World Savings to verify the payoff request procedure and was told that

a Borrower's Certification and Authorization (from the seller) is also required in

order for them to process a payoff request. I received the Mrs. Park's written

authorization and orderd the payoffs from World Savings. In my ten year

experience as a Mortgage Broker, I have never witnessed such stall and delay

tactics in providing basic payoff information by any seller.

13.     On April 27, 2006, Mr. Dailey's financing for his Settlement was secured pending

receipt of the payoffs from World Savings. I was party to a conference call to

expedite the receipt of the payoffs that day. I received the payoff for the first

mortgage at 4:30 p.m., I did not receive the payoff for Mrs. Park's second

mortgage. Mr. Dailey and I telephoned World Savings to inquire about the

second mortgage payoff; this mortgage payoff was not referenced in the

conference call and was not expedited for same day receipt by management, Mr.

Dailey and I spoke with a representative who expedited the request based on the

notes from the first mortgage. I received the second mortgage payoff at 5:30 p.m.

and forwarded to the title company to finalize Mr. Dailey's Settlement Statement.

I forwarded the Settlement Statement to Mr. Sadowski via email at 6:02 p.m.

Afterwhich I realized there were two payoffs omitted, I contacted the title

company to make the revision, I forwarded the corrected Settlement Statement to

Mr. Sadowski at 6:15p.m.

*Tabitha Fitzgerald*    5/1/06

4

# bncmortgage,inc

410 944 1565    P.02/03

Tel:  410.312.0188
Fax:  410.312.3008
Pgr:  888.473.7675
8850 Stanford Boulevard, Suite 3500
Columbia, MD 21045

## Loan Program Determination and Prequalification

(This is not a contract or commitment to lend.)

Date: 3/23/06                    Applicant(s): J. Dailey

Broker: _____

Attn: Jeffrey Levin

Phone #: _____    Rate Sheet Dated: 3/14/06

Fax #: Low Rate.Com    Minimum Credit Score Required: 550

Based solely upon our review of the preliminary information you have provided, BNC Mortgage, Inc. ("we", "us" or "our") considers the above named Applicant(s) to be eligible under the following loan program:

| Program | Term | | |
|---|---|---|---|
| ☐ Select Lending | ☑ 2 Yr Fixed/Arm | ☐ 15 Yr Fixed | ☑ 40 Yr Fixed Amortization |
| ☑ Score Advantage | ☐ 3 Yr Fixed/Arm | ☐ 20 Yr Fixed | ☐ Interest Only |
| ☐ 80/20 Combo* | ☐ 5 Yr Fixed/Arm | ☐ 30 Yr Fixed | |

**Risk Grade:** ☐ AAA  ☐ AA  ☐ A+  ☑ A  ☐ A-  ☐ B+  ☐ B  ☐ C+  ☐ C

**Income Doc:** ☑ Full Doc  ☐ Stated Doc  ☐ Limited Doc  ☐ Lite Doc

Full / Limited / Lite Doc / Stated:    LTV 90 %    CLTV: ____ %    Loan Amount: $ 312,300 ~

**Property Type:** ☐ SFR  ☐ PUD  ☑ Condo  ☐ 2-4 Units

**Purpose:** ☐ Refinance  ☑ Purchase    **Occupancy:** ☑ Owner  ☐ Non-Owner  ☐ 2nd Home

**Prepay Penalty:** ☑ Yes  ☐ No    **Years:** ☐ 1  ☐ 2  ☐ 3  ☐ 4  ☐ 5    ☑ 1st Lien  ☐ 2nd Lien

**Impounds:** ☐ Yes  ☐ No    **Margin:** _____ (if applicable)    **Max DTI:** 50 %

**Subordinate Financing:** ☐ Yes  ☐ No    ☐ Seller  ☐ Institutional    **Loan Term:** _____ Years

**Appraised Value:** $ 500K    **Purchase Price:** $ 347K

| ARM 2yr. | Fixed | | 80/20 Combo – 1st Lien* | Adjusted Rate Includes: |
|---|---|---|---|---|
| Par = 8.475 | Par = ____ | | Par = ____ | +.10 bps 40 yr. amort. |
| <0.50> +0.25 = 8.725 | <0.50> +0.25 = ____ | | <0.50> +0.25 = ____ | +.25 bps Condo |
| <1.00> +0.625 = 9.10 | <1.00> +0.625 = ____ | | <1.00> +0.625 = ____ | +.125 bank statements |
| <1.50> +0.95 = 9.425 | <1.50> +0.95 = ____ | | <1.50> +0.95 = ____ | |
| <2.00> +1.35 = 9.825 | <2.00> +1.35 = ____ | | <2.00> +1.35 = ____ | -.25 bps AE disc |
| 1.00 - 0.50 = ____ | 1.00 - 0.50 = ____ | | 1.00 - 0.50 = ____ | -.25 bps /aan size |
| | | | 80/20 Combo – 2nd Lien* | -.25 bps "Levin" disc |
| | | | Par = ____ | |

This Loan Program Determination and Prequalification is subject to modification based upon our underwriting review of a completed loan application package.

