# EXHIBIT C

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into this 15th day of March, 2006 between Mr. Jonathan C. Dailey ("Dailey"), an individual, and Ms. Sung Ah Park and Mr. Ayal Factor, individuals. For convenience, Ms. Park and Mr. Factor are sometimes referred to together as the "Defendants." Also for convenience, Dailey and the Defendants are sometimes referred to together as "the Parties."

WHEREAS, Dailey and Ms. Park entered into a Repurchase Option Contract in August of 2003 ("Contract"), whereby Ms. Park purchased from Dailey the condominium unit located at 1080 Wisconsin Avenue, N.W., Washington, D.C. ("Property"); and

WHEREAS, pursuant to the terms of the Contract, Dailey was required to pay rent to Ms. Park on a monthly basis, and, provided that certain conditions were met, Dailey had a right to repurchase the Property from Ms. Park; and

WHEREAS, a dispute has arisen between the Parties under the Contract, and the Defendants, by counsel, sent a letter to Dailey indicating that Dailey's right to repurchase was void and further demanding that Dailey pay outstanding rent that Ms. Park claimed was due and owing under the Contract; and

WHEREAS, Dailey sent a response letter denying that rent was due and denying that his repurchase right was void; and

WHEREAS, on September 16, 2005, Dailey filed a multi-count Complaint against Defendants with the District of Columbia Superior Court in a matter entitled Dailey v. Park, et al., Case No. 05-CA-7586 ("Superior Court Litigation") in which Dailey sought, among other things, monetary damages, a declaration that he was not in breach of the Contract, and a declaration that he was still entitled to repurchase the Property from Ms. Park; and

WHEREAS, the Defendants removed the Superior Court Litigation to the U.S. District Court for the District of Columbia in the action styled as Dailey v. Park, et al., Case No.: 1:05-CV-2012 ("U.S. District Court Litigation"); and

WHEREAS, the Defendants also filed an Answer denying the claims asserted by Dailey in the Complaint and Ms. Park asserted a counterclaim against Dailey for back rent and for possession of the Property; and

WHEREAS, Dailey subsequently filed an Answer denying the claims asserted by Ms. Park in her counterclaim (for convenience, the Superior Court Litigation and the U.S. District Court Litigation are sometimes refereed to together as "the Litigation"); and

WHEREAS, notwithstanding the aforesaid dispute, except as provided herein, the Parties desire to resolve all disputes between them that are related to the Contract or the Property,

including, without limitation, any claims and counterclaims that have been asserted, or could have been asserted, in the Litigation.

NOW THEREFORE, in consideration of the foregoing, the mutual covenants of the Parties set forth herein, and other good and valid consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereby agree as follows:

1. <u>Purchase of Property by Dailey</u>. Dailey agrees to purchase the Property from Ms. Park for the purchase price of Three Hundred Forty-Seven Thousand Dollars ($347,000.00) (the "Purchase Price"), which Purchase Price shall be paid in cash or immediately available funds to Ms. Park on the Closing Date (as hereinafter defined). Dailey must complete his purchase of the Property from Ms. Park (the "Closing") such that Closing will occur, and the Purchase Price will be disbursed to Ms. Park, on or before Thursday, April 27, 2006 at 6:00 p.m. (the "Outside Closing Date"). Dailey will be responsible for the payment of all costs of any nature relating to the conveyance of the Property by Ms. Park to Dailey, including all transfer and recordation taxes, recording fees and all other closing and transactional costs associated with his purchase of the Property. Dailey will take any and all steps necessary in order to assure that Dailey's purchase of the Property from Ms. Park and disbursement of the Purchase Price to Ms. Park occurs on or before the Outside Closing Date. The actual date upon which settlement on the conveyance of the Property occurs is referred to herein as the "Closing Date." The Defendants make no representations or warranties of any nature regarding the Property, and the property will be conveyed by Ms. Park to Dailey in its AS-IS, WHERE-IS condition, WITH ALL FAULTS, without representation or warranty or any nature. The right to acquire the Property is personal to Dailey and he may not assign his right to acquire the Property or the deed to the Property to any person or entity.

