# EXHIBIT G

LAW OFFICES

# GREENSTEIN DeLORME & LUCHS, P. C.

| | | |
|---|---|---|
| WILLIAM H. HARRIS, JR.<br>RICHARD G. WISE<br>ABRAHAM J. GREENSTEIN<br>GILBERT E. DeLORME<br>VINCENT MARK J. POLICY<br>RICHARD W. LUCHS<br>JUDITH R. GOLDMAN<br>JACQUES B. DePUY<br>JEFFREY H. GELMAN<br>ALAN S. WEITZ<br>WILLIAM C. CASANO<br>JOHN PATRICK BROWN, JR.<br>LEWIS F. MORSE<br>ROGER D. LUCHS<br>JAMES D. SADOWSKI<br>DONALD F. HOLMES, JR. | 1620 L STREET, N.W., SUITE 900<br><br>WASHINGTON, D.C. 20036-5605<br><br>———<br><br>TELEPHONE (202) 452-1400<br>FACSIMILE (202) 452-1410<br>www.gdllaw.com | ABRIELLE B. ANDERSON*<br>STEPHANIE A. BALDWIN<br>LYLE M. BLANCHARD<br>GREGORY T. DuMONT<br>ALFRED M. GOLDBERG<br>JOSHUA M. GREENBERG<br>JARED S. GREENSTEIN*<br>MONIC Y. HALSEY<br>GUY R. JEFFRESS<br>M. RYAN JENNESS<br>MIRIAM HELLEN JONES<br>ISABEL P. SABIO**<br>———<br>OF COUNSEL<br>MICHAEL T. CREHAN<br><br>*ADMITTED IN MD ONLY<br>**ADMITTED IN VA ONLY<br><br>JDS@GDLLAW.COM |

April 17, 2006

**_BY FEDEX_**

Jonathan C. Dailey, Esq.
Jonathan C. Dailey
1610 Little Raven Street, Unit 410
Denver, CO  80212

**_BY FIRST CLASS MAIL AND E-MAIL_**
_Jonathan@ClearCreekPartners.com_

Jonathan C. Dailey, Esq.
Caplan, Buckner, Kostecka & Korteling, Chtd.
3 Bethesda Metro Center, Suite 530
Bethesda, MD  20814

      Re:    <u>Jonathan C. Dailey v. Sungah Park, et al.</u>
             Case No: 1:05-CV-2012 (Dist. Ct. D.C.)

Dear Jonathan:

      This letter responds to your various e-mail messages and voicemail (left for me at 8:32 p.m. on Wednesday, April 12, 2006) concerning the Settlement Agreement and Mutual Release ("Settlement Agreement") with respect to the above-captioned case. Please note the following:

1.    Ms. Park will not be attending the closing in person. She will need to review, at least 48 hours in advance, any documents that need to be signed at closing.

2.    The celebration of Passover will continue from sundown on Tuesday, April 18, 2006 until sundown on Thursday, April 20, 2006. Ms. Park will not be available during that time frame to sign documents. This leaves Friday, April 21, 2006

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 2 of 5

      open for Ms. Park to sign documents. Please also remember that the Sabbath will be observed beginning Friday, April 21 2006 at sundown.

3.   There is no need for you to have a signed Contract in order to obtain an appraisal. If an appraisal is not timely obtained and that somehow acts to delay settlement beyond April 27, 2006, that will be due to your failure to obtain an appraisal and no other reason.

4.   You are not allowed to deduct from the closing proceeds any amounts needed to satisfy the liens that exist on the Property that are your responsibility. Your attention is directed to Section 5 of the Settlement Agreement. If you have to obtain additional financing (above the sales price) to pay these liens, that is your business, but you will not be permitted to deduct from the sales price any funds that are used to satisfy those outstanding liens.

5.   The Regional Sales Contact ("Contract") that you sent to me does not comply with the Settlement Agreement for a variety of reasons, including the following reasons:

    a.   Section 3 of the Contract does not comply with Section 1 of the Settlement Agreement;

    b.   Sections 4 - 10 of the Contract were left blank or not completed. Ms. Park will not sign an incomplete Contract;

    c.   Section 11 needs to be substantially modified since you have complete access to the Property;

    d.   Sections 12 - 13 of the Contract were left blank or not completed. Ms. Park will not sign an incomplete Contract;

    e.   Section 14 of the Contract is not consistent with the Settlement Agreement as Buyer is taking the property as is, with all faults. No repairs will be made by the Seller;

    f.   Section 16 of the Contract is not consistent with the Settlement Agreement with respect to whom is responsible for obtaining title reports and discharging liens;

    g.   Section 17 of the Contract is not consistent with the Settlement Agreement as the Purchaser has possession;

