# EXHIBIT R

## James D. Sadowski

**From:** James D. Sadowski
**Sent:** Wednesday, April 26, 2006 12:34 PM
**To:** 'DavidSandler@msn.com'; 'tabitha@iwantalowrate.com'
**Cc:** 'Jonathan C. Dailey'
**Subject:** Signed documents - Park

Mr. Sandler/Ms. Fitzgerald:

I have received the original deed (notarized), Addendum, and Seller's/Borrower's Affidavit (notarized) signed by Ms. Park. Note that there is a Supplement to the Seller's/Borrower's Affidavit.

I cannot release the Addendum, which certifies the accuracy of the HUD-1, as no one has sent me the updated HUD-1, even if it is just a draft. I also still have not received a completed DC FP-7 form. I have asked that these things be sent to me several times.

1. What is the time of the closing today and where will it take place?

2. To whom should the original materials be sent (need name, business name, compete address, and phone number)?

3. Please note that Ms. Park is a stay-at-home parent with several children. She does not have immediate access to modern office equipment and may need to go to FedEx/Kinkos to use their office equipment. If there are additional documents that she needs to sign, you will need to send those things to me with sufficient lead time (note that Ms. Park was supposed to have received all documents to be signed at closing at least seven days in advance of closing). Accordingly, I again request that I be provided with a copy/draft of all documents that Ms. Park needs to sign at closing.

Please confirm receipt of this message.

Jim

Attachment - (a) Deed; (b) Seller's/Borrower's Affidavit and Supplement.

James D. Sadowski, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Phone: 202.452.1400, x311
Fax: 202.452.1410

E-mail: jds@gdllaw.com

*INTERNAL REVENUE SERVICE CIRCULAR 230 DISCLOSURE: AS PROVIDED FOR IN TREASURY REGULATIONS, ADVICE (IF ANY) RELATING TO FEDERAL TAXES THAT IS CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (1) AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE OR (2) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY PLAN OR ARRANGEMENT ADDRESSED HEREIN.*

AFTER RECORDING RETURN TO:
DAVID H. SANDLER, ESQ.
8201 CORPORATE DRIVE #1120
LANDOVER, MARYLAND 20785
301 429 0022

## DEED CONVEYING REAL ESTATE

THIS Deed made this April    , 2006, by and between SUNGAH PARK, SOLE OWNER hereinafter referred to as Party(s) of the First Part, and JONATHAN C. DAILEY, SOLE OWNER, hereinafter referred to as Party(s) of the Second Part.

WITNESSETH, That in consideration of the sum of Three Hundred Forty-Seven Thousand and 00/100 ($347,000.00), the said receipt of which is hereby acknowledged, and which the Party of the First Part certifies under penalties of perjury as the actual consideration paid or to be paid, including the amount of any mortgage or deed of trust outstanding; the said Party of the First Part do(es) grant and convey to the said Party of the Second Part the fee simple in all that lot of ground situate in District of Columbia, and described as follows:

BEING KNOWN AND DESIGNATED AS PART OF LOT 65 IN SQUARE 1200 IN A SUBDIVISION MADE BY GEORGETOWN PARK ASSOCIATES, AS PER PLAT RECORDED IN LIBER 167 AT FOLIO 171, AMONG THE RECORDS OF THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA.

BEING THE SAME PROPERTY CONVEYED BY DEED DATED AUGUST 27, 2003 FROM JONATHAN C. DAILEY UNTO SUNAH PARK AND RECORDED AMONG THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA ON SEPTEMBER 2, 2003 IN INSTRUMENT #2003111875.

Property known as:
1080 WISCONSIN AVENUE NW, #2006
WASHINGTON, D.C. 20007
Tax Id. No. 1200-2217
TITLE INSURER: FIRST AMERICAN TITLE INSURANCE COMPANY

To have and to hold said land and premises above described or mentioned and hereby intended to be conveyed, together with the buildings and improvements thereupon erected, made or being and all and every title, right, privileges, appurtenances and advantages thereunto belonging, or in anywise appertaining, unto and for the proper use only, benefit and behalf forever of said Party of the Second Part, in FEE SIMPLE AS SOLE OWNER

And the said Party of the First Part does hereby covenant that she has not done or suffered to be done any act, matter or thing whatsoever, to encumber the property hereby conveyed; that she will warrant the property hereby granted; and that she will execute and further assurances of the same as may be requisite.

*[handwritten:]* Property is being conveyed in its "as is" "with all Faults" condition without representation of warranty of any kind.

*[initialed]* Initial

IN WITNESS WHEREOF, the said Party of the First Part has set her hand(s) and seal(s) the year and day first above written.

_____        _____
Witness                        SUNGAH PARK
GEORGE HASSELL

State of Florida
County of Miami-Dade

I HEREBY CERTIFY that on this April 26, 2006, before the subscriber, a Notary Public of the State aforesaid, personally appeared SUNGAH PARK (or satisfactorily proven) to be the person whose names is/are set forth in the within Deed, and did further acknowledge that she executed the foregoing Deed for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: October 31, 2008



MARIA ISABEL MORENO
Notary Public - State of Florida
My Comm. Expires Oct 31, 2008
Commission # DD 367582

This is to certify that the within instrument has been prepared (i) by or under the supervision of the undersigned Maryland attorney, or (ii) by a party to this instrument.

