IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY,<br><br>   Plaintiff,<br><br>v.<br><br>SUNGAH PARK,<br><br>and<br><br>AYAL FACTOR,<br><br>   Defendants. | Case No.: 1:05-CV-02012<br>Judge Ricardo M. Urbina |

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE CLOSING OF PROPERTY UNDER SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, TO DECLARE THE SETTLEMENT AGREEMENT VOID AND PROCEED WITH LITIGATION**

The Plaintiff, Jonathan C. Dailey, pro se, replies to Defendants' Opposition to his motion to enforce the closing of the property under the settlement agreement or, in the alternative, to declare it void and allow the parties to proceed with litigation. In support of his reply, Plaintiff states as follows:

> "16. Further Assurances. Promptly upon written request, the Parties agree to execute and deliver to each other such additional documents as may be necessary or appropriate to consummate the transactions contemplated herein or to otherwise implement the terms of this Agreement."

In Defendants' twenty-two page Opposition, paragraph 16 of the Agreement, quoted above, receives one paragraph of attention. See Opposition, p. 7. Defendants seek to interpret the phrase "execute and deliver" as something exactly opposite to its plain meaning. Defendants were contractually obligated to "execute and deliver" the payoff document and Defendants

agreed that "time is of the essence with respect to each party's obligations under this Agreement. See Agreement, ¶¶ 16-17. Defendants argue that "[u]nder the Settlement Agreement, Mr. Dailey had the sole obligation to obtain all documents needed for closing…." See Opposition, p. 7. How can that assertion be reconciled with the plain meaning of the phrase: "the Parties agree to execute and deliver to each other such additional documents as may be necessary or appropriate to consummate the transactions contemplated herein."? (Emphasis added.) Try as they might, Defendants cannot retreat from their obligation to have provided the payoff document to Plaintiff – which they failed to do.

Rather than address the seminal issue of failing to provide the payoff document pursuant to Paragraph 16 of the Agreement, Defendants' counsel devotes most of his opposition to a scathing character attack on Plaintiff or inappropriate comments on the underlying dispute. Remarkably, counsel for Defendants does not limit his attack to Plaintiff, but he also goes after every party who assisted Plaintiff in coming to the closing table. Plaintiff will not respond in kind by attacking the character of the Defendants or their counsel.

Ms. Fitzgerald was given an opportunity to review Defendants' Opposition in light of the fact that Defendants repeatedly accuse her of making false statements. Ms. Fitzgerald has responded to these allegations by filing a rebuttal affidavit, which is attached hereto as Exhibit 2. Ms. Fitzgerald confirms that "every effort to obtain information regarding the seller was met with resistance from Mr. Sadowski. It was only during the conference call with Judge Urbina, myself, Mr. Dailey, World Savings Bank and Mr. Sadowski, and eventually Mrs. Park, that I experienced cooperation from Mr. Sadowski with regard to this transaction." See Exhibit 2, ¶ 4. Ms. Fitzgerald confirms that at every step, Mr. Sadowski worked against the persons working to secure the information from him and his client necessary to close on the property.

To rebut Defendants' allegations that they timely complied with their obligations under the Agreement, an affidavit from the title attorney involved in this transaction is attached. Mr. Sandler is a real estate lawyer who was responsible for the settlement on the property in question. Mr. Sandler confirms that his company acquired a title report on April 13, 2006, which referenced the World Savings mortgages. See Exhibit 1, ¶ 3. Mr. Sandler was unable to obtain a written payoff statement from World Savings "because the Defendant's counsel refused to provide" his company with Ms. Park's social security number. Id. ¶ 4. Mr. Sandler contacted Mr. Sadowski and advised him by phone and in writing that he had "to rely upon the seller and Mr. Sadowski's timely cooperation to secure the payoff information which did not occur." Id. ¶ 5. Moreover, Ms. Sandler confirms that the "borrower's certification" was void because Ms. Park did not properly date it. Id. ¶ 4. Mr. Sandler further confirms that he had "several conversations" with Defendant's counsel regarding "these deficiencies". Id. ¶ 6. The e-mail from the title company to Mr. Sadowski (Exhibit J to Defendants' Opposition) states explicitly that "we will need Ms. Parks SSN for verification purposes."

Plaintiff is not a title attorney and had to rely upon Mr. Sandler for taking the steps necessary for closing. Mr. Sandler has ten years experience at a title attorney and he has sworn under oath that his company needed the social security number of Defendant Park to secure the payoff information *if Defendant refused to provide the payoff documentt*. That is a key assertion in this matter – if Defendant had simply complied with Paragraph 16 of the Agreement and provided the payoff documentation, perhaps her social security number would not have been needed. However, she refused to provide the payoff document, and Plaintiff's title attorney has filed an affidavit with this Court swearing that he had to rely upon the seller and her attorney's timely cooperation to secure the payoff information "which did not occur."

It is important to note that in Defendants' bitter rendition of the "facts" of this case, no where do they address the fact that 1) they unilaterally changed the terms of the Agreement by demanding 48 hours advance time to review the closing documents; and 2) that they unilaterally changed the terms of the Agreement by removing two full calendar days to undertake their obligations under the Agreement for theretofore unknown religious reasons.

Plaintiff will not repeat the assertions made in his motion, however, Defendants have made material misrepresentations about what actions were taken by Plaintiff to close and the stall and delay tactics employed by Defendants and their counsel. Plaintiff has submitted sworn affidavits from dis-interested parties regarding these tactics. Both Plaintiff's mortgage broker and his title attorney have sworn to the failures of Defendants and their counsel to "execute and deliver to [Plaintiff] such additional documents as may be necessary or appropriate to consummate" the closing.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court to enforce the closing of the property under the settlement agreement or, in the alternative, to declare it void and allow the parties to proceed with litigation. Plaintiff further seeks an award of attorney fees and costs.

Respectfully submitted,

JONATHAN C. DAILEY, *pro se*

Dated: May 2, 2006

_____,
3 Bethesda Metro Center, Suite 530
Bethesda, MD  20814
Washington, DC 20007
Telephone: (301) 718-1900

4