IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY, | : |
| Plaintiff, | : |
| v. | : |
| SUNGAH PARK, | : Case No.: 1:05-CV-02012 |
| and | : Judge Ricardo M. Urbina |
| AYAL FACTOR, | : |
| Defendants. | : |

### DECLARATION OF TABITHA D. FITZGERALD

I, Tabitha D. Fitzgerald, state and declare under penalty of perjury based upon my own personal knowledge under the laws of the District of Columbia and those of the United States including but not limited to 28 United States Code § 1624 (d) that each of the following facts is true and correct:

1. Mr. Sadowski's claim that during a joint telephone conference call with Mr. Dailey, Mr. Sadwoski and myself, that I falsley stated that the only documents Ms. Park needed to sign at closing were a Deed and a HUD-1 Settlement Statement is not accurate. I did however, state that to my knowledge these were the only documents Ms. Park needed to sign at closing. I then telephoned the title company handling the settlement and closing to confirm whether or not these were indeed the only documents that would be required for signature and found that in addtion to those documents, there were four additional documents required by the District of Columbia to be signed at closing. I requested that the title

company forward these documents to Mr. Sadowski, as I do not have access to them as a mortgage broker, these documents are specific to the title company and are customarily prepared by the title company at closing.

2. It is customary for the title company to obtain payoff information in the mortgage industry; moreover for the seller in a real estate sale transaction. The seller does not generally release their confidential informtaion to the buyer's mortgage broker, only to the title company to facilitate ordering payoffs, running judgement reports, tax documents, etc. as the title company is responsible for securing perfect title for the transfer. I contacted the title company on April 20, 2006, to check the status of the payoffs from World Savings Bank and was told by the title company that they had been asked for Mrs. Parks social security number when they called to order the payoffs. I then contacted Mr. Dailey on behalf of the title company to request the social security number for the payoff information. Mr. Dailey then telephoned Mr. Sadowski, conferencing in the title company and I on the phone call, to request Mrs. Park's social security number for the payoff information.

3. Mr. Sadowski states that I stated in Section 11 of my Affidavit that on April 20, 2006, I called "Cassie", and that "Cassie" told me that she was still waiting for a response to an email request for the payoff figures from the Defendants counsel. Mr. Sadowski's statement regarding what I stated in Section 11 of my Affidavit is incorrect, and not what I stated. I stated that Cassie emailed Mr. Sadowski two days prior requesting information needed to obtain the payoffs from World Savings, not that Cassie had emailed him requesting the payoff figures. Mr.

2

Sadowski never replied to the email from the title company; the email wasn't acknowledged by Mr. Sadowski until Mr. Dailey's conference call to him with the title company and I.

4. In my ten years of mortgage experience I have never encountered such uncoopertiveness and unwillingness and reluctance on the part of a seller, or a seller's agent. Every effort to obtain information regarding the seller was met with resistance from Mr. Sadowski. It was only during the conference call with Judge Urbina, myself, Mr. Dailey, World Savings Bank and Mr. Sadowski, and eventually Mrs. Park, that I experienced cooperation from Mr. Sadowski with regard to this transaction.

5. Contrary to Mr. Sadowski's claim, iwantalowrate.com is not a discount mortgage company.

*Tabitha Fitzgerald*
May 8, 2006.