# - Exhibit C -
# Rebuttal Memorandum

## James D. Sadowski

**From:** Jonathan C. Dailey [Jonathan@ClearCreekPartners.com]
**Sent:** Tuesday, April 11, 2006 9:02 PM
**To:** James D. Sadowski
**Subject:** Re: Sales Contract/Deed

Jim,

I'm sorry - could you repeat that? The Defendants will what again? We will send the contract and deed to Ms. Park and a copy to you. If there is any deviation of your clients' obligations under the settlement agreement, I will file a motion with the Court to declare it null and void and continue with the litigation. Sorry - I don't have a red font to emphasize that point.

Jonathan

> ----- Original Message -----
> **From:** James D. Sadowski
> **To:** Jonathan C. Dailey
> **Cc:** Jonathan Dailey
> **Sent:** Tuesday, April 11, 2006 11:22 AM
> **Subject:** RE: Sales Contract/Deed
>
> Jonathan:
>
> My contact information is automatically included in every e-mail message that I draft and then send to you, so I find it odd that you could not simply cut and paste my contact info and send it to the other persons that were copied on your initial message.
>
> Moreover, there is a Notice provision in the Settlement Agreement that you MUST comply with. By responding to your e-mail message, the Defendants are not waiving any provisions of the Settlement Agreement. **You need to strictly comply with ALL of your obligations under the Settlement Agreement, including, without limitation, those regarding Notice and deadlines.**
>
> **The Defendants will not accept any deviations from the terms of the Settlement Agreement.**
>
> If you want to send my contact information to any one else, you have it and can send it to them (by forwarding this message), however, and I repeat, **the Defendants will not accept any deviations from the terms of the Settlement Agreement.**
>
> Jim
>
> James D. Sadowski, Esquire
> Greenstein DeLorme & Luchs, P.C.
> 1620 L Street, N.W.
> Suite 900
> Washington, D.C. 20036
> Phone: 202.452.1400, x311
> Fax: 202.452.1410
>
> E-mail: jds@gdllaw.com
>
>
>> -----Original Message-----
>> **From:** Jonathan C. Dailey [mailto:Jonathan@ClearCreekPartners.com]
>> **Sent:** Tuesday, April 11, 2006 12:10 AM

5/10/2006

**To:** James D. Sadowski
**Cc:** Jeff Levine; Tabitha Fitzgerald
**Subject:** Sales Contract/Deed

Jim,

My mortgage broker needs Ms. Park to sign a sales contract and a deed. Since time is of the essence, I am putting them directly in touch with you. Although I will review the documents separately, I will have them send them to you directly rather than have me act as a middle man. I think it's more of a technicality than of substance as these are standard documents, but I want to move the process along. My target date for settlement is April 21st. Please reply to this e-mail to all parties so that they have your contact information. Thank you.

Jonathan

5/10/2006

## James D. Sadowski

**From:** Jonathan C. Dailey [Jonathan@ClearCreekPartners.com]
**Sent:** Tuesday, April 11, 2006 9:14 PM
**To:** James D. Sadowski
**Subject:** Re: Sales Contract/Deed

Jim,

You have mis-read the settlement agreement. The "notice" provision applies to "notices required to be given under this agreement...." Sales contracts and deeds are not "notices required to be given under this agreement." So if you continue with your unwarranted threats, I will file a protective order to prohibit you or your client from stonewalling or delaying my efforts at repurchase based upon frivolous claims of proper notice.

> ----- Original Message -----
> **From:** James D. Sadowski
> **To:** Jonathan C. Dailey
> **Cc:** Jonathan Dailey
> **Sent:** Tuesday, April 11, 2006 11:22 AM
> **Subject:** RE: Sales Contract/Deed
>
> Jonathan:
>
> My contact information is automatically included in every e-mail message that I draft and then send to you, so I find it odd that you could not simply cut and paste my contact info and send it to the other persons that were copied on your initial message.
>
> Moreover, there is a Notice provision in the Settlement Agreement that you MUST comply with. By responding to your e-mail message, the Defendants are not waiving any provisions of the Settlement Agreement. **You need to strictly comply with ALL of your obligations under the Settlement Agreement, including, without limitation, those regarding Notice and deadlines.**
>
> **The Defendants will not accept any deviations from the terms of the Settlement Agreement.**
>
> If you want to send my contact information to any one else, you have it and can send it to them (by forwarding this message), however, and I repeat, **the Defendants will not accept any deviations from the terms of the Settlement Agreement.**
>
> Jim
>
> James D. Sadowski, Esquire
> Greenstein DeLorme & Luchs, P.C.
> 1620 L Street, N.W.
> Suite 900
> Washington, D.C. 20036
> Phone: 202.452.1400, x311
> Fax: 202.452.1410
>
> E-mail: jds@gdllaw.com
>
>> -----Original Message-----
>> **From:** Jonathan C. Dailey [mailto:Jonathan@ClearCreekPartners.com]
>> **Sent:** Tuesday, April 11, 2006 12:10 AM

