UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JONATHAN C. DAILEY, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 05-2012 (RMU) |
| | : | | |
| SUNGAH PARK, | : | Document No.: | 24 |
| AYAL FACTOR, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM ORDER

ORDERING BRIEFING ON THE COURT'S JURISDICTION

In this case, the parties dispute their rights under a repurchase agreement to a condominium. Assisted by the herculean efforts of Judge Alan Kay, the parties drafted and signed a settlement agreement. The settlement agreement anticipated a closing of the condominium unit and set forth contractual requirements for both parties in working toward this closing. If the closing went forward as contemplated by the settlement agreement, the parties would jointly file a praecipe of dismissal with prejudice. If the closing did not proceed as planned, the parties would jointly file an alternative praecipe of dismissal with prejudice.

The parties are now before the court, each arguing that the other breached the settlement agreement. Accordingly, each side is asking the court to enforce the settlement agreement in its favor. Pl.'s Mot. to Enforce; Defs.' Opp'n to Pl.'s Mot. to Enforce ("Defs.' Opp'n").

"Federal court are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Enforcement of [a] settlement agreement . . . requires its own basis for jurisdiction." *Id.* at 378. The court may enforce settlement agreement terms if that enforcement "relate[s] to the court's power to protect its proceedings and vindicate its

authority[.]" *Id.* at 380.

The settlement agreement in this case required the parties to "submit the terms of the Settlement Agreement to Judge Urbina for approval." Defs.' Opp'n, Ex. 6 at 5. Despite this language, the parties did not submit the settlement agreement to the court for approval and, for this reason, the court did not ratify or adopt the parties' settlement agreement. Thus, the court is not confident of its jurisdiction to entertain the current dispute within the rubric of the case on its merits. *Foretich v. Am. Broad. Cos., Inc.*, 198 F.3d 270 (D.C. Cir. 1999) (holding that the court may only entertain a motion to enforce a settlement agreement when the resolution will impact upon a judicial decree) (citing *Kokkonen*, 511 U.S. at 379).

The court presumes that the parties' dispute over their settlement agreement "lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. Accordingly, the court will *sua sponte* evaluate its jurisdiction to consider the plaintiff's motion to enforce or otherwise entertain the parties' dispute over their settlement agreement. Because the parties failed to identify and brief this issue in their prior submissions to the court, it is hereby this 18th day of May, 2006

**ORDERED** that the parties provide the court with briefing (not to exceed six pages) within 10 days of this order addressing the court's jurisdiction to entertain the present controversy given *Kokkenen*, *Foretich*, *Autera v. Robinson*, 419 F.2d 1197 (D.C. Cir. 1969), and their progeny,[1] and it is

**FURTHER ORDERED** that any party wishing to respond to the initial briefing must do so by way of reply memorandum (not to exceed four pages) within 5 days of the initial briefing,

---

[1] The parties' briefing shall contain relevant case citations, specific pincites to all cases referenced, and informative parenthetical citations.

and it is

      **ORDERED** that during the pendency of the plaintiff's motion to enforce and while the court considers its jurisdiction in this matter, this matter is referred to Judge Kay for mediation.

      **SO ORDERED**.

                                      RICARDO M. URBINA
                                      United States District Judge