IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>SUNGAH PARK,<br><br>and<br><br>AYAL FACTOR,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Case No.: 1:05-CV-02012<br>: Judge Ricardo M. Urbina<br>:<br>:<br>:<br>:<br>: |

## RESPONSE TO COURT'S ORDER TO BRIEF ISSUE OF JURISDICTION

The Plaintiff, Jonathan C. Dailey, pro se, responds to the Court's Order to brief the issue of jurisdiction over enforcement of the Settlement Agreement ("Agreement") in this case. Plaintiff responds as follows:

## INTRODUCTION

Following the parties' agreement to settle the underlying action in this matter, Defendants thereafter agreed to file the Agreement with the Court for ratification and approval. Plaintiff is uncertain as to whether or not Defendants actually filed the Agreement, however, that question is irrelevant for the determination of jurisdiction as it is undisputed that the Court never actually ratified or approved the Agreement. Based upon this fact and the cases cited by the Court, it is Plaintiff's position that this Court does not have jurisdiction to enforce the Agreement.[1] Because the Court does not have jurisdiction over the Agreement, Plaintiff requests that the underlying

---

[1] From a practical perspective, Plaintiff would prefer the Court to rule on his Motion to Enforce, however, the case law makes clear that this Court does not have jurisdiction over enforcement of the Agreement and it must be adjudicated by the D.C. Superior Court. It should be noted that Plaintiff filed his original Complaint in D.C. Superior Court and it was the Defendants who removed the case to federal court.

action in this matter be stayed pending a resolution of the issue of enforcement of the Agreement by the D.C. Superior Court.[2]

## ARGUMENT

There is no connection between the facts alleged by either party as to the claims of breach of the Agreement and the facts of the underlying dispute in this case. Without that connection, or "hook", there is no basis for this Court to exercise jurisdiction over the Agreement. As the Supreme Court noted in the seminal case cited by the Court, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994): "[f]ederal court are courts of limited jurisdiction." In *Kokkonen*, the Court specifically addressed the issue of whether there was a connection between the facts alleged in the allegation of breach of the settlement agreement and the underlying facts of the case:

> …the facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary nor even particularly efficient that they be adjudicated together. No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court.

Id. at 380.

The Court then addressed the second "head" of ancillary jurisdiction by reference to the inherent power of the federal court. But for jurisdiction to be exercised over the settlement agreement under that rubric, the Court still insisted that there be a connection between an order of the Court and the settlement agreement. With that connection,

---

[2] By taking this position, Plaintiff does not waive or withdraw his motion to enforce. If the Court determines that it does, in fact, have jurisdiction, Plaintiff stands by his motion to enforce the Agreement and the relief requested therein

> …a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

Id. at 381.

It is clear, therefore, that the simple fact that the Court was "aware" in this case of the Agreement or even "approved" of it implicitly by participating in a conference call would not confer jurisdiction upon the Court to rule upon enforcement of the Agreement.[3]

The District of Columbia Circuit, in a case following *Kokkonen*, held that the district court had jurisdiction over the settlement agreement in that case because, again, there was a "hook" to the underlying dispute. The court found that one motion before it for attorney's fees was directly connected to the motion to enforce the settlement agreement. The motions were interrelated and resolution of the motion to enforce allowed the court to resolve the motion for fees. The court noted that the district court's order simply declared that the settlement agreement in that case existed – the court did not expand its ruling to the question of whether or not the lower court had the jurisdiction to enforce the settlement agreement.

> We note that the order at issue simply declares that a valid settlement agreement existed. Our affirmance is likewise limited and we do not reach the closer issue of whether enforcing the settlement agreement with affirmative relief such as a mandatory injunction would have been within the district court's jurisdiction.

*Foretich v. Am. Broad. Cos., Inc.*, 198 F.3d 270, 274, fn. 5 (D.C. Cir. 1999).

This Court's presumption that the parties' dispute over their settlement agreement lies outside

---

[3] The fact that the Court attempted to persuade World Savings to provide a pay off is irrelevant to the question of jurisdiction. There was no formal order attached to the Agreement and no connection can be "surmised" by a phone call. Moreover, it is curious that Defendants criticize the attempt by the Court to secure a pay off from World Savings – if all parties had truly wanted to settle on the property by April 29th, it stands to reason all parties would encourage whatever steps could be taken to accomplish that goal.

its limited jurisdiction is correct. The fact that there is no connection – either factually or by Court order – between the Agreement and the underlying case dictates that the Court does not have jurisdiction to enforce the Agreement – regardless of the fact that the underlying dispute was not dismissed. The underlying dispute lies within the jurisdiction of this Court, however, *Kokkonen* and *Foretich* make it clear that enforcement of the Agreement lies within the sole jurisdiction of the D.C. Superior Court.

                          Respectfully submitted,

                          JONATHAN C. DAILEY, *pro se*

Dated: June 1, 2006                        _____,
                                          3 Bethesda Metro Center, Suite 530
                                          Bethesda, MD  20814
                                          Washington, DC 20007
                                          Telephone: (301) 718-1900