IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY, | : |
| Plaintiff, | : |
| v. | : |
| SUNGAH PARK, | : Case No.: 1:05-CV-02012 |
| and | : Judge Ricardo M. Urbina |
| AYAL FACTOR, | : |
| Defendants. | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**

The Plaintiff, Jonathan C. Dailey, pro se, opposes Defendants' Motion for Entry of a Protective Order on the grounds set forth as follows:

Defendants have moved this Court for entry of a protective order requiring Plaintiff to pay $2,876.01 per month into the Court's registry. Defendants' Motion should be denied because 1) Defendants' actions are the very cause of their continued obligation to pay the mortgage and condominium fees; and 2) the imposition of a protective order payment will not "impose a fair obligation" on the Plaintiff.

After the Defendants breached the Settlement Agreement ("Agreement"), at incredible expense to Plaintiff, they audaciously seek funds to be paid into the registry where if they had followed the terms of the Agreement, they would no longer be paying any mortgage payments or condominium fees.[1] Moreover, because the Defendants sabotaged the closing of the property,

---

[1] The Plaintiff paid $6,000 into the Court's registry by March, 2006. Pursuant to the Agreement, the parties agreed that the no further payments were to be paid, thus effectively terminating the Consent Protective

Plaintiff is now facing a lawsuit from ServPro filed in Fairfax County and litigation has been threatened by Minkoff Company. See Exhibit 1, pages 1-4. The invoice from ServPro is for the disposal of charred materials and cleaning of the condominium following the fire. The invoice from Minkoff is for specific repairs and improvements to the living room and kitchen of the property. Both of these liens were to have been paid at the closing of the property pursuant to the Agreement in late April, 2006. These liens are the responsibility of the owner of the property – technically, the Defendants – but the Plaintiff is the subject of litigation and threatened litigation because the Plaintiff undertook these debts when repairing the property on behalf of the Defendants and the Defendants have refused to pay these debts.[2]

When the condominium was repaired following the fire, Plaintiff (who was in the process of securing a mortgage for the original repurchase of the condominium from Defendants in the Spring of 2005) contracted with Minkoff for repairs and paid personal funds of over $7,165.54 to Minkoff. See Exhibit 1, page 2. Under a theory either of quantum meruit or unjust enrichment, the Defendants benefited from this payment as they "technically" own the condominium. In the event this case moves forward, they should be required to pay that amount into the Court's registry, in addition to the amounts asserted by ServPro and Minkoff for unpaid cleaning and repair invoices, to protect the Plaintiff. These amounts total approximately $18,000. So while the Plaintiff is facing litigation in one case, potential litigation in another, and is out-of-pocket $7,165.44 for repairs that benefited the Defendants, they now seek a reinstatement of the protective order payment. Equity demands that no further escrow payments be made by Plaintiff

---

Order. Following the Defendants' breach of the Agreement, no further payments were made per the Agreement. Not only do Defendants seek a return to the escrow payment status quo, but they ask for payments for May and June. The Defendants cannot agree that no further protective payments have to be made, breach the Agreement, and then ask for retroactive payments that were not contemplated and which would impose a tremendous and unfair burden on Plaintiff.

[2] The ServPro debt is listed in the Complaint as $7,017.46. This amount is inflated and incorrect. The part of that bill for which Defendants are responsible is approximately $4,100.

2

as he is facing losses of nearly $18,000 because of the Defendant's failure to pay for cleaning and repairs to "their" condominium.

As this Court has noted in a prior ruling in this matter, fairness is the guiding principle in deciding whether a protective order payment is necessary: "the guiding principle . . . is, of course, to arrive at a reasonable monthly payment which will, at one and the same time, impose a fair obligation on the defendant, permit the case to be heard on the merits, and assure the plaintiff that if he wins he will, having been denied interim possession, at least receive reasonable intervening rent." *Thompson v. Mazo*, 421 F.2d 1156, 1161 (D.C. Cir. 1970). The financial burden on Plaintiff in facing one active lawsuit in Virginia from ServPro and one threatened lawsuit from Minkoff in the District of Columbia – in addition to having paid $6,000 into the Court's registry to date and having to paid over $7,000 to Minkoff to date for repairs that benefit the Defendant – is daunting. Plaintiff incurred significant expense in securing the mortgage which would have brought this case to a close – any further expense would be unfair and cause undue hardship on the Plaintiff.

Although no further escrow payments should be made by the Plaintiff, the amount sought by Defendants is itself unreasonable. It includes "late fees" and "add ons" that are vestiges of the original agreement for repurchase which became void the moment Defendants breached the original repurchase agreement in August, 2005. There is no basis for adding any amount to the principal and interest payments of the mortgage and the monthly condominium fee. The Defendants offer no proof of what the actual property taxes are per month and do not take into consideration the tax benefits of the mortgage. But more importantly, the fact that Defendants are paying a mortgage and condominium fees now is due solely to their failure to abide by the terms of the Agreement. They now seek to return to the status quo when the lawsuit was

pending – this is inherently unfair to Plaintiff who went through great expense to secure a mortgage and secure funding for the closing costs. Defendants will benefit unfairly by their own breach of the Agreement if a protective order payment is reinstated since Plaintiff is facing two lawsuits (one already filed) seeking more than $12,000 in monies rightfully owed by the Defendants. And the Plaintiff is also out-of-pocket over $7,000 for repairs to the property which exclusively benefit the Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Entry of a Protective Order.

> Respectfully submitted,
>
> Jonathan C. Dailey, pro se

Dated: June 13th, 2005

Jonathan C. Dailey
5236 Nebraska Avenue, N.W.
Washington, D.C. 20015
(301) 718-1900
*Pro se*