IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| SUNGAH PARK, | ) |
| and | ) |
| AYAL FACTOR, | ) |
| Defendants. | ) |

No. 1:05-cv-02012
Judge Ricardo M. Urbina

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO REINSTATE PROTECTIVE ORDER

COME NOW THE DEFENDANTS, Sungah Park and Ayal Factor ("Defendants"), by counsel, and hereby file their Reply to the Plaintiff's Opposition to the Defendants' Motion to Reinstate Protective Order. In support of their Reply, Defendants state as follows:

### I.    BRIEF PROCEDURAL BACKGROUND

Defendants have filed a Motion to Reinstate the Protective Order (the "Motion") as a result of the Plaintiff Jonathan C. Dailey's ("Dailey") breach of the Settlement Agreement (the "Agreement") which has placed this matter back in the posture predating the Agreement. In their Motion, Defendants have requested that the monthly protective order payment be reinstated, and further, that it be increased to Two Thousand Eight Hundred Sixty-Seven Dollars and One Cent ($2,867.01) per month. Dailey has filed an Opposition to the Motion arguing, *inter alia,* that the lawsuit filed by ServPro, the threat of a lawsuit by the Minkoff Company and the potential financial implications of each, justifies allowing Dailey not to pay a protective order, while concurrently allowing Dailey to continue to collect rent from his tenant. For the reasons that are discussed more thoroughly below, Dailey's Opposition fails to set forth any legally sufficient

LAW OFFICES
GREENSTEIN DELORME & LUCHS, P.C.
1620 L STREET, N. W.
SUITE 900
WASHINGTON, D.C. 20036-5605
AREA CODE 202-452-1400

basis to overcome the arguments that the Defendants' have made to support the reinstatement of the protective order in the increased amount.

## II.    ARGUMENT

Plaintiff advances no case law in support of his argument that a protective order is inappropriate in this matter due to the fact that Plaintiff has been sued by a third party and is threatened with another lawsuit by another third party. Instead, Plaintiff asserts that had the Defendants not breached the Agreement, no payments would be required to be made by the Defendants (i.e., carrying costs), thereby obviating the need for the protective order as to Plaintiff. First, the Agreement was breached **by Plaintiff,** as demonstrated by his failure to comply with the deadlines that he negotiated, and not Defendants. Second, even if that were not the case, Plaintiff completely understates the purposes of a protective order, i.e. to ensure that a party does not maintain possession of another party's property without paying fair value for it.

The law regarding protective orders is well-settled in this jurisdiction. Mahdi v. Poretsky Management, Inc., 433 A.2d 1085, 1086 (D.C. 1981); Dameron v. Capitol House Assocs. Ltd. P'ship, 431 A.2d 580, 583 (D.C. 1981); Bell, 430 F.2d at 482. A tenant is not entitled to reap the benefits of use and occupancy of a landlord's property without paying just compensation. Plaintiff argues in his Opposition that he should receive the benefit without paying the landlord its just compensation because, if he is forced to make payments, he will suffer a financial hardship. Plaintiff's argument is completely contradictory to the concept underlying protective orders. See, Davis v. Rental Associates, Inc., 456 A.2d 820 (D.C. 1981)("Inability to pay rent due to poverty or lack of funds has never been, and is not now, a defense to a possessory action based on nonpayment."); see also, Dameron v. Capitol House Associates Limited Partnership, 431 A.2d 580, 583 (D.C. 1981)(a tenant "is not unnecessarily burdened by the [Protective] order

2

because current rental payments are a contractual obligation which he voluntarily assumed at the initiation of the lease.").

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (a) reinstate the Protective Order entered on January 11, 2006 by consent of the parties; and (b) increase the payment under the Protective Order to $2,867.01 per month.

Respectfully submitted,

GREENSTEIN DELORME & LUCHS, P.C.

Dated: June 16, 2006

James D. Sadowski, No. 446635
Richard W. Luchs, No. 243931
Joshua M. Greenberg, No. 489323
1620 L Street, N.W.
Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400

*Counsel for Defendants*

291392v1

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Reinstate Protective Order was filed electronically with the Court this 16th day of June, 2006, and that the following person should receive notice electronically via the Court's ECF system:

Jonathan C. Dailey
3 Bethesda Metro Center
Suite 530
Bethesda, MD 20814
*Pro Se Plaintiff*

Joshua M. Greenberg

3