# EXHIBIT 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

*******************************************)
RICHARD F. SILBER, P.C.                    )
                                           )
       Plaintiff,                      )
                                           )
v.                                         )    Civil Action No. 04207-04
                                           )
JONATHAN C. DAILEY                         )
                                           )
       Defendant.                      )
******************************************

## ANSWER

COMES NOW the Defendant Jonathan C. Dailey, *pro se*, and states as follows in Answer to Plaintiff's Complaint:

1.     Defendant admits the allegation set forth in Paragraph 1 of the Complaint.

2.     Defendant admits he is an individual who maintains a business at 2900 M Street, N.W., Suite 200, Washington, D.C. 20007.

3.     The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

4.     The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

5.     Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6.     Defendant denies, as phrased, the allegations set forth in Paragraph 6 of the Complaint as they relate to the total amount of funds he allegedly received from Plaintiff. Defendant further denies that the purpose of all funds allegedly advanced by Plaintiff were loans, and/or loans to Defendant as an individual. Defendant admits that he, as an individual, owes a debt to Plaintiff but is, at this time, without sufficient information or knowledge to

place a precise dollar value on the amount of indebtedness.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

## COUNT I

9. Defendant repeats and incorporates his responses to Paragraphs 1 through 8 as if fully set forth herein.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegation set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

## COUNT II

13. Defendant repeats and incorporates his responses to Paragraphs 1 through 12 as if fully set forth herein.

14. Defendant denies, as phrased, the allegation set forth in Paragraph 14 of the Complaint to the extent that it alleges that all funds advanced by Plaintiff were to Defendant, individually, as a loan, rather than for another purpose. Defendant admits that he, as an individual, owes a debt to Plaintiff but is, at this time, without sufficient information or knowledge to place a precise dollar value on the amount of indebtedness.

15. Defendant denies, as phrased, the allegation set forth in Paragraph 15 of the Complaint to the extent that it implies that all funds advanced by Plaintiff were to Defendant, individually, as a loan, for his own personal benefit. Defendant admits he was aware of funds being advanced by Plaintiff.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

## COUNT III

19. Defendant repeats and incorporates his responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies, the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint as to the claim that he has been, or would be, unjustly enriched. Defendant is, at this time, without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint and therefore denies the same.

23. Defendant denies, as phrased, the allegation set forth in Paragraph 23 of the Complaint to the extent that it implies that all funds advanced by Plaintiff were to Defendant, individually, as a loan, rather than for another purpose, and that Plaintiff is *owed* repayment of all funds advanced. Defendant admits that he, as an individual, owes a debt to Plaintiff but is, at this time, without sufficient information or knowledge to place a precise dollar value on the amount of indebtedness.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted.
2. Plaintiff's claims are barred, in whole or in part, to the extent that they are untimely under the applicable statutes of limitations.
3. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff was contributorily negligent.
4. Defendant has not breached any of the duties or obligations owed to Plaintiff as alleged in the complaint.

5.  Plaintiff's claims as to Count I of the Complaint are barred, in whole or in part, because the *Contract* Plaintiff alleges that Defendant breached does not exist.

6.  Plaintiff's claims as to Count I, II, and III of the Complaint are barred, in whole or in part because, with respect to the allegations set forth in the Complaint, the parties, at no time, reduced any contract to writing.

7.  Plaintiff's claims as to Count I, II, and III of the Complaint are barred, in whole or in part, because, with respect to the allegations set forth in the Complaint, the parties, at no time, entered into an oral agreement.

8.  Plaintiff's claims as to Count I, II, and III of the Complaint are barred, in whole or in part, because, with respect to the allegations set forth in the Complaint, the parties, at no time, reached the requisite meeting of the minds which is a condition precedent to the formation of any contract.

9.  Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, because any loans allegedly provided by Plaintiff were usurious, unlawful, unenforceable, and/or made in violation of D.C. Code §§ 28-3301.

10. Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

11. Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, by the Doctrine of Laches.

12. Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, by the defense of assumption of risk.

13. Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, by the Doctrines of Estoppel and/or Waiver.

14. Defendant reserves the right to assert further and other defenses as they become evident through discovery or investigation.

Dated this 8th day of July, 2004          Respectfully submitted,

Jonathan C. Dailey  *pro se*
2900 M Street, N.W., Suite 200
Washington, D.C. 20007
(202) 944-9880

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2004, a true copy of the aforementioned Plaintiff's Answer to defendant's Complaint was serve by first class mail, postage prepaid upon:

Charles F. Gormly, Esq.
Law offices of Charles F. Gormly
1050 17th Street, N.W., Suite 1250
Washington, D.C. 20036

Jonathan C. Dailey  *pro se*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

```
*******************************)
RICHARD F. SILBER, P.C.        )
                               )
           Plaintiff,          )
                               )
v.                             )     Civil Action No. 05-0001110
                               )
JONATHAN C. DAILEY             )
                               )
           Defendant.          )
*******************************
```

## ANSWER

COMES NOW the Defendant Jonathan C. Dailey, *pro se*, and states as follows in Answer to Plaintiff's Complaint:

1. Defendant admits the allegation set forth in Paragraph 1 of the Complaint.

2. Defendant admits he is an individual who maintains a business at 2900 M Street, N.W., Suite 200, Washington, D.C. 20007.

3. The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

4. The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits that he, as an individual, owes a debt to Plaintiff but is, at this time, without sufficient information or knowledge to place a precise dollar value on the amount of indebtedness.

7.	Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8.	Defendant admits that no further payments were made but denies the other allegations set forth therein.

9.	The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

10.	The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

11.	The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required from the Defendant.

Defendant denies that Plaintiff is entitled to the relief as set forth in the last unnumbered paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

1.	Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, because any loans allegedly provided by Plaintiff were usurious, unlawful, unenforceable, and/or made in violation of D.C. Code §§ 28-3301.

2.	Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

3.	Plaintiff's claims at Count I, II, and III of the Complaint are barred, in whole or in part, by the Doctrines of Estoppel and/or Waiver.

4.	Defendant reserves the right to assert further and other defenses as they become evident through discovery or investigation.

Dated this 10th day of of March, 2005          Respectfully submitted,

*(signature)*
Jonathan C. Dailey  *pro se*
2900 M Street, N.W., Suite 200
Washington, D.C. 20007
(202) 944-9880


## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2005, a true copy of the aforementioned Plaintiff's Answer to Defendant's Complaint was serve by first class mail, postage prepaid upon:

Charles F. Gormly, Esq.
Law Offices of Charles F. Gormly
1050 17th Street, N.W., Suite 1250
Washington, D.C. 20036

*(signature)*
Jonathan C. Dailey  *pro se*