# EXHIBIT 6

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

YELENA SMITH                                    *
411 Summer Garden Way
Rockville, Maryland 20850,               *

      Plaintiff

      vs

JONATHAN CHRISTIAN DAILEY
2900 M Street, N.W., Suite 200
Washington, D.C. 20007

      and                                            *

WILLIAM CAFFEY NORMAN                *
3135 O Street, N.W.
Washington, D.C. 20007-3117        *



FILED
CIVIL ACTIONS BRANCH

JAN 2[illegible] 2006     Civil Action No.:

Superior Court
of the District of Columbia
Washington, D.C.

**COMPLAINT FOR DAMAGES**
**(Assault and Battery, Intentional Infliction of Emotional Distress,**
**Negligence)**

**Jurisdiction**

1. Jurisdiction in this case is founded in D.C. Code Section 11-921.

2. The Plaintiff, Yelena Smith (hereinafter referred to as Plaintiff), is an adult citizen of the United States, who has resided in the State of Maryland at all times pertinent hereto, and whom sustained personal injuries, damages and losses as a result of the brutal and unprovoked physical attack and assault committed against her by Defendant John C. Dailey and as a result of Defendant William C. Norman's negligence.

3. Defendant Jonathan C. Dailey (hereinafter referred to as Defendant Dailey) is an adult citizen of the United States and a resident of the District of Columbia. Defendant Dailey is an attorney admitted to practice who has his principal office in the District of Columbia.

4. Defendant William C. Norman (hereinafter referred to as Defendant Norman) is an adult citizen of the United States and resident of the District of Columbia.



5. All events comprising the subject matter of this lawsuit occurred in the District of Columbia.

## Facts Common to All Counts

6. On or about January 29, 2005, Plaintiff, along with her husband and a six year old daughter, was invited and attended a birthday party and/or anniversary celebration at Defendant Norman's Washington D.C. home. Numerous friends and family of the Normans were also in attendance and were issued a special invitation card.

7. At the end of the aforesaid social function, Defendant Norman offered the Plaintiff and her family to spend the night at the Norman residence. Given their close friendship, driving distance to the Plaintiff's home and late hour, Plaintiff and her husband accepted Defendant Norman's invitation.

8. Defendant Dailey was not invited to the party by either Defendant Norman or his wife. He arrived at the Norman residence unexpectedly at approximately 1:30 am on January 30, 2005, and was allegedly invited by another guest at the party.

9. At the time Defendant Dailey entered he appeared to be hyper and quite intoxicated. Defendant Norman did not know who Defendant Dailey was. Defendant Norman never inquired as to the identity of Defendant Dailey and as to what he was doing at his home.

10. After his arrival to the Norman residence, Defendant Dailey was provided by Defendant Norman with additional alcohol and became more intoxicated. As he became more intoxicated, he destroyed and/or defaced several articles of personal property, including a bottle of wine and several wine glasses.

11. Defendant Dailey never attempted to communicate or socialize with any of the other guests who were still present. Immediately after his arrival and acquiring another alcoholic beverage, Defendant Dailey proceeded directly to Mrs. Norman engaged in acts of lewdness and sexual conduct with her. All of these events were witnessed by Defendant Norman who was present in the room at all times.

12. At the time she was approached by Defendant Dailey Mrs. Norman was to so inebriated that she could not make any rational decisions and was semi-conscious from excessive consumption of alcohol.

13. Defendant Dailey was fully aware of Defendant Norman's wife's condition as were all remaining guests. Notwithstanding same, Defendant Dailey proceeded to dance and inappropriately touch Mrs. Norman in a

sexual manner. Defendant Dailey actions were intentional, premeditated and caused a great shock among the remaining guests. Defendant Dailey's actions amount to an assault.

14. Having observed Defendant Dailey's actions towards his wife and without taking any action, Defendant Norman retired to his bedroom to sleep leaving his wife, Defendant Dailey and remaining guests downstairs in the living room.

15. After Plaintiff, clearly shocked and offended by Defendant Dailey's conduct, protested and demanded that he stop sexually assaulting Mrs. Norman, her friend, she was violently punched, hit and stricken by Defendant Dailey in the face, which caused her to fall backwards from the chair she was sitting in. As she fell, Plaintiff hit her head against the floor and briefly lost consciousness.

16. When Plaintiff got up from the floor and was disoriented, Defendant Dailey again punched her in the face causing her to collapse again, after which he fled the scene.

17. Metropolitan police was called and shortly thereafter apprehended and arrested Defendant Dailey. He was subsequently found guilty of first degree assault after a bench trial in this Court.

### Count I – Assault and Battery
(Jonathan C. Dailey)

18. Plaintiff incorporates by reference and makes a part hereof as stated in full in paragraphs 1 through 16 above.

19. Defendant Dailey without any cause or provocation, punched, hit and stricken the Plaintiff in the face causing her serious and permanent bodily injuries.

