IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY, | : |
| Plaintiff, | : |
| v. | : |
| SUNGAH PARK, | : Case No.: 1:05-CV-02012 |
| and | : Judge Ricardo M. Urbina |
| AYAL FACTOR, | : |
| Defendants. | : |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' "SUPPLEMENT" AS A VIOLATION OF RULE 11**

The Plaintiff, Jonathan C. Dailey, pro se, moves to strike Defendants' Supplement to Their Motion to Reinstate Protective Order Payments and to Pending Motions to Enforce the Settlement Agreement as a violation of Rule 11.[1] In support of his motion, Plaintiff states as follows:

Rule 11 of the Federal Rules of Civil Procedure mandates that a lawyer, by signing and filing a pleading, is representing to the Court that the pleading "(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Defendant's counsel, Mr. James Sadowski, filed his supplement on the sole grounds that "Defendants' counsel has recently obtained information concerning Dailey that is relevant to the Motion to Reinstate and that has a bearing on Dailey's claims that he was ready,

---

[1] Plaintiff is not requesting sanctions pursuant to Rule 11(c)(1); therefore, it is Plaintiff's position that he is not required to follow the procedural dictates of that section. If this Court determines that Plaintiff is in error, Plaintiff requests that Sadowski be allowed to cure the violation in the timeframe prescribed by that section.

willing, and able to go to closing on April 27, 2006." See Defendants' Supplement, at 2.[2] Sadowski alleges that negative financial information concerning two lawsuits should be brought to the Court's attention insofar as that negative information would have prevented Plaintiff from closing on the property. It is abundantly clear that Sadowski filed the supplement not for this purpose, but for the improper and malicious purpose of harassing Plaintiff.

In Plaintiff's Reply Brief to his Motion to Enforce the Settlement Agreement, he attached as Exhibit 1 the affidavit of the title attorney involved in the transaction. Mr. Sandler is a real estate lawyer who was responsible for the settlement on the property in question. Mr. Sandler confirms that he actually conducted the closing and was forced to return the funds that were wired to him by Plaintiff's mortgage bank because Sadowski refused to deliver the deed. See Exhibit 1, ¶¶ 8-10. Mr. Sandler and Ms. Fitzgerald further confirmed in their affidavits that the sole reason the closing took place the morning following April 27th was that Sadowski refused to deliver the pay-off information in a timely fashion. It is irrefutable, therefore, that Plaintiff was "ready, willing and able" to close on the property as the closing actually took place and the money was wired from Plaintiff's mortgage bank to the title attorney.

Sadowski cannot claim that he was unaware of this affidavit as he addressed Sandler's allegations in his Response to Plaintiff's Reply Brief. What other motivation could Sadowski have to sign and file the supplement? It is obvious that the salacious details of two lawsuits filed against Plaintiff was too much for Sadowski to withstand. Not one allegation raised in his supplement has any relevance to the underlying facts of this case or to enforcement of the settlement agreement – Sadowski signed and filed the supplement as a malicious and intentional

---

[2] Any allegation that the negative financial information is relevant to the Motion to Reinstate is false on its face. The allegations raised by Sadowski offer nothing new to the Court regarding the appropriateness of a protective order payment.

attempt to harm the Plaintiff before this Court.³  The truth of Sadowski's motivation is a clear as his frustration with not obtaining a result for his clients that he had anticipated.  Plaintiff has not delved into the depths of harassment of Defendants because it was his measured judgment that it was not relevant to enforcement of the settlement agreement.   However, if the Court determines that it does not have jurisdiction over the settlement agreement or orders the parties to proceed with litigation, it will become quite clear in Defendant Park's deposition that she has committed three separate felonies of mortgage fraud, banking fraud and perjury.  Plaintiff raises this point not to embarrass or harass Defendant Park (Plaintiff has never raised these issues before to the Court), but to refute Sadowski's constant barrage of allegations of Plaintiff's "unclean hands."  It is Plaintiff's sole intention to have this case decided on the facts – and Plaintiff respectfully requests that the "Supplement" filed with the sole intent of harassing and harming the Plaintiff before this Court be stricken.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court strike Defendants' Supplement to Their Motion to Reinstate Protective Order Payments and to Pending Motions to Enforce the Settlement Agreement.

Respectfully submitted,

JONATHAN C. DAILEY, *pro se*

Dated: August 23rd, 2006              _____,
                                       3 Bethesda Metro Center, Suite 530
                                       Bethesda, MD  20814
                                       Washington, DC 20007
                                       Telephone: (301) 718-1900

---

³ Plaintiff can defend himself to the allegations raised by Sadowski in his supplement.  If this Court deems his allegations relevant to the issues before it, Plaintiff would request an opportunity to explain the true facts and circumstances behind both lawsuits.