IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN C. DAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>SUNGAH PARK,<br><br>and<br><br>AYAL FACTOR,<br><br>    Defendants. | No. 1:05-cv-02012<br>Judge Ricardo M. Urbina |

**DEFENDANTS' OPPOSITION TO PLAINTFF'S MOTION TO STRIKE
DEFENDANTS' SUPPLEMENT AS A VIOLATION OF RULE 11**

COME NOW THE DEFENDANTS, Sungah Park and Ayal Factor ("Defendants"), by counsel, and hereby file their Opposition to the Plaintiff's Motion To Strike Defendants' Supplement as a Violation of Rule 11 ("Motion to Strike"). In support of their Opposition, Defendants state as follows:

**I.   BRIEF PROCEDURAL BACKGROUND**

There are currently several requests for relief pending before the Court, each of which have been thoroughly briefed. Both the Plaintiff and the Defendants have asked the Court to determine which party breached a written Settlement Agreement and Mutual Release ("Settlement Agreement"). The Settlement Agreement was first submitted to the Court for approval in a Consent Motion. That Consent Motion remains pending. The other pending issue is the Defendants' request that the Court reinstate the protective order payments. When Defendants' counsel recently obtained information relevant to these pending issues, he filed a

Supplement. Mr. Dailey, who has been representing himself pro se throughout this proceeding, filed the Motion to Strike. The sole basis for the Motion to Strike is Mr. Dailey's assertion that the Supplement was filed "for the malicious purpose of harassing Plaintiff." Mr. Dailey filed the Motion to Strike under the auspices of Rule 11. Mr. Dailey did not, however, comply with either this Court's Standing Order or the mandatory pre-filing procedures set forth in Rule 11. The Court should deny the Motion to Strike for those reasons and because the Motion to Strike is substantively deficient.

## II.   LEGAL ARGUMENT

### A.   Mr. Dailey Did Not Comply With the Court's Standing Order Nor With Rule 7(m).

The Scheduling Order in this case provides that the "parties must ensure that motions and related submissions comply with Local Rule 7." Standing Order for Civil Cases at 1, Section 2 (Guidelines for Submissions). Local Rule 7(m) provides that

> [b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought, and if there is opposition, to narrow the areas of disagreement.

Local Rule 7(m). Mr. Dailey made no effort, much less a good faith effort, to comply with Rule 7(m) prior to filing the Motion to Strike.

### B.   Mr. Dailey Did not Comply With the Mandatory Pre-Filing Requirements of Rule 11.

Rule 11 of the Federal Rules of Civil Procedure provides that in order to file a motion for sanctions under the Rule:

> . . . the motion shall be served as provided in Rule 5, but shall not be filed with or presented to the Court, unless within 21 days after service of the motion (or such other

2

> period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed. R. Civ. Proc. 11(c)(1) (emphasis added). Mr. Dailey has conceded in the Motion to Strike that he did not follow Rule 11's mandatory per-filing requirements. Mr. Dailey tries to dance around this issue by claiming in a footnote that he is "not requesting sanctions pursuant to Rule 11(c)(1)" and that it is "his position" that he is not required to follow that Rule. Contrary to what Mr. Dailey asserts in the Motion to Strike, the motion itself is titled "Violation of Rule 11." Rule 11 (c)(1)(B) allows the Court, <u>on its own initiative,</u>[1] to enter an order describing the conduct that violates Rule 11. It is not known why Mr. Dailey believes he does not have to follow the Court's rules. Defendants' counsel is not in a position to explain or justify that problem.[2]

    C.    <u>The Information in the Supplement is Relevant to the Issues Before the Court.</u>

Mr. Dailey has asserted to the Court that he was ready, willing, and able to go to closing on April 27, 2006. The information presented in the Supplement is clearly relevant to rebut that assertion. By definition, evidence is "relevant" if it tends to prove or disprove a contested fact. See <u>United States v. Abel</u>, 469 U.S. 45, 50-51 (1984) ("Rule 401 defines as 'relevant evidence' evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). The evidence presented in the Supplement is of consequence to the determination of the pending motions as that evidence makes it more probable that Mr. Dailey could not have closed on the property had he fully disclosed the existence of two lawsuits that

---

[1] Mr. Dailey's repeated failure to abide by this Court's orders have to date not gone unnoticed. See Order Denying Plaintiff's Motion for an Extension of Time dated March 10, 2006. However, because of pending issues regarding the Settlement Agreement, Mr. Dailey's repeated violations of this Court's orders have not been addressed by him nor have they been punished.

[2] Fed. R. Civ. Proc. 12(f) sets forth the appropriate grounds for a motion to strike -- none of which are present here.

had been filed against him -- one of which resulted in the entry of a substantial money judgment. Those facts, while perhaps considered embarrassing to Mr. Dailey, are matters of public record that have high probative value to the contested issues before the Court. It cannot be seriously questioned that the existence of a $44,630.20 money judgment is information that would have been critical to a mortgage lender's decision to approve or deny a potential borrower's loan application. See Exhibit 7 to the Supplement (Universal Residential Loan Application).[3]

The evidence presented in the Supplement also clearly demonstrates the need for the Court to immediately reinstate the protective order. While there have been pending issues before the Court, Mr. Dailey has been pocketing the subtenant's rental income without paying any of those proceeds toward either a mortgage payment or into the Court Registry. With each passing day, the likelihood that additional judgments could be entered against Mr. Dailey increases, which will of course seriously hinder the Defendant's efforts to collect any amount from Mr. Dailey. The protective order device was designed to protect against exactly what is occurring here – a property owner being unable to collect reasonable intervening rent during a period of prolonged litigation.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion to Strike. In addition, as Mr. Dailey has conceded in the Motion to Strike that he knew of, and deliberately did not follow, Rule 11(c)'s mandatory pre-filing requirements, it is evident that the Court's prior warnings concerning Mr. Dailey's "unpleasant rendezvous with Rule 11"

---

[3] Mr. Dailey could have easily cleared up this issue by tendering his loan application to the Court for review. Regrettably, Mr. Dailey instead chose to file the Motion to Strike and make ad hominem, unsupported personal attacks.

4

have not been heeded. The Court would therefore be acting within its discretion to sanction Mr. Dailey for -- yet again -- ignoring this Court's rules and orders.

                                               Respectfully submitted,

                                               GREENSTEIN DELORME & LUCHS, P.C.

Dated:  September 5, 2006              James D. Sadowski, No. 446635
                                               Richard W. Luchs, No. 243931
                                               Joshua M. Greenberg, No. 489323
                                               1620 L Street, N.W.
                                               Suite 900
                                               Washington, DC 20036-5605
                                               Telephone: (202) 452-1400

                                               *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendants' Opposition to Plaintiff's Motion To Strike Defendants' Supplement as a Violation of Rule 11 was filed electronically with the Court this 5th day of September, 2006, and that the following person should receive notice electronically via the Court's ECF system:

>Jonathan C. Dailey
>3 Bethesda Metro Center
>Suite 530
>Bethesda, MD 20814
>*Pro Se Plaintiff*

_____
James D. Sadowski

296910v1