UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,

                                CASE NO.:05-2012 (RMU)

          PLAINTIFF,

VS.

                                **DEFENDANT'S SECOND NOTICE OF DEPOSITION AND REQUEST TO PRODUCE**

SUNGAH PARK AND AYAL FACTOR,      **DOCUMENTS PURSUANT TO 30(b)(5)**

          DEFENDANTS.

_____/

Please take notice that pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, the undersigned will take the deposition upon oral examination of the following person at the following time and place:

1.      Plaintiff, Jonathan C. Dailey on **Monday, March 5, 2007, at 1:00 p.m.** at Law Offices of Montgomery Blair Sibley, 1717 K Street, N.W., Suite 600, Washington, D.C. 20036.

2.      Kevin Schlosberg, on **Monday, March 5, 2007, at 10:00 a.m.** at Law Offices of Montgomery Blair Sibley, 1717 K Street, N.W., Suite 600, Washington, D.C. 20036

3.      Antoine de Carbonnel, 1080 Wisconsin Avenue, N.W., Unit 2006, Washington, DC 20007 on **Monday, March 5, 2007, at 11:00 a.m.** at Law Offices of Montgomery Blair Sibley, 1717 K Street, N.W., Suite 600, Washington, D.C. 20036

The depositions (i) will be taken upon oral examination before a Notary Public in and for the District of Columbia, or some other officer duly authorized by law to take depositions, (ii) will continue from day to day until completed, (iv) pursuant to FRCP 30(b)(3) may also be taken by video/audio recording and (iv) are being taken for the purpose of discovery, for use at trial, or both, and for such other purposes as are permitted under the Federal Rules of Civil Procedure and governing federal statutes. A copy of the subpoena is attached for each non-party deponent.

Pursuant to Federal Rules of Civil Procedure, Rule 30(b)(5), Plaintiff, Jonathan C. Dailey

is requested in compliance with Rule 34 to produce the following documents and tangible things at

the taking of the deposition:

1.  All documents related 1080 Wisconsin Avenue, N.W., Unit 2006, Washington, DC 20007, including, without limitation, rental agreements, lease payments from tenants and payments to the court's registry from 2005 until the present.

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served pursuant to LcvR 5.4(d) upon Jonathan C. Dailey this February 6, 2007.

> **MONTGOMERY BLAIR SIBLEY**
> *Attorney for Defendants*
> 50 West Montgomery Avenue, Suite B-4
> Rockville,  MD 20850-4216
> Voice/Fax:    (202) 478-0371
>
>
> By:  ⁄s⁄ Montgomery Blair Sibley
>       Montgomery Blair Sibley
>       D.C. Bar #464488

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

JONATHAN C. DAILEY,

CASE NO.:05-2012 (RMU)

PLAINTIFF,

VS.                                                              **SUBPOENA DUCES TECUM**

SUNGAH PARK AND AYAL FACTOR,

DEFENDANTS.
_____/

To:    Kevin Schlosberg, 3411 Dent Place, N.W., Washington, DC 20007

**YOU ARE COMMANDED** to appear on on **Monday, March 5, 2007, at 10:00 a.m.** at Law Offices of Montgomery Blair Sibley, 1717 K Street, N.W., Suite 600, Washington, D.C. 20036, before a person authorized by law to take depositions, for the taking of your deposition in this action pending in the United States District Court for the District of Columbia.

**YOU ARE ALSO COMMANDED** to produce at your deposition, the following documents:

> All records related to: 1080 Wisconsin Avenue, N.W., Unit 2006, Washington, DC 20007, including, without limitation, rental agreements, lease payments from tenants and payments to the court's registry from 2005 until the present.

**PURSUANT TO RULE 45(C), FEDERAL RULES OF CIVIL PROCEDURE:**

(1)    A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena

may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(     A) On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance, (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**PURSUANT TO RULE 45(D), FEDERAL RULES OF CIVIL PROCEDURE**:

(1) a person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated:  February 6, 2007

MONTGOMERY BLAIR SIBLEY
*Attorney for Defendants*
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:     (202) 478-0371


By: _____

Montgomery Blair Sibley
D.C. Bar #464488

---

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| Served | | |

| Served on (Print Name) | Manner of Service |
|---|---|

| Served by (Print Name) | Title |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           Date                         Signature of Server

                                            Address of Server

---

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JONATHAN C. DAILEY,

                                              CASE NO.:05-2012 (RMU)

              PLAINTIFF,

VS.                                           SUBPOENA DUCES TECUM

SUNGAH PARK AND AYAL FACTOR,

              DEFENDANTS.
_____/

To:   Antoine de Carbonnel, 1080 Wisconsin Avenue, N.W., Unit 2006, Washington, DC 20007

**YOU ARE COMMANDED** to appear on  on **Monday, March 5, 2007, at 11:00 a.m.** at Law Offices of Montgomery Blair Sibley, 1717 K Street, N.W., Suite 600, Washington, D.C. 20036, before a person authorized by law to take depositions, for the taking of your deposition in this action pending in the United States District Court for the District of Columbia.

**YOU ARE ALSO COMMANDED**  to produce at your deposition, the following documents:

> All records related to: 1080 Wisconsin Avenue, N.W., Unit 2006, Washington, DC 20007, including, without limitation, rental agreements, lease payments from tenants and payments to the court's registry from 2005 until the present.

**PURSUANT TO RULE 45(C), FEDERAL RULES OF CIVIL PROCEDURE:**

(1)     A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena

may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance, (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**PURSUANT TO RULE 45(D), FEDERAL RULES OF CIVIL PROCEDURE**:

(1) a person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated:  February 6, 2007

MONTGOMERY BLAIR SIBLEY
*Attorney for Defendants*
50 West Montgomery Avenue, Suite B-4
Rockville,  MD 20850-4216
Voice/Fax:    (202) 478-0371

By: _____
       Montgomery Blair Sibley
       D.C. Bar #464488

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|

Served

|  |  |
|---|---|
| Served on (Print Name) | Manner of Service |

|  |  |
|---|---|
| Served by (Print Name) | Title |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
       Date
                         Signature of Server

                         Address of Server