**Please provide the following information with submission:**
☑ Completed 1003 application, signed and dated by Applicant(s)
☑ Satisfactory appraisal and/or appraisal review
☑ Broker/Correspondent to be approved by us
☑ Satisfactory preliminary title report or title commitment
☐ W-2s for previous _____ years
☑ Current pay stub
☑ Bank statements for previous 12 months personal (100% of dep.) or business (75% of dep.)
☐ Satisfactory evidence of self-employment:
☐ Verification of:  ☐ Source/seasoning of funds  ☐ Employment  ☐ Deposit  ☐ Current Mortgage
☑ Current Mortgage/Rent History (at funding)  Max 1 x30  x60 ____ x90 ____ x120 ____ x149 ____  Can stay open
☐ VOR, 12 months canceled checks or business entity VOR
☐ Charge Offs/Collections: _____
☑ Other: 6% seller help
☑ Other: no m.I
☑ Other: 551 Score
☐ Other: _____

The above information must be received by BNC Mortgage within 30 days after the date of this Loan Program Determination and Prequalification. If we do not receive the above information by that time, we will regrettably be unable to give further consideration to this request for credit.

PLAINTIFF'S EXHIBIT
2

☑ Bank statements for previous _12_ months *personal (100% of dep.) or business ( 75 % of dep.)*
☑ Satisfactory evidence of self-employment;
☐ Verification of Rent History
☑ Current Mortgage/Rent History (at funding) Max ___1___ x30   x60   x90   x120   x149
☐ VOR, 12 months canceled checks or business entity VOR
☑ Charge Offs/Collections: *Can Stay open*
☐ Other: *6% seller help*
☑ Other: *no m.I*
☑ Other: *551 Score*

The above information must be received by BNC Mortgage within <u>30 days after the date of this Loan Program Determination and Prequalification</u>. If we do not receive the above information by that time, we will regrettably be unable to give further consideration to this request for credit.

The Federal Equal Credit Opportunity Act prohibits creditors from discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program; or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is: Federal Trade Commission, 11000 Wilshire Blvd. #13209, Los Angeles, CA 90024.

The terms of this Loan Program Determination and Prequalification, as well as our underwriting and loan submission guidelines and eligibility criteria, interest rates and fees and charges are subject to change at any time without notice in our sole and absolute discretion. In addition, we, or a third party, may require additional information after review of a completed loan application package.

The use of this, or any other form, to make a credit decision or discourage the filing of an application is strictly prohibited in compliance with Fair Lending laws. This form may be used for the limited purpose of assisting in the preliminary evaluation of a loan inquiry in light of the programs offered by BNC Mortgage, Inc. All credit decisions are made by BNC Mortgage, Inc. underwriters in accordance with established procedures and guidelines. As such, this preliminary evaluation should not be construed as a final determination. BNC Mortgage, Inc. underwriting guidelines apply to all loans.

⌂ • 80/20 Combo not available in AK, AR, DC, DE, IA, IN, KY, LA, ME, MS, MT, NE, NH, OH, OK, SC, TN, WY.
In compliance with Federal, State or Local Regulations, BNC Mortgage will not originate, fund or purchase high-cost mortgage loans. The use of this, or any other form, to make a credit decision or discourage the filing of an application is strictly prohibited in compliance with Fair Lending laws. This form may be used for the limited purpose of assisting in the preliminary evaluation of a loan inquiry in light of the programs offered by BNC Mortgage, Inc. All credit decisions are made by BNC Mortgage, Inc. underwriters in accordance with established procedures and guidelines. As such, this preliminary evaluation should not be construed as a final determination. BNC Mortgage, Inc. underwriting guidelines apply to all loans.
rev. 11/16/05