2. <u>Outside Closing Date Final/Inability to Close</u>. If Dailey is unable or unwilling, for any reason, to complete his purchase of the Property from Ms. Park on or before the Outside Closing Date, then: (a) Dailey will forever forfeit any right that he had to purchase the Property from Ms. Park under the Contract, under this Agreement, or otherwise (that is, the right of Dailey to repurchase the Property will automatically terminate without any further action by any Party), and his claims in the Litigation will be dismissed with prejudice; and (b) Defendants will be entitled to the immediate entry of a non-redeemable judgment for possession against Dailey, which they may execute immediately without any right of appeal or redemption.

3. <u>Dailey's Representation and Warranty to the Defendants</u>. As an additional inducement for Defendants to enter into this Agreement, Dailey represents and warrants to Defendants that, except for the mechanic's lien filed by the Minkoff Company (for $7,165.48) ("Minkoff Lien"), an unpaid invoice from Servpro (for $4,798.50) ("Servpro Debt"), a Notice of Interest in Real Property filed by Dailey on September 16, 2005 ("Lis Pendens") (the Minkoff Lien, Servpro Debt, and Lis Pendens are sometimes referred to together as the "Dailey Encumbrances"), and the Park Encumbrances (defined in Section 4), he is not aware of any other lien, encumbrance, mortgage, or other debt related to the Property.

4. <u>The Defendants' Representation and Warranty to Dailey</u>. Defendants represent and warrant to Dailey that, except for the Dailey Encumbrances, the first mortgage with World Savings ("First Mortgage") and an equity Line of Credit with World Savings ("Line of Credit")

2

4. <u>The Defendants' Representation and Warranty to Dailey</u>. Defendants represent and warrant to Dailey that, except for the Dailey Encumbrances, the first mortgage with World Savings ("First Mortgage") and an equity Line of Credit with World Savings ("Line of Credit") (the First Mortgage and the Line of Credit are sometimes referred to together as the "Park Encumbrances"), they are not aware of any other lien, encumbrance, or mortgage related to the Property.

5. <u>Dailey Must Pay All Mortgages, Liens and Debts Prior to Closing</u>. Dailey is responsible for payment of the Minkoff Lien, the Proserv Debt, the First Mortgage, and any other mechanic's lien or other lien, encumbrance, mortgage or debt related to the Property, excluding only the Line of Credit, out of his own funds prior to Closing. Dailey is responsible for paying any pre-payment penalty or other costs associated with satisfying the First Mortgage prior to Closing. There shall be no deductions taken from the Purchase Price by Dailey. The sum of $216,000 will be deducted from the purchase proceeds payable to Ms. Park and that amount will be applied to partially satisfy the principal balance of the First Mortgage. Dailey must satisfy or obtain a release of the First Mortgage, the Minkoff Lien, the Proserv Debt, the Lis Pendens, and any other mechanic's lien or other lien, encumbrance, mortgage or debt related to the Property (except for the Line of Credit) prior to Closing.

6. <u>Defendants May Use Closing Proceeds to Pay the Line of Credit</u>. Ms. Park is responsible for satisfying or paying the Line of Credit at Closing. Mr. Park may use the funds that she receives from the purchase at Closing to satisfy or pay the Line of Credit.

7. <u>Releases</u>.

    A. <u>Dailey's Release of the Defendants</u>. Dailey, on behalf of himself and his agents, representatives, attorneys, insurers, predecessors, personal representatives, trustees, successors and assigns, hereby releases, remises, and forever discharges Ms. Park and Mr. Factor, and his/her/their agents, representatives, officers, directors, employees, attorneys, accountants, insurers, predecessors, successors and assigns, of and from any and all claims, actions, causes of action, acts, omissions, undertakings, charges, torts, contracts, debts, liens, obligations, payments, rights, proceedings, covenants, agreements, promises, judgments, damages, costs, expenses, and demands of whatsoever kind or nature, for or because of any matter of thing done, omitted or suffered to be done or which is otherwise based upon any facts which have, in whole or in part, whether known or unknown, occurred prior to the date of this Agreement, including, without limitation, any claims that are related to the Contract, to the Property, or that have been asserted or could have been asserted in the Litigation. Notwithstanding the broad nature of his release, Dailey's release of Defendants does not include a release of any representation or warranty, or any other obligation of Defendants under this Agreement.