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 3 of 5

      h.      Section 19 of the Contract was left blank or was not completed. Ms. Park will not sign an incomplete Contract;

      i.      Section 20 of the Contract is not consistent with the Settlement Agreement with respect to whom is responsible for discharging the various liens;

      j.      Section 21 of the Contract is not consistent with the Settlement Agreement. Ms. Park will not be paying any broker's fee;

      k.      Section 22 of the Contract needs to be consistent with the Settlement Agreement;

      l.      Section 23 of the Contract needs to be consistent with the Settlement Agreement by giving Judge Urbina the authority to enforce any dispute;

      m.      Section 24 of the Contract is not consistent with the Settlement Agreement in terms of what funds may be used to pay certain liens;

      n.      Section 25 of the Contract needs to be consistent with the Settlement Agreement in terms of the Seller's remedies;

      o.      Section 29 of the Contract needs to be consistent with the notice provision of the Settlement Agreement;

      p.      Section 31 of the Contract needs to be consistent with the remedies set forth in the Settlement Agreement;

      q.      Portions of Section 32 of the Contract were left blank or were not completed. Ms. Park will not sign an incomplete Contract; and

      r.      Section 34 of the Contract needs to be consistent with the Settlement Agreement;

6.      With respect to the Washington, DC Jurisdictional Addendum, please note the following:

      a.      Ms. Park agreed to sell the Property to you and to you only, not to you and Ms. Tabitha Fitzgerald. Ms. Fitzgerald's name needs to be removed as "Buyer;"

      b.      Sections 1 - 3 of the Addendum were left blank or not completed. Ms. Park will not sign an incomplete Addendum;

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 4 of 5

        c.    Sections 4 - 5 of the Addendum were left blank or not completed. Ms. Park will not sign an incomplete Addendum. With respect to Section 5 of the Addendum, some language will need to be added given your indemnification obligations under Section 8 of the Settlement Agreement;

        d.    Section 6 of the Addendum was left blank or was not completed. Ms. Park will not sign an incomplete Addendum;

        e.    Section 8 of the Addendum does not accurately state the monthly assessments, which are currently $601.88 (monthly maintenance) and $450.50 (special assessment);

        f.    Section 9 of the Addendum needs to be consistent with the notice provision of the Settlement Agreement; and

        g.    Section 10 does not apply and needs to be modified or deleted.

7.    With Respect to the Condominium Addendum, please note the following:

        a.    Section 1 of the Condominium Addendum needs to be modified to make clear that Seller is providing no warranties of any kind and all property being conveyed is being sold in an "as is, with all faults" condition;

        b.    Section 3 of the Condominium Addendum needs to be modified to reflect the correct monthly assessments;

        c.    Section 4 of the Condominium Addendum is not consistent with the Settlement Agreement. You are responsible for taking any required steps that are contemplated by this Section; and

        d.    Section 5 of the Condominium Addendum is not consistent with the Settlement Agreement.

8.    With respect to the Addendum of Clauses, please note the following:

        a.    Section 14 (last sentence) is not consistent with the Settlement Agreement and language needs to be added pursuant to Section 1 of the Settlement Agreement ("the property will be conveyed by Ms. Park to Dailey in its AS-IS, WHERE-IS condition, WITH ALL FAULTS, without representation or warranty or any nature."); and

        b.    The notice provision (here and elsewhere) needs to be consistent throughout.

GREENSTEIN DELORME & LUCHS, P.C.

Jonathan C. Dailey, Esq.
April 17, 2006
Page 5 of 5

      9.     I could not find any language in the Contract setting forth your obligation to pay any pre-payment penalty associated with the First Mortgage with World Savings. This language needs to be added.

Please advise me when I can expect to receive a Regional Sales Contract and accompanying Addenda that are consistent with the Settlement Agreement as set forth in this letter. Please also let me know when I can expect to received the final Deed, HUD Settlement Statement, and any other document that Ms. Park will need to sign at closing. Finally, please note that pursuant to your e-mail message today (of 2:21 p.m.) I called your cell phone at 3:02 p.m., but you did not answer so I left a message for you to call me.

                    Very truly yours,

                    James D. Sadowski

JDS:287439v1

## James D. Sadowski

**From:** Margaret E. Reynolds on behalf of James D. Sadowski
**Sent:** Monday, April 17, 2006 3:43 PM
**To:** Jonathan C. Dailey Esq. (Jonathan@ClearCreekPartners.com)
**Subject:** Dailey v. Park, et al.