_____
David H. Sandler, Esq.
File No.: 06-2408

2

## LAWYERS TITLE INSURANCE CORPORATION

### SELLER'S/BORROWER'S AFFIDAVIT

State of _Florida_
County of _Miami-Dade_

THIS AFFIANT, whose address is 1080 WISCONSIN AVENUE NW, #2006 WASHINGTON, D.C. 20007

BEING DULY CAUTIONED AND SWORN, DEPOSES AND SAYS THAT:
1. Affiant is the owner of 1080 WISCONSIN AVENUE NW, #2006, WASHINGTON, D.C. 20007 (the "Property").
2. No person other than the Affiant is in possession or has right to possession of the property except __See Supplement__.
3. Affiant has no knowledge of any unrecorded easement, or claim of easement, affecting the property except _____.
4. Any and all repair or improvement of the property within the last 180 days was completed and paid for except __See Supplement__.
5. There are no unpaid real estate taxes or assessments affecting the property except those currently due and payable and no notice has been received regarding future or pending special assessments except __See Supplement__.
6. Affiant has delivered no unrecorded deed, deed of trust, mortgage or lien affecting the property except __See Supplement__.
7. There are no unrecorded contracts of sale or leases affecting the property which contain a right of first refusal or an option to purchase the fee simple title to the property except __See Supplement__.
8. There have been no changes to the exterior dimension of the improvements located on the property since the Plat of Survey made by __n/a__ dated __n/a__.
9. I have/~~have not~~ provided SANDLER TITLE & ESCROW, LLC with an owner's title insurance policy dated less than 10 years which would provide me with a discount/re-issue rate on my lender's title insurance for this refinance/purchase. *

THIS AFFIDAVIT IS MADE FOR THE PURPOSE OF INDUCING LAWYERS TITLE INSURANCE CORPORATION to issue a title insurance policy or policies or other title evidence, and if acting as escrow or closing agent, then to disburse any funds held as escrow or closing agent. ~~Affiant hereby indemnifies and agrees to hold harmless LAWYERS TITLE INSURANCE CORPORATION against any damages or expense, including but not limited to attorney's fees, sustained as a result of any of the foregoing matters not being true and accurate.~~ ("Affiant" is used herein for singular or plural, the singular shall include the plural, and any gender shall include all gender as the context shall require.)

That my forwarding address is as follows: _____

_____ (SEAL)
SUNGAH PARK

_____ (SEAL)

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public for the aforesaid jurisdiction, this ~~April 27th, 2006~~ 25, 2006 _[initials]_.

_[signature]_ (SEAL)
Notary Public

MARIA ISABEL MORENO
Notary Public - State of Florida
My Comm. Expires Oct 31, 2008
Commission # DD 367582

* See Supplement to Lawyers Title Insurance Corporation
  ~~Seller's/Borrower's~~ Affidavit (next page) attached hereto and

# SUPPLEMENT TO LAWYERS TITLE INSURANCE CORPORATION

# SELLER'S/BORROWER'S AFFIDAVIT

<u>No. 2</u>:

Seller does not know who is in possession of the Property and makes no representations as to who is currently in possession of the Property. Seller is not in possession. Dailey/Purchaser has knowledge of who is in possession. Since August of 2003 Dailey/Purchaser was in possession of the Property pursuant to a Repurchase Option Contract with Seller. Dailey/Purchaser disclosed to Seller in discovery that he sublet the Property to someone else effective November 1, 2005.

<u>No 4</u>:

As indicated in No.2, Seller has not been in possession of the Property. Dailey/Purchaser disclosed to Seller that he did not pay the Minkoff Company for repair and restoration work performed in the Property. Dailey also disclosed to Seller that he did not pay a company called ProServ for cleanup work performed in the Property. These are the only debts that Seller is aware of regarding work in the Property that Dailey/Purchaser (not Seller) arranged to be performed. Seller makes no representations as to whether there exist any other debts related to repairs/improvements performed at the Property. Dailey/Purchaser is solely responsible for satisfying the debts/liens to the Minkoff Company and to ProServ (using Dailey's/Purchaser's own funds) prior to closing.

<u>No. 5</u>:

Seller is current on the first mortgage payments with World Savings (1st Mortgage Loan Number: 22448237). The mortgage payments Seller made to World Savings include a property tax component. World Savings has advised Seller that all real property taxes have been paid through March 9, 2006. World Savings further advised Seller that it pays the taxes twice a year (in March and in August) so the next payment will not be made until August 2006.

<u>No 6</u>:

There are two mortgages on the Property with World Savings previously disclosed to Dailey/Purchaser (1st Mortgage Loan Number: 22448237; and 2nd Mortgage Loan Number: 32075350).

<u>No. 7</u>:

Dailey/Purchaser had a repurchase option with Seller pursuant to a Repurchase Option Contract. Seller's position is that Dailey's/Purchaser's right to repurchase the Property under the Repurchase Option Contract is either void, lapsed, or has been terminated.