5/10/2006

**To:** James D. Sadowski
**Cc:** Jeff Levine; Tabitha Fitzgerald
**Subject:** Sales Contract/Deed

Jim,

My mortgage broker needs Ms. Park to sign a sales contract and a deed. Since time is of the essence, I am putting them directly in touch with you. Although I will review the documents separately, I will have them send them to you directly rather than have me act as a middle man. I think it's more of a technicality than of substance as these are standard documents, but I want to move the process along. My target date for settlement is April 21st. Please reply to this e-mail to all parties so that they have your contact information. Thank you.

Jonathan

5/10/2006

## James D. Sadowski

**From:** Jonathan C. Dailey [Jonathan@ClearCreekPartners.com]
**Sent:** Tuesday, April 11, 2006 10:31 PM
**To:** James D. Sadowski
**Subject:** Re: Sales Contract/Deed

For purposes of timeliness, the contract will be fed ex'd to Ms. Park and you tomorrow, for receipt on Thursday. Included will be a deed which she can either sign and return with the contract or bring to the closing, if she plans to attend personally. As a gesture of my good will, included will be a return fed ex envelope in Ms. Park's correspondence. Review and execution should take no longer than 24 hours and I expect the signed contract (and deed, depending upon your client's intentions) no later than Monday, April 17th. Closing is scheduled for April 21st.

----- Original Message -----
**From:** James D. Sadowski
**To:** Jonathan C. Dailey
**Cc:** Jonathan Dailey
**Sent:** Tuesday, April 11, 2006 11:22 AM
**Subject:** RE: Sales Contract/Deed

Jonathan:

My contact information is automatically included in every e-mail message that I draft and then send to you, so I find it odd that you could not simply cut and paste my contact info and send it to the other persons that were copied on your initial message.

Moreover, there is a Notice provision in the Settlement Agreement that you MUST comply with. By responding to your e-mail message, the Defendants are not waiving any provisions of the Settlement Agreement. **You need to strictly comply with ALL of your obligations under the Settlement Agreement, including, without limitation, those regarding Notice and deadlines.**

**The Defendants will not accept any deviations from the terms of the Settlement Agreement.**

If you want to send my contact information to any one else, you have it and can send it to them (by forwarding this message), however, and I repeat, **the Defendants will not accept any deviations from the terms of the Settlement Agreement.**

Jim

James D. Sadowski, Esquire
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W.
Suite 900
Washington, D.C. 20036
Phone: 202.452.1400, x311
Fax: 202.452.1410

E-mail: jds@gdllaw.com

-----Original Message-----
**From:** Jonathan C. Dailey [mailto:Jonathan@ClearCreekPartners.com]
**Sent:** Tuesday, April 11, 2006 12:10 AM

**To:** James D. Sadowski
**Cc:** Jeff Levine; Tabitha Fitzgerald
**Subject:** Sales Contract/Deed

Jim,

My mortgage broker needs Ms. Park to sign a sales contract and a deed. Since time is of the essence, I am putting them directly in touch with you. Although I will review the documents separately, I will have them send them to you directly rather than have me act as a middle man. I think it's more of a technicality than of substance as these are standard documents, but I want to move the process along. My target date for settlement is April 21st. Please reply to this e-mail to all parties so that they have your contact information. Thank you.

Jonathan

5/10/2006

## James D. Sadowski

**From:** Jonathan C. Dailey [Jonathan@ClearCreekPartners.com]
**Sent:** Tuesday, April 11, 2006 11:32 PM
**To:** James D. Sadowski
**Subject:** Agreement

My mortgage broker has my sole copy of the settlement agreement and has advised me that I am required to send the sales agreement by overnight mail. You may disregard my earlier e-mail concerning notice, however, I stand by my other e-mails concerning our timeline to settlement and that your clients' timely cooperation is required and strictly construed.

Jonathan