20. Defendant Dailey's conduct was intentional and deliberate and made with intent to cause the Plaintiff serious bodily harm.

21. In the course of his conduct on the night in question, Defendant Dailey on several occasions made a deliberate attempt to make a harmful or offensive contact with the person of the Plaintiff.

22. As a direct and proximate result of Defendant Dailey's intentional conduct, Plaintiff suffered and will continue to suffer from serious bodily injuries. Said physical injuries are permanent and significantly affect Plaintiff's ability to discharge her duties and engage in her daily activities.

23. As a direct and proximate result of Defendant Dailey's intentional conduct, Plaintiff suffered and will continue to suffer from extreme pain and suffering, as well as mental pain and anguish.

24. As a direct and proximate result of Defendant Dailey's intentional conduct, Plaintiff suffered and will continue to suffer economic loss, legal and medical expenses, and lost wages.

### Count II– Intentional Infliction of Emotional Distress
(Jonathan C. Dailey)

25. Plaintiff incorporates by reference and makes a part hereof as stated in full in paragraphs 1 through 24 above.

26. Defendant Dailey's intentional conduct toward the Plaintiff was deliberate and was calculated to disgrace, humiliate, and embarrass the Plaintiff in the presence of her family, friends, and social acquaintances, and cause extreme emotional suffering.

27. As a result of Defendant Dailey's conduct, Plaintiff suffered embarrassment and humiliation in the presence of her husband, young daughter and a number of social acquaintances.

28. As a direct and proximate result of Defendant Dailey's intentional conduct, Plaintiff suffered and will continue to suffer severe emotional distress and extreme emotional trauma.

29. The acts and/or omissions of Defendant Dailey constitute a common law tort of intentional infliction of emotional distress.

30. As a direct and proximate result of Defendant Dailey's intentional conduct, Plaintiff suffered and will continue to suffer economic loss, legal and medical expenses, lost wages and pain and suffering.

### Count III– Gross Negligence
(Jonathan C. Dailey)

31. Plaintiff incorporates by reference and makes a part hereof as stated in full in paragraphs 1 through 30 above.

32. By violently striking the Plaintiff, Defendant Dailey acted illegally, immorally, and with reckless and wonton disregard for Plaintiff's safety.

33. Defendant Dailey's extreme and violent behavior was direct, foreseeable and proximate cause of Plaintiff's injuries.

34. In assaulting the Plaintiff Defendant Dailey acted with gross negligence in violation of laws of the District of Columbia.

35. Defendant Dailey's gross negligence is a direct and proximate result of Plaintiff's bodily injuries, emotional suffering, economic loss, legal and medical expenses, lost wages and pain and suffering.

36. Additionally, Defendant Dailey's conduct and gross negligence resulted in exacerbation of Plaintiff's preexisting medical conditions, causing her additional pain and suffering and medical expenses.

### Count IV–Negligence
(William C. Norman)

37. Plaintiff incorporates by reference and makes a part hereof as stated in full in paragraphs 1 through 36 above.

38. At all times pertinent hereto Defendant Norman witnessed, was aware of and was put on notice regarding violent propensities of Defendant Dailey.

39. Defendant Norman had a duty to ensure the safety of his overnight guests, including the Plaintiff and her family. Defendant Norman owed the Plaintiff a duty of safety after he offered her and her family to stay at his house overnight.

40. Defendant Norman had an opportunity and obligation to take measures to remove Defendant Dailey from his home, including calling the police, after he, an intoxicated stranger, came to his home without an invitation and sexually assaulted his wife.

41. A reasonable and prudent husband/person standard dictates that once put on notice, Defendant Norman was under obligation to attempt to remove Defendant Dailey from his residence to ensure safety of his spouse and his guests.

42. Defendant Norman's omission to call the police and remove Defendant Dailey from his home after he witnessed his conduct with his wife, renders Defendant Norman's conduct in the early morning hours of January 30, 2005 negligent and in violation of the laws of the District of Columbia.

43. Defendant Norman's negligent acts and/or omissions directly and proximately resulted in Plaintiff's bodily injuries, emotional suffering, economic loss, legal and medical expenses, lost wages and pain and suffering.

WHEREFORE, Plaintiff prays that she be awarded a judgment against

1.      Defendant Dailey in the amount of $5,000,000 for past, present, and future emotional damages, medical and economic damages, pain and suffering legal fees and costs and also punitive damages.

2.      Defendant Norman in the amount of $2,000,000 for past, present, and future emotional damages, medical and economic damages, pain and suffering legal fees and costs and also punitive damages.

3.      For such other and further relief that this Court deems just and proper.

Respectfully submitted:

BELL P.A.

VLADIMIR I. GVOZD
Attorney for Plaintiff
Bell Tower Building
101 West Jefferson Street
Rockville, Maryland 20850
(301)762-1717