LAW OFFICES

## CAPLAN, BUCKNER, KOSTECKA & KORTELING

CHARTERED
SUITE 530
3 BETHESDA METRO CENTER
BETHESDA, MARYLAND 20814-5330

———

(301) 718-1900

———

FAX. NO.
(301) 718-8359

DONALD M. CAPLAN*
STEVEN R. BUCKNER*
ROBERT C. KOSTECKA*
DAVID P. KORTELING▲
LISA B. WINER*
CRAIG M. SILVERMAN

*ALSO ADMITTED IN D.C.
▲ALSO ADMITTED IN VA

OF COUNSEL

RICHARD H. GINS*
JONATHAN C. DAILEY*▲
IRA C. WOLPERT*▲

April 14, 2006

<u>Via Federal Express</u>

Ms. Sungah Park
5055 Collins Avenue
Apt. 6 C
Miami Beach, FL 33410

James Sadowski, Esquire
1620 L Street, NW
Ste. 900
Washington, DC 20036

Dear Ms. Park and Mr. Sadowski:

I have made numerous attempts via email and telephone, to contact counsel to determine, first, when the fully executed sales contract by Ms. Park will be returned to my mortgage broker via fed-ex (fed-ex envelope. provided), second, whether Ms. Park plans to attend settlement in person, and if not, how we make arrangements for her signature on her Deed and HUD form, and third, the details of time and location of our settlement date.

No one, neither Ms. Park or anyone from Mr. Sadowski's law firm, has contacted me regarding these issues. Communication and timeliness are essential elements of our settlement agreement. Although I stand ready to settle on the property pursuant to terms of our settlement agreement, without your cooperation as required under the agreement, I will be unable to settle. Your refusal to communicate constitutes a breach of our settlement agreement. If any attempt to deny me my right of repurchase occurs, I will seek appropraite relief from Judge Urbina.

Sincerely,

Jonathan C. Dailey

PLAINTIFF'S
EXHIBIT
3

LAW OFFICES

# GREENSTEIN DeLORME & LUCHS, P. C.

WILLIAM H. HARRIS, JR.
RICHARD G. WISE
ABRAHAM J. GREENSTEIN
GILBERT E. DeLORME
VINCENT MARK J. POLICY
RICHARD W. LUCHS
JUDITH R. GOLDMAN
JACQUES B. DePUY
JEFFREY H. GELMAN
ALAN S. WEITZ
WILLIAM C. CASANO
JOHN PATRICK BROWN, JR.
LEWIS F. MORSE
ROGER D. LUCHS
JAMES D. SADOWSKI
DONALD F. HOLMES, JR.

1620 L STREET, N.W., SUITE 900

WASHINGTON, D.C. 20036-5605

———

TELEPHONE (202) 452-1400
FACSIMILE (202) 452-1410
www.gdllaw.com

ABRIELLE B. ANDERSON*
STEPHANIE A. BALDWIN
LYLE M. BLANCHARD
GREGORY T. DuMONT
ALFRED M. GOLDBERG
JOSHUA M. GREENBERG
JARED S. GREENSTEIN*
MONIC Y. HALSEY
GUY R. JEFFRESS
M. RYAN JENNESS
MIRIAM HELLEN JONES
ISABEL P. SABIO**

———
OF COUNSEL
MICHAEL T. CREHAN

*ADMITTED IN MD ONLY
**ADMITTED IN VA ONLY

JDS@GDLLAW.COM

April 17, 2006

### BY FEDEX

Jonathan C. Dailey, Esq.
Jonathan C. Dailey
1610 Little Raven Street, Unit 410
Denver, CO 80212

### BY FIRST CLASS MAIL AND E-MAIL
Jonathan@ClearCreekPartners.com

Jonathan C. Dailey, Esq.
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center, Suite 530
Bethesda, MD 20814

> Re: Jonathan C. Dailey v. Sungah Park, et al.
> Case No: 1:05-CV-2012 (Dist. Ct. D.C.)

Dear Jonathan:

This letter responds to your various e-mail messages and voicemail (left for me at 8:32 p.m. on Wednesday, April 12, 2006) concerning the Settlement Agreement and Mutual Release ("Settlement Agreement") with respect to the above-captioned case. Please note the following:

1. Ms. Park will not be attending the closing in person. She will need to review, at least 48 hours in advance, any documents that need to be signed at closing.

2. The celebration of Passover will continue from sundown on Tuesday, April 18, 2006 until sundown on Thursday, April 20, 2006. Ms. Park will not be available during that time frame to sign documents. This leaves Friday, April 21, 2006



PLAINTIFF'S
EXHIBIT
4

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 2 of 5

> open for Ms. Park to sign documents. Please also remember that the Sabbath will be observed beginning Friday, April 21 2006 at sundown.