    B. <u>The Defendants' Release of Dailey</u>. Except as provided in this Agreement, the Defendants, individually and jointly, and on behalf of his/her/their respective agents, representatives, attorneys, personal representatives, successors and assigns, hereby release, remise, and forever discharge Dailey and his respective agents, successors and assigns, of and from any and all claims, actions, causes of action, acts, omissions, undertakings, charges, torts, contracts, debts, liens, obligations, payments, rights, proceedings, covenants, agreements,

3

promises, judgments, damages, costs, expenses, and demands of whatsoever kind or nature, for or because of any matter of thing done, omitted or suffered to be done or which is otherwise based upon any facts which have, in whole or in part, whether known or unknown, occurred prior to the date of this Agreement, including, without limitation, any claims that are related to the Contract, to the Property, or that have been asserted or could have been asserted in the Litigation. Notwithstanding the broad nature of their release, the Defendants' release of Dailey does not include a release of any representation, warranty, duty, obligation, or undertaking of Dailey under this Agreement, including, without limitation, Dailey's indemnification obligations to Defendants under Section 8 of this Agreement

8.  Dailey's Indemnification of Defendants/Responsibility for Subtenant. Dailey agrees to indemnify and hold harmless the Defendants, individually and jointly, from and against any and all claims and costs (including, without limitation, reasonable attorney's fees) that any subtenant or tenant of Dailey's may assert under the Tenant Opportunity to Purchase Act. Dailey further acknowledges that he did not obtain the permission, either verbally or in writing, from the Defendants to lease or sublease the Property to anyone. It is Dailey's position that under the Contract, he was not required to obtain permission to sublease from any Defendant. The Defendants no not agree with Dailey's position. Dailey agrees that he is solely responsible for, and solely liable for, and will indemnify the Defendants from and against, any and all claims and costs (including, without limitation, reasonable attorney's fees) associated with the occupancy or tenancy of any subtenant or occupant in the Property (and any person claiming through such person) that arose or accrued from the date of that person's occupancy or tenancy until the date that the Stipulation of Dismissal is filed pursuant to Section 12, including, without limitation, any and all claims and costs related to the condition of the Property, maintenance, repair, replacement, insurance, and with respect to any casualty in the Property. Dailey's indemnification obligations to Defendants under this section will survive any dismissal of claims in the Litigation.

9.  No Admission of Liability. The Parties understand and agree that this Agreement represents the settlement of disputed claims. The Parties further acknowledge that neither the fact that this Agreement exists nor the amount of the sale will constitute an admission of any fault, liability, wrongdoing or neglect on the part of anyone.

10. Defendants' Warranty as to Right to Settle Claims. Defendants represent and warrant to Dailey that they have not, individually or collectively, assigned, hypothecated, or transferred any claims against Dailey and that he/she/they have the right, authority, and capacity to execute this Agreement and the release contained herein

11. Dailey's Warranty as to Right to Settle Claims. Dailey represents and warrants to the Defendants that he has not assigned, hypothecated, or transferred any claims against the Defendants, individually or collectively, and that he has the right, authority, and capacity to execute this Agreement and the release contained herein.

12. Dismissal of Litigation. If Dailey strictly complies with all of his obligations under this Agreement, within five (5) calendar days after the Closing Date, Defendants' counsel will file with the Court a Stipulation of Dismissal with prejudice as to the Litigation ("First Stipulation of Dismissal") that will be signed by the Parties (or counsel) contemporaneously with

4

this Agreement. The First Stipulation of Dismissal will be in the form of Exhibit A hereto. If Dailey does not strictly comply with all of his obligations under this Agreement, Defendants' counsel will file with the Court an alternative Stipulation of Dismissal with prejudice as to the Litigation ("Second Stipulation of Dismissal") that will be signed contemporaneously with this Agreement by the Parties (or counsel). The Second Stipulation of Dismissal will be in the form of Exhibit B hereto and will dismiss all claims with prejudice except Defendant Park's claim for possession, which claim will survive this Agreement and may be enforced by Defendant Park against Dailey and any occupant of the Property.

13. <u>Release of Court Registry Funds</u>. If Dailey strictly complies with all of his obligations under this Agreement, Dailey will be entitled to receive the proceeds from a release of the funds being held in the Court Registry ($6,000). If Dailey does not strictly comply with his obligations under this Agreement, Defendants' will be entitled to receive the proceeds from a release of the funds being held in the Court Registry ($6,000). The Parties agree that Dailey does not have to make the April 5, 2006 protective order payment of $1,500.