3. There is no need for you to have a signed Contract in order to obtain an appraisal. If an appraisal is not timely obtained and that somehow acts to delay settlement beyond April 27, 2006, that will be due to your failure to obtain an appraisal and no other reason.

4. You are not allowed to deduct from the closing proceeds any amounts needed to satisfy the liens that exist on the Property that are your responsibility. Your attention is directed to Section 5 of the Settlement Agreement. If you have to obtain additional financing (above the sales price) to pay these liens, that is your business, but you will not be permitted to deduct from the sales price any funds that are used to satisfy those outstanding liens.

5. The Regional Sales Contact ("Contract") that you sent to me does not comply with the Settlement Agreement for a variety of reasons, including the following reasons:

   a. Section 3 of the Contract does not comply with Section 1 of the Settlement Agreement;

   b. Sections 4 - 10 of the Contract were left blank or not completed. Ms. Park will not sign an incomplete Contract;

   c. Section 11 needs to be substantially modified since you have complete access to the Property;

   d. Sections 12 - 13 of the Contract were left blank or not completed. Ms. Park will not sign an incomplete Contract;

   e. Section 14 of the Contract is not consistent with the Settlement Agreement as Buyer is taking the property as is, with all faults. No repairs will be made by the Seller;

   f. Section 16 of the Contract is not consistent with the Settlement Agreement with respect to whom is responsible for obtaining title reports and discharging liens;

   g. Section 17 of the Contract is not consistent with the Settlement Agreement as the Purchaser has possession;

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 3 of 5

    h.    Section 19 of the Contract was left blank or was not completed. Ms. Park will not sign an incomplete Contract;

    i.    Section 20 of the Contract is not consistent with the Settlement Agreement with respect to whom is responsible for discharging the various liens;

    j.    Section 21 of the Contract is not consistent with the Settlement Agreement. Ms. Park will not be paying any broker's fee;

    k.    Section 22 of the Contract needs to be consistent with the Settlement Agreement;

    l.    Section 23 of the Contract needs to be consistent with the Settlement Agreement by giving Judge Urbina the authority to enforce any dispute;

    m.    Section 24 of the Contract is not consistent with the Settlement Agreement in terms of what funds may be used to pay certain liens;

    n.    Section 25 of the Contract needs to be consistent with the Settlement Agreement in terms of the Seller's remedies;

    o.    Section 29 of the Contract needs to be consistent with the notice provision of the Settlement Agreement;

    p.    Section 31 of the Contract needs to be consistent with the remedies set forth in the Settlement Agreement;

    q.    Portions of Section 32 of the Contract were left blank or were not completed. Ms. Park will not sign an incomplete Contract; and

    r.    Section 34 of the Contract needs to be consistent with the Settlement Agreement;

6.    With respect to the Washington, DC Jurisdictional Addendum, please note the following:

    a.    Ms. Park agreed to sell the Property to you and to you only, not to you and Ms. Tabitha Fitzgerald. Ms. Fitzgerald's name needs to be removed as "Buyer;"

    b.    Sections 1 - 3 of the Addendum were left blank or not completed. Ms. Park will not sign an incomplete Addendum;

GREENSTEIN DeLORME & LUCHS, P. C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 4 of 5

    c.    Sections 4 - 5 of the Addendum were left blank or not completed. Ms. Park will not sign an incomplete Addendum. With respect to Section 5 of the Addendum, some language will need to be added given your indemnification obligations under Section 8 of the Settlement Agreement;

    d.    Section 6 of the Addendum was left blank or was not completed. Ms. Park will not sign an incomplete Addendum;

    e.    Section 8 of the Addendum does not accurately state the monthly assessments, which are currently $601.88 (monthly maintenance) and $450.50 (special assessment);

    f.    Section 9 of the Addendum needs to be consistent with the notice provision of the Settlement Agreement; and

    g.    Section 10 does not apply and needs to be modified or deleted.

7.    With Respect to the Condominium Addendum, please note the following:

    a.    Section 1 of the Condominium Addendum needs to be modified to make clear that Seller is providing no warranties of any kind and all property being conveyed is being sold in an "as is, with all faults" condition;

    b.    Section 3 of the Condominium Addendum needs to be modified to reflect the correct monthly assessments;

    c.    Section 4 of the Condominium Addendum is not consistent with the Settlement Agreement. You are responsible for taking any required steps that are contemplated by this Section; and

    d.    Section 5 of the Condominium Addendum is not consistent with the Settlement Agreement.