14. <u>Enforcement of Agreement</u>. The Parties will submit the terms of the Settlement Agreement to Judge Urbina for approval. Judge Urbina (not a jury) will retain jurisdiction to enforce the Settlement Agreement and to decide the validity of any claim regarding compliance with the Settlement Agreement.

15. <u>Advice of Counsel</u>. In executing this Agreement, each Party acknowledges that it has been represented by competent counsel of its own choosing, or has had the opportunity to retain counsel to review this Agreement, that he/she/they understand and agree to each and every term contained herein, that this Agreement is voluntarily entered into by each of them and that this Agreement was negotiated at arms length between the Parties. Any rule of construction which would otherwise hold that any ambiguity in this Agreement should be construed for or against one party over any other is hereby waived.

16. <u>Further Assurances</u>. Promptly upon written request, the Parties agree to execute and deliver to each other such additional documents as may be necessary or appropriate to consummate the transactions contemplated herein or to otherwise implement the terms of this Agreement; however, Dailey agrees that he will deliver to Defendants, pursuant to the Notice provision, the Sales Agreement and any other documents that Defendants are required to sign for the closing at least seven business days prior to the Closing Date. The Sales Agreement will be in a form substantially similar to the form sales agreement entered into between Ms. Park and Dailey and pursuant to which Dailey purchased the Property in August of 2003. The Defendants will not sign any form that does not accurately disclose the rental history for the Property, nor will Ms. Park be required to make any representations or warranties regarding the Property, nor execute any affidavits or indemnifications for the benefit of any party or person in connection with the conveyance of the Property to Dailey.

17. <u>Time is of the Essence.</u> The Parties agree that time is of the essence with respect to each party's obligations under this Agreement.

18. <u>Notices</u>. Any notices required to be given under this Agreement shall be in writing and addressed to the Parties at their respective addresses set forth below and served by (i)

5

hand, or (ii) by a nationally recognized overnight express courier (with acknowledgment by signature). Notice will be effective upon receipt. In the event an addressee refuses to accept delivery, however, then Notice shall be deemed to have been received on either (i) the date hand delivery is refused, or (ii) the next business day after the Notice was sent in the case of attempted delivery by overnight courier. Either party may, at any time, change its Notice address by giving the other party Notice, in accordance with the above, stating the change and setting forth the new address.

If to Dailey:

> Jonathan C. Dailey
> 1610 Little Raven Street
> Unit 410
> Denver, CO 80212

If to Defendants:

> Mr. Ayal Factor & Ms. Sung Ah Park
> 5055 Collins Avenue, Apt 6C
> Miami Beach, FL 33140

With a copy to:

> James D. Sadowski, Esq.
> Greenstein, DeLorme & Luchs, PC
> 1620 L Street, N.W. – Suite 900
> Washington, D.C. 20036

19. <u>Confidentiality of Agreement</u>. The Parties agree that the confidentiality of this Agreement is an important consideration for their entering into this Agreement. Accordingly, none of the Parties shall disclose any terms or contents of this Agreement or the negotiations that led to this Agreement to any person not a party to this Agreement or counsel or record to a party to this Agreement. This paragraph shall not preclude: (A) the disclosure of the terms of this Agreement by a Party in any court proceeding brought by or against it for the enforcement of any right accruing in favor of or against such Party under this Agreement or in defense of any court proceeding brought against a Party to enforce any claim that is the subject of this Agreement; or (B) the disclosure of the terms of the Agreement by a Party hereto in response to a court order or process or as required by any applicable law or regulation; or (C) the disclosure of terms of the Agreement to a Party's accountants, lawyer or to governmental authorities for tax purposes; or (D) the Parties from generally indicating that the matter has been resolved.

20. <u>Non-Disparagement</u>. The Parties (Dailey on the one side, and Ms. Park and Mr. Factor --individually or collectively -- on the other side) agree that they will not voluntarily adversely characterize, comment about, or report to anyone else about the other side's conduct if the conduct in any way involved matters that are related to the Contract, the Property, any financing of the Property, any dispute between them, the Litigation, any discovery requests or responses in the Litigation, any correspondence about the Litigation, or to claims that were

6

asserted, threatened, or could have been asserted in the Litigation. If asked about the prior relationship between them, the Parties agree to state only that they have settled all matters between them.