8.    With respect to the Addendum of Clauses, please note the following:

    a.    Section 14 (last sentence) is not consistent with the Settlement Agreement and language needs to be added pursuant to Section 1 of the Settlement Agreement ("the property will be conveyed by Ms. Park to Dailey in its AS-IS, WHERE-IS condition, WITH ALL FAULTS, without representation or warranty or any nature."); and

    b.    The notice provision (here and elsewhere) needs to be consistent throughout.

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 5 of 5

9.   I could not find any language in the Contract setting forth your obligation to pay
any pre-payment penalty associated with the First Mortgage with World Savings.
This language needs to be added.

Please advise me when I can expect to receive a Regional Sales Contract and
accompanying Addenda that are consistent with the Settlement Agreement as set forth in this
letter. Please also let me know when I can expect to received the final Deed, HUD Settlement
Statement, and any other document that Ms. Park will need to sign at closing. Finally, please
note that pursuant to your e-mail message today (of 2:21 p.m.) I called your cell phone at 3:02
p.m., but you did not answer so I left a message for you to call me.

Very truly yours,

James D. Sadowski

JDS:287439v1

-----Original Message-----
From: Tabitha Fitzgerald [mailto:tdf0711@nextel.blackberry.net]
Sent: Monday, April 17, 2006 1:25 PM
To: James D. Sadowski
Subject: Park/Dailey

Good afternoon. I received your message, and I hope you are feeling
better soon.

I need the payoff for Ms. Park's first and second mortgages. Also, the
title company needs her social security number to run a judgement report
prior to the property transfer. You can forward the information to me
and I will forward to the title company or contact them directly;
Sandler Title and Escrow, 301.429.0022, Michelle is the contact in the
office regarding this file.

I also need the signed contract, a faxed copy is sufficient for the sake
of time. My fax number is 301.345.9657.

Thank you in advance for helping me get the information I need to close
Mr. Dailey's loan.  Please let me know if there is anything you need.

Tabitha
Tabitha D. Fitzgerald
sent from my BlackBerry Wireless Handheld



PLAINTIFF'S
EXHIBIT
5

5/1/2006

**Sent:** Friday, April 21, 2006 9:22 AM
**Subject:** [BULK] text of letter to be sent

Jonathan:

As discussed, here is the text of the letter that I will send once I received the signed sales contract.

You should forward the World Savings info to your mortgage broker.

Jim

James D. Sadowski, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C.  20036
Phone:  202.452.1400, x311
Fax:  202.452.1410
E-mail:  jds@gdllaw.com

==========================================

April 21, 2006

### *BY FEDEX*

Jonathan C. Dailey, Esq.
Jonathan C. Dailey
1610 Little Raven Street, Unit 410
Denver, CO  80212

### *BY FIRST CLASS MAIL AND E-MAIL*
*Jonathan@ClearCreekPartners.com*

Jonathan C. Dailey, Esq.
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center, Suite 530
Bethesda, MD  20814

> Re:  Jonathan C. Dailey v. Sungah Park, et al.
> Case No:  1:05-CV-2012 (Dist. Ct. D.C.)

Dear Jonathan:

This letter is a follow-up to our telephone call last night and today.  Enclosed please find a copy of the Regional Sales Contract ("Sales Contract") signed by Ms. Park.  I made the changes referenced in my April 20, 2006 letter and added some notations at the bottom of certain pages to ensure that the Sales Contract conforms with the Settlement Agreement.

**PLAINTIFF'S
EXHIBIT
6**

With respect to your mortgage broker's claim that she needs Mr. Park's social security number to obtain the payoff figures, I do no believe that you have been given accurate information. After our call last night I called the World Savings Customer Service tool free number, which is 1-800-642-0257. Press "1" for payoff and then at the next query press "3." Press "1" at the next query and you will hear the following:

> World only provides payoff amounts in writing. Verbal payoff figures will not be quoted. Payoff requests require ten business days to process. Requests for adjustable rate loans with an interest rate change pending may be delayed until the new rate takes effect. Please note that we are unable to provide third parties with the status of pending requests. To receive a written payoff statement, please fax your request to area code 210-509-1122 or mail to World Savings, Attn: Payoff Dept. 4101 Wiseman Boulevard, Building 106, San Antonio, Texas 78251-4201. Please indicate the loan number, customer's name, property address, anticipated payoff date, and whether you would like the information returned by mail or by fax. Payoff statements returned by fax are assessed a $10 fax fee per request. For wiring instructions, press 1. To repeat this information, press 7.