21. <u>Successors and Assigns</u>. This Agreement and the respective covenants, provisions, terms, conditions, and agreements contained herein, will be binding on and will inure to the benefit of all of the Parties and to their respective successors, assigns, heirs, personal representatives and trustees.

22. <u>Choice of Law</u>. The substantive laws of the District of Columbia will govern the formation, performance, and enforcement of this Agreement, and all of the documents referred to herein, without concern for choice of law principles.

23. <u>Headings</u>. The titles of the headings, paragraphs, and captions herein appear as a matter of convenience only and will not affect the construction of the terms of this Agreement.

24. <u>Merger and Integration</u>. This Agreement sets forth the final and entire agreement and understanding of The Parties for the settlement of any claims between The Parties and the releases described herein and supercedes all prior representations, understandings, and negotiations in that regard not expressly incorporated herein. No inducements, promises, representations or warranties of any kind, except as expressly set forth in this Agreement, have been given or received as part of this Agreement nor will form the basis of any legal claims, whether in contract or otherwise. All written or verbal negotiations preceding this final Agreement are merged with and superceded by this final document.

25. <u>Costs and Expenses</u>. The Parties to this Agreement will each bear his/her/their own costs and expenses incurred in connection with the preparation and negotiation of this Agreement and the dispute resolved by this Agreement, including, without limitation, the fees of each party's counsel. In the event any dispute arises over the terms of this Agreement or compliance with this Agreement, the prevailing party will be entitled to collect from the non-prevailing party its reasonable attorneys fees and costs.

26. <u>Modification</u>. Neither this Agreement nor any of its terms herein may be supplemented, changed, discharged, terminated, modified or amended, except by written instrument signed by the Parties. None of the terms of this Agreement may be effectively waived except in a writing signed by the party charged with waiver.

27. <u>Severability</u>. In the event that one or more provisions or portions of any provision contained in the Agreement is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, the validity, legality, and enforceability of the remaining provisions contained herein, including the release terms contained herein, will remain effective and binding in all respects

28. <u>Counterparts</u>. This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all of such counterparts together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have hereto signed their names and executed this Agreement on the date noted herein.

| Witness/Attest | JONATHAN C. DAILEY |
|---|---|
| _____ | _/s/ Jonathan Dailey_____ |
|  | Date: 3/15/06 |
| Witness/Attest | SUNG AH PARK |
| _____ | _____ |
|  | Date: _____ |
| Witness/Attest | AYAL FACTOR |
| _____ | _____ |
|  | Date: _____ |

8

## ACKNOWLEDGMENT OF JONATHAN C. DAILEY

State of District of Columbia

ss:

County of _____ :

Before me, a Notary Public in and for the jurisdiction aforesaid, personally appeared this date Jonathan C. Dailey, personally known to me to be the individual named in the foregoing Settlement Agreement and Release ("Agreement"), who executed the foregoing and annexed Agreement dated March ___, 2006 on her behalf for the purposes therein contained.

WITNESS my hand and official seal this _15_ day of _March_, 2006.

_____
Notary Public

BARBARA G. BATTE
A Notary Public Of District Of Columbia
My Commission Expires June 30, 2007

9

Witness/Attest _____

*[signature]*
*Isabel Yguave*
*Tara Bejarano*

Witness/Attest _____

Date: _____

SUNG AH PARK *[signature]*

Date: __3/16/06__

AYAL FACTOR _____

Date: _____

## ACKNOWLEDGMENT OF AYAL FACTOR

State of _____ :
                           ss:
County of _____ :

    Before me, a Notary Public in and for the jurisdiction aforesaid, personally appeared th date Ayal Factor, personally known to me to be the individual named in the foregoing Settleme Agreement and Release ("Agreement"), who executed the foregoing and annexed Agreement dated March ____, 2006 on his behalf for the purposes therein contained.

    WITNESS my hand and official seal this _____ day of _____, 2006.