You should call World Savings yourself to verify what I have quoted here. According to World Savings, there is no need to provide the customer's social security number in order to obtain payoff figures. All that needs to be provided is the loan number, customer's name, property address, anticipated payoff date, and whether you would like the information returned by mail or by fax. The Defendants already gave you all the information that you need to obtain the payoff figures from World Savings. It is your obligation under the Settlement Agreement (whether you delegate that to someone else is your business) to obtain the payoff information prior to the Outside Closing Date.

Finally, note that at this time the Defendants will withdraw any claim that you did not timely send them appropriate documentation in compliance with the Settlement Agreement. However, should you fail to complete closing by April 27, 2006 at 6:00 p.m. for any reason, the Defendants reserve their right to use any evidence regarding your failure to strictly comply with the Settlement Agreement to enforce their rights -- should it come to that. I hope that it does not.

Please do not hesitate to contact me if you have any questions. Note also that it would be beneficial for you to provide me with an updated HUD-1 (even if it is subject to change) and a final deed (the first one that you sent me you said was a draft) so that I have that information sooner rather than later.

Very truly yours,

James D. Sadowski

JDS:287772v1

cc:    Mr. Ayal Factor (by e-mail w/encl.)
       Ms. Sung Ah Park (by e-mail w/encl.)
       Richard W. Luchs, Esq. (w/encl.)
       Judith R. Goldman, Esq. (w/encl.)

## Jonathan C. Dailey

| | |
|---|---|
| **From:** | "James D. Sadowski" <JDS@gdllaw.com> |
| **To:** | "Jonathan C. Dailey" <Jonathan@ClearCreekPartners.com> |
| **Sent:** | Friday, April 21, 2006 12:05 PM |
| **Subject:** | RE: [BULK] text of letter to be sent |

Jonathan:

1. This is yet again another example of misinformation that was given to me by you or your mortgage folks that is creating work on our end (and not our responsibility) that could have been avoided had you not waited until the eleventh hour. You should have started this process a lot earlier.

2. You are responsible under the Settlement Agreement for taking care of this stuff and it now appears that your mortgage folks did not request payoff information properly/timely from World Savings. Again, had this process been started sooner, you would not be scrambling to get things done on an expedited/rush basis.

3. If you send me something for Ms. Park to sign that World Savings will accept as authorization, then I will present this issue to Ms. Park and see if she will sign it. The Defendants will NOT, however, do your closing work for you.

Jim

James D. Sadowski, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Phone: 202.452.1400, x311
Fax: 202.452.1410
E-mail: jds@gdllaw.com

> -----Original Message-----
> **From:** Jonathan C. Dailey [mailto:Jonathan@ClearCreekPartners.com]
> **Sent:** Friday, April 21, 2006 1:10 PM
> **To:** James D. Sadowski
> **Subject:** Re: [BULK] text of letter to be sent
>
> Jim,
>
> I just left you a voice message. I spoke personnally with a World Savings representative. We must have signed authorization from Ms. Park to receive the pay off (we don't need her social). However, the turn around time will be beyond April 27th. The easiest way to get this pay off - and to get it turned around the sameday - is for Ms. Park simply to call World Savings and request that it be faxed to us (or you of you prefer). She may have to fax a letter making this request to (210) 509-1122. Please confirm that Ms. Park will do this simple step and we can get this matter behind us. Thank you.
>
> Jonathan
>
> > ----- Original Message -----
> > **From:** James D. Sadowski
> > **To:** Jonathan C. Dailey
> > **Cc:** Jonathan Dailey



PLAINTIFF'S
EXHIBIT
4

# GREENSTEIN DeLORME & LUCHS, P. C.

WILLIAM H. HARRIS, JR.
RICHARD G. WISE
ABRAHAM J. GREENSTEIN
GILBERT E. DeLORME
VINCENT MARK J. POLICY
RICHARD W. LUCHS
JUDITH R. GOLDMAN
JACQUES B. DePUY
JEFFREY H. GELMAN
ALAN S. WEITZ
WILLIAM C. CASANO
JOHN PATRICK BROWN, JR.
LEWIS F. MORSE
ROGER D. LUCHS
JAMES D. SADOWSKI
DONALD F. HOLMES, JR.