_____
Notary Public


## ACKNOWLEDGMENT OF SUNG AH PARK

State of _FL_____ :
                           ss:
County of _DADE_____ :

    Before me, a Notary Public in and for the jurisdiction aforesaid, personally appeared th date Sung Ah Park, personally known to me to be the individual named in the foregoing Settlement Agreement and Release ("Agreement"), who executed the foregoing and annexed Agreement dated March _16th_, 2006 on her behalf for the purposes therein contained.

    WITNESS my hand and official seal this _16th_ day of _MARCH_____, 2006.

IGNACIO DEL VILLAR
Notary Public, State of Florida
My comm. expires Mar. 10, 2008
No. DD298859

_____
Notary Public

284671v3

|  |  |
|---|---|
| _____ | Date: _____ |
| Witness/Attest | SUNG AH PARK |
| _____ | Date: _____ |
| *[signature]* Witness/Attest | AYAL FACTOR *[signature]* |
|  | Date: 3/16/06 |

## ACKNOWLEDGMENT OF AYAL FACTOR

State of __Florida__ :

County of __Dade__ : ss:

    Before me, a Notary Public in and for the jurisdiction aforesaid, personally appeared this date Ayal Factor, personally known to me to be the individual named in the foregoing Settlement Agreement and Release ("Agreement"), who executed the foregoing and annexed Agreement dated March __16__, 2006 on his behalf for the purposes therein contained.

    WITNESS my hand and official seal this __3__ day of __March__, 2006.

_____
Notary Public

Sheri A Nunez
My Commission DD145946
Expires August 28, 2006

## ACKNOWLEDGMENT OF SUNG AH PARK

State of _____ :

County of _____ : ss:

    Before me, a Notary Public in and for the jurisdiction aforesaid, personally appeared this date Sung Ah Park, personally known to me to be the individual named in the foregoing Settlement Agreement and Release ("Agreement"), who executed the foregoing and annexed Agreement dated March ____, 2006 on her behalf for the purposes therein contained.

    WITNESS my hand and official seal this ____ day of _____, 2006.

_____
Notary Public

284671v3

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY,<br><br>*Plaintiff,*<br><br>v.<br><br>SUNGAH PARK,<br><br>and<br><br>AYAL FACTOR,<br><br>*Defendants.* | Case No. 1:05-CV-02012<br>Judge Ricardo M. Urbina |

## STIPULATION OF DISMISSAL

The Clerk of the Court will please note that this case has been settled pursuant to a written Settlement Agreement and Release ("Settlement Agreement"). Pursuant to the Settlement Agreement, this case should therefore be dismissed, with prejudice, pursuant to D.C. Super. Ct. Civ. R. 41(a)(1)(ii) without an award of costs or expense. Each party shall bear his/her own costs and attorney's fees. Notwithstanding the dismissal of this action, the Court will retain jurisdiction over this matter should it become necessary to enforce the terms of the Settlement Agreement.

Respectfully submitted,

James D. Sadowski, #446635
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5605
Telephone: (202) 452-1400

*Counsel for Defendants Sungah Park and Ayal Factor*

Jonathan C. Dailey, #441841
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center
Suite 530
Bethesda, MD  20814
*Plaintiff - Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY,<br><br>*Plaintiff*,<br><br>v.<br><br>SUNGAH PARK,<br><br>and<br><br>AYAL FACTOR,<br><br>*Defendants*. | Case No. 1:05-CV-02012<br>Judge Ricardo M. Urbina |

## PARTIAL STIPULATION OF DISMISSAL OF CLAIMS

The Clerk of the Court will please note that this case has been settled pursuant to a written Settlement Agreement and Release ("Settlement Agreement"). Pursuant to the Settlement Agreement, this case should therefore be dismissed, with prejudice, as to all claims and counterclaims, except as to Defendant Park's counterclaim for possession, pursuant to D.C. Super. Ct. Civ. R. 41(a)(1)(ii) without an award of costs or expense. Each party shall bear his/her own costs and attorney's fees. Notwithstanding the dismissal of all other claims, Ms. Park's counterclaim for possession will remain pending before this Court for immediate entry of a non-redeemable judgment for possession in favor of Ms. Park.

Respectfully submitted,

James D. Sadowski, #446635
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, D.C. 20036-5605
*Counsel for Defendants Sungah Park and Ayal Factor*

Jonathan C. Dailey, #441841
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center
Suite 530
Bethesda, MD  20814
*Plaintiff - Pro Se*

284747v1

2