1620 L STREET, N.W., SUITE 900

WASHINGTON, D.C. 20036-5605

_____

TELEPHONE (202) 452-1400
FACSIMILE (202) 452-1410
www.gdllaw.com

ABRIELLE B. ANDERSON*
STEPHANIE A. BALDWIN
LYLE M. BLANCHARD
GREGORY T. DuMONT
ALFRED M. GOLDBERG
JOSHUA M. GREENBERG
JARED S. GREENSTEIN*
MONIC Y. HALSEY
GUY R. JEFFRESS
M. RYAN JENNESS
MIRIAM HELLEN JONES
ISABEL P. SABIO**

_____

OF COUNSEL
MICHAEL T. CREHAN

*ADMITTED IN MD ONLY
**ADMITTED IN VA ONLY

JDS@GDLLAW.COM

April 20, 2006

### BY FEDEX

Jonathan C. Dailey, Esq.
Jonathan C. Dailey
1610 Little Raven Street, Unit 410
Denver, CO 80212

### BY FIRST CLASS MAIL AND E-MAIL
*Jonathan@ClearCreekPartners.com*

Jonathan C. Dailey, Esq.
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center, Suite 530
Bethesda, MD 20814

Re:     Jonathan C. Dailey v. Sungah Park, et al.
        Case No: 1:05-CV-2012 (Dist. Ct. D.C.)

Dear Jonathan:

This letter responds to your latest e-mail messages regarding the status of the Sales Contract and various others received from third parties. As I indicated to you in my e-mail message of 12:10 p.m. today, a copy of which is enclosed for your reference, your claims or delay are without merit and do not warrant further discussion. The Defendants have not made any impermissible changes to the Settlement Agreement or to the Regional Sales Contract. The Defendants are also not obligated to provide you or anyone else with the Seller's Social Security Number. The Defendants are also not obligated to provide you with any information concerning the condominium management company – that information is known by you and is readily available.

PLAINTIFF'S
EXHIBIT
tabbies'
8

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 20, 2006
Page 2 of 3


Please note the Revised Regional Sales Contact ("Contract") that you sent to me still does not comply with the Settlement Agreement for a variety of reasons, including the following reasons, some of which I already disclosed to you:

1. Revised Section 3 needs to indicate that the Property is being conveyed as is, with all faults condition as of the date of closing.

2. The last Section of Revised Section 5 should be deleted.

3. The second full paragraph section of Revised Section 8 should be deleted.

4. The last clause ("except as otherwise provided in this Contract") in Revised Section 18 should be deleted.

5. In Revised Section 22, all language after the words "collector of taxes" should be deleted.

6. Revised Section 25 should read "If Purchaser fails to complete settlement **for any reason by April 27, 2006 at 6:00 p.m., time being of the essence**, . . ." (bold language to be added).

7. Sections 26.A and D should be deleted in their entirety.

8. Seller's multiple addresses for notices should be added to Revised Section 29.A. The "transmitted by facsimile" language should be deleted.

9. In the Addendum of Clauses, Revised Section 14, the "Date of Ratification" should not have been checked. You are taking the Property "as is, with all faults, without representation or warranty as of the date of closing."

10. With respect to the Condominium Addendum, as I previously discussed with you, the Seller is not responsible for taking any action under Section 4 and the Revised Section 4 still contains a timeline (tenth $(10)^{th}$ business day that is not applicable). You alone are responsible for complying with, and obtaining any documents related to, any existing condominium laws, regulations or bylaws.

Please advise me when I can expect to receive a Regional Sales Contract and accompanying Addenda that are consistent with the Settlement Agreement as set forth in this letter (and my prior letter).

Finally, please note that the Defendants expressly reserve any and all rights that they have under the Settlement Agreement. Your attention is directed to Section 16, which states that "Dailey agrees that he will deliver to Defendants, pursuant to the Notice provision, the Sales

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 20, 2006
Page 3 of 3

Agreement <u>and any other documents that Defendants are required to sign for the closing at least seven business days prior to the Closing Date</u>. As today is Thursday, April 20, 2006, I do not believe that you have complied with Section 16.

Very truly yours,

James D. Sadowski

JDS:287724v1

## BORROWER'S CERTIFICATION AND AUTHORIZATION

I, Sungah Park, have two outstanding loans with World Savings, designated as 1ST Mortgage Loan Number: 22448237 and 2ND Mortgage Loan Number: 32075350.

The property address is 1080 Wisconsin Avenue, NW, Apt. 2006, Washington, D.C. 20007.

The anticipated pay off date is April 27, 2006.

I am authorizing World Savings to provide IWANTALOWRATE.COM with pay off information for both loans noted above. **I am requesting that this information be expedited and sent by facsimile as soon as possible to IWANTALOWRATE.COM at Facsimile Number (301) 345-9657.**

A copy of this authorization may be accepted as an original.

_____      6/21/06
Borrower's Signature          Date

PLAINTIFF'S
EXHIBIT
9

## Jonathan C. Dailey

| | |
|---|---|
| **From:** | "James D. Sadowski" <JDS@gdllaw.com> |
| **To:** | <DavidSandler@msn.com>; <tabitha@iwantalowrate.com> |
| **Cc:** | "Jonathan C. Dailey" <Jonathan@ClearCreekPartners.com> |
| **Sent:** | Wednesday, April 26, 2006 10:34 AM |
| **Attach:** | deed and affidavit.pdf |
| **Subject:** | Signed documents - Park |

Mr. Sandler/Ms. Fitzgerald:

I have received the original deed (notarized), Addendum, and Seller's/Borrower's Affidavit (notarized) signed by Ms. Park. Note that there is a Supplement to the Seller's/Borrower's Affidavit.

I cannot release the Addendum, which certifies the accuracy of the HUD-1, as no one has sent me the updated HUD-1, even if it is just a draft. I also still have not received a completed DC FP-7 form. I have asked that these things be sent to me several times.

1. What is the time of the closing today and where will it take place?

2. To whom should the original materials be sent (need name, business name, compete address, and phone number)?

3. Please note that Ms. Park is a stay-at-home parent with several children. She does not have immediate access to modern office equipment and may need to go to FedEx/Kinkos to use their office equipment. If there are additional documents that she needs to sign, you will need to send those things to me with sufficient lead time (note that Ms. Park was supposed to have received all documents to be signed at closing at least seven days in advance of closing). Accordingly, I again request that I be provided with a copy/draft of all documents that Ms. Park needs to sign at closing.

Please confirm receipt of this message.

Jim

Attachment - (a) Deed; (b) Seller's/Borrower's Affidavit and Supplement.


James D. Sadowski, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Phone: 202.452.1400, x311
Fax: 202.452.1410

E-mail: jds@gdllaw.com

*INTERNAL REVENUE SERVICE CIRCULAR 230 DISCLOSURE: AS PROVIDED FOR IN TREASURY REGULATIONS, ADVICE (IF ANY) RELATING TO FEDERAL TAXES THAT IS CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (1) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (2) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY PLAN OR ARRANGEMENT ADDRESSED HEREIN.*

PLAINTIFF'S
EXHIBIT
10
tabbies'

## Jonathan C. Dailey

| From: | "James D. Sadowski" <JDS@gdllaw.com> |
|---|---|
| To: | <Jonathan@ClearCreekPartners.com> |
| Sent: | Friday, April 28, 2006 8:44 AM |
| Attach: | Stipulation of dismissal - Closing Date Expired.DOC |
| Subject: | Outside Closing Date Expired |

ALSO BEING SENT BY FEDEX

Jonathan:

Please disregard my last e-mail message. It was incomplete.

As you know, the Settlement Agreement provides, in clear an unambiguous terms, that you had to close not later than 6:00 p.m. on Thursday, April 27, 2006, and that if you were unable to close by that firm deadline, for any reason, then: (a) any right that you may have had to re-purchase the Property was automatically terminated; and (b) Defendants would be entitled to the immediate entry of a non-redeemable judgment for possession against you, which they may execute immediately without any right of appeal or redemption. Settlement Agreement at page 2, Section 2.

You did not close by 6:00 p.m. on April 27, 2006. In addition, you violated the Settlement Agreement in many other respects by not strictly complying with its terms.

Accordingly, please sign and return to me a signed copy of the attached Stipulation of Dismissal not later than Monday, May 1, 2006 at 5:00 p.m.

Please also notify Mr. Sandler and Ms. Fitzgerald (by phone as the Settlement Agreement contains a confidentiality provision) so that they stop sending me correspondence. Future correspondence related to this matter should be channeled through you.

Thanks.

Jim

James D. Sadowski, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Phone: 202.452.1400, x311
Fax: 202.452.1410

E-mail: jds@gdllaw.com



**PLAINTIFF'S EXHIBIT**

11

